1  FOX & ROBERTSON, P.C.
   Timothy P. Fox, Cal. Bar No. 157750
2  910 - 16th Street
   Suite 610
3  Denver, Colorado 80202
   Tel:    (303) 595-9700
4  Fax:    (303) 595-9705

5  Attorneys for Plaintiffs

6

7

8
                **IN THE UNITED STATES DISTRICT COURT**
9               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 FRANCIE E. MOELLER,              )        Case No. C 02 5849 MJJ ADR
                                    )
11 EDWARD MUEGGE,                   )
                                    )
12 KATHERINE CORBETT,               )
                                    )
13 and                             )
                                    )
14 CRAIG THOMAS YATES               )        **FIRST AMENDED**
                                    )        **CLASS ACTION COMPLAINT**
15              Plaintiffs,         )        **DEMAND FOR JURY TRIAL**
                                    )
16 v.                              )
                                    )
17 TACO BELL CORP.,                 )
                                    )
18              Defendant.          )

19         Plaintiffs Francie Moeller, Edward Muegge, Katherine Corbett and Craig Thomas

20 Yates, by and through their attorneys Fox & Robertson, P.C., hereby submit their First

21 Amended Class Action Complaint for violations of Title III of the Americans with Disabilities

22 Act, 42 U.S.C. § 12181, et seq., ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code, § 51, et

23 seq. ("the Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq.

24 (the "CDPA").

25

26 Case No. C 02 5849 MJJ ADR
   First Amended Class Action Complaint

**INTRODUCTION**

1.      Over twelve years after Congress passed one of our nation's landmark civil rights law for people with disabilities, Defendant's restaurants in California still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of Defendant's goods and services.

2.      Defendant has been and is in violation of federal and state disability civil rights laws, in that it has failed to comply with federal and state nondiscrimination statutes.

3.      Defendant has discriminated and continues to discriminate against Plaintiffs in many ways, including but not limited to failing to ensure that its restaurants are accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California.  The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Money damages alone are inadequate, and Plaintiffs have been suffering and will continue to suffer irreparable injury.

5.      Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

**INTRADISTRICT ASSIGNMENT**

6.      This action arises in the county of Sonoma, Contra Costa and/or Marin and thus should be assigned to the San Francisco or Oakland Division.

**PARTIES**

7.      Plaintiff Francie E. Moeller is and has been at all times material hereto a resident of the State of California.

8.      Ms. Moeller has a degenerative disc, spondothesis, fibromyalgia, and functional thoracic outlet syndrome, which affect her muscles and tissue.  Ms. Moeller has physical

impairments that substantially limit several major life activities, including but not limited to walking. She has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities. Ms. Moeller uses a scooter for her primary means of mobility outside of her home and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

9.  Ms. Moeller has a physical disability and/or medical condition as those terms are defined in applicable California law, including Cal. Gov't Code § 12926.

10.  Plaintiff Katherine J. Corbett is and has been at all times material hereto a resident of the State of California.

11.  Ms. Corbett has post polio syndrome. Ms. Corbett has physical impairments that substantially limit several major life activities, including but not limited to walking. She has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities. Ms. Corbett uses a power wheelchair for her primary means of mobility outside of her home and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

12.  Ms. Corbett has a physical disability and/or medical condition as those terms are defined in applicable California law, including Cal. Gov't Code § 12926.

13.  Plaintiff Edward Muegge is and has been at all times material hereto a resident of the State of California.

14.  As a result of a spinal cord injury, Mr. Muegge has physical impairments that substantially limit several major life activities, including but not limited to walking. He has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities. Mr. Muegge uses a power scooter for his primary means of mobility and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

1    15.    Mr. Muegge has a physical disability and/or medical condition as those terms

2  are defined in applicable California law, including Cal. Gov't Code § 12926.

3    16.    Plaintiff Craig Thomas Yates is and has been at all times material hereto a

4  resident of the State of California.

5    17.    As a result of a spinal cord injury, Mr. Yates has physical impairments that

6  substantially limit several major life activities, including but not limited to walking.  He has a

7  record of physical impairments that substantially limit several major life activities and is

8  regarded as having physical impairments that substantially limit several major life activities.

9  Mr. Yates uses a power wheelchair for his primary means of mobility and has a disability

10  within the meaning of the ADA.  42 U.S.C. § 12102(2)(A).

11    18.    Mr. Yates has a physical disability and/or medical condition as those terms are

12  defined in applicable California law, including Cal. Gov't Code § 12926.

13    19.    Defendant Taco Bell Corp. ("TBC") is a corporation incorporated under the

14  laws of California, with its principal place of business at 17901 Von Karman, Irvine, CA

15  92614.  TBC owns, operates, leases and/or leases to Taco Bell restaurants in California,

16  including combination restaurants in which Taco Bell products and products of other

17  restaurants (for example, Kentucky Fried Chicken) are sold.

18                          **CLASS ACTION ALLEGATIONS**

19    20.    Plaintiffs Moeller, Muegge, Yates and Corbett seek to maintain this action as a

20  class action under Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure.

21  The class consists of all individuals with disabilities who use wheelchairs or electric scooters

22  for mobility who, during a time period to be determined by this Court, were denied, or are

23  currently being denied, on the basis of disability, full and equal enjoyment of the goods,

24  services, facilities, privileges, advantages, or accommodations of any Taco Bell restaurant in

25  California that was designed or constructed by, or is owned, operated, leased by, or leased to,

26  Case No. C 02 5849 MJJ ADR
First Amended Class Action Complaint          -4-

1  Defendant.

2       21.    The class identified in paragraph 20 is believed to consist of well over 1,000

3  members who are dispersed across the State of California.  Joinder of all of such class

4  members in this lawsuit is impracticable.

5       22.    There are numerous questions of law and fact common to the class, including

6  without limitation, the following:

7            a.    Whether Taco Bell restaurants in California are "public

8                  accommodations" under the ADA;

9            b.    Whether Taco Bell restaurants in California are "business

10                 establishments" under the Unruh Act;

11           c.    Whether Taco Bell restaurants in California are "places of public

12                 accommodation" or "places to which the general public is invited" under

13                 the CDPA;

14           d.    Whether Taco Bell restaurants in California deny the full and equal

15                 enjoyment of their goods, services, facilities, privileges, advantages, or

16                 accommodations to people who use wheelchairs in violation of the

17                 ADA;

18           e.    Whether Taco Bell restaurants in California deny full and equal

19                 accommodations, advantages, facilities, privileges, or services to people

20                 who use wheelchairs, in violation of the Unruh Act;

21           f.    Whether Taco Bell restaurants in California deny full and equal access

22                 to accommodations, advantages and facilities to people who use

23                 wheelchairs, in violation of the CDPA;

24           g.    What measures are legally required to bring Taco Bell restaurants in

25                 California into compliance with the ADA, the Unruh Act and the

26  Case No. C 02 5849 MJJ ADR
   First Amended Class Action Complaint          -5-

1          CDPA;

2          h.     Whether the design features at issue in this case -- which exist at many

3                 Taco Bell restaurants -- violate state or federal law.

4     23.     The claims of Plaintiffs Moeller, Muegge, Yates and Corbett are typical of the

5  claims of the members of the class.  They -- like all other members of the class -- use a

6  wheelchair or scooter for mobility and claim Defendant has violated the ADA, the Unruh Act

7  and the CDPA by failing to make its Taco Bell restaurants accessible to people who use

8  wheelchairs.

9     24.     Plaintiffs Moeller, Muegge, Yates and Corbett will fairly and adequately protect

10 the interests of the class because they have retained counsel with extensive experience in

11 litigation, including class action litigation.  In addition, Plaintiffs' counsel, Timothy Fox, was

12 class counsel in a Colorado class action under the ADA concerning Taco Bell restaurants.

13 Finally, Plaintiffs Moeller, Muegge, Yates and Corbett have no interests that conflict in any

14 way with those of the class.

15    25.     This action may be maintained as a class action pursuant to Rule 23(b)(2)

16 because the Defendant's violations of the ADA, the Unruh Act and the CDPA are applicable to

17 all members of the class.  Therefore, an injunction requiring compliance with the ADA, the

18 Unruh Act and the CDPA is appropriate and the primary relief sought is injunctive relief.

19    26.     This action may be maintained as a class action pursuant to Rule 23(b)(3)

20 because the many questions of law and fact which are common to class members clearly

21 predominate over individual questions affecting members of the class.  The common issues of

22 law and fact relate to issues central to the case, such as whether Taco Bell restaurants in

23 California are public accommodations and business establishments, whether removing or

24 widening the narrow queue lines, lowering counters and otherwise complying with the ADA in

25 stores built prior to the effective date of the ADA is readily achievable for the Defendant, and

26 Case No. C 02 5849 MJJ ADR
First Amended Class Action Complaint          -6-

1    whether Defendant has violated the Unruh Act and the CDPA.

2         27.    A class action is superior to other available methods for the fair and efficient

3    adjudication of this controversy because the damages suffered by individual class members are

4    relatively small and because the burden upon such individual litigants may make it difficult

5    and impractical for them to pursue their claims against Defendant.

6         28.    Judicial economy will be served by maintenance of this lawsuit as a class action

7    in that it is likely to avoid the burden which would be otherwise placed upon the judicial

8    system by the filing of numerous similar suits by disabled people in the region.  There are no

9    obstacles to effective and efficient management of this lawsuit as a class action by this Court.

10                              **STATEMENT OF FACTS**

11        29.    Within the twelve months prior to the filing of this Complaint, Ms. Moeller has

12   attempted to patronize the Taco Bell restaurant located at 1416 Farmers Lane in Santa Rosa,

13   California.

14        30.    On information and belief, this Taco Bell restaurant is owned and/or operated

15   by TBC.

16        31.    At the Farmers Lane Taco Bell restaurant, Ms. Moeller encountered barriers to

17   access, including without limitation a "queue line" (a series of fixed barriers designed to cause

18   patrons to form a single line) that was too narrow for her scooter to navigate, inaccessible soda

19   machines, and condiments that were inaccessible to her.

20        32.    Ms. Moeller has experienced discrimination at other Taco Bell restaurants in the

21   state of California.

22        33.    Within the twelve months prior to the filing of this Complaint, Ms. Corbett has

23   attempted to patronize the Taco Bell restaurant located on San Pablo Dam Road in Richmond,

24   California.

25        34.    On information and belief, this Taco Bell restaurant is owned and/or operated

26   Case No. C 02 5849 MJJ ADR
     First Amended Class Action Complaint          -7-

1  by TBC.

2        35.    At the Richmond Taco Bell restaurant, Ms. Corbett encountered barriers to

3  access, including without limitation a queue line that was too narrow for her wheelchair to

4  navigate and inaccessible parking.

5        36.    Ms. Corbett has experienced discrimination at other Taco Bell restaurants in the

6  state of California.

7        37.    Within the twelve months prior to the filing of this Complaint, Mr. Muegge has

8  attempted to patronize Taco Bell restaurants located at 1416 Farmers Lane and 2000 Santa

9  Rosa Avenue in Santa Rosa, California, as well as the Taco Bell restaurants located at 5000

10  Redwood Drive and 1700 East Cotati Avenue in Rohnert Park, California.

11        38.    On information and belief, these Taco Bell restaurants are owned and/or

12  operated by TBC.

13        39.    At each of these restaurants, Mr. Muegge encountered one or more of the

14  following accessibility barriers: inaccessible queue lines, inaccessible parking areas, and

15  inaccessible seating areas.

16        40.    Mr. Muegge has experienced discrimination at other Taco Bell restaurants in

17  the state of California.

18        41.    Within the twelve months prior to the filing of this Complaint, Mr. Yates has

19  attempted to patronize the Taco Bell restaurant located at 180 Rowland Way in Novato,

20  California.

21        42.    On information and belief, this Taco Bell restaurant is owned and/or operated

22  by TBC.

23        43.    At the Novato Taco Bell restaurant, Mr. Yates encountered barriers to access,

24  including without limitation a queue line that was too narrow for his wheelchair to navigate.

25        44.    Mr. Yates has experienced discrimination at other Taco Bell restaurants in the

26  Case No. C 02 5849 MJJ ADR
    First Amended Class Action Complaint          -8-

1    state of California.

2        45.    On information and belief, numerous other California Taco Bell restaurants that

3    were designed or constructed by, or that are owned, operated, or leased by, or leased to,

4    Defendant are in violation of the ADA, the Unruh Act and the CDPA.

5        46.    On information and belief, Taco Bell restaurants are built according to one of a

6    limited number of design prototypes.  As such, on information and belief, the discriminatory

7    design features encountered by Plaintiffs recur in Taco Bell restaurants throughout California.

8        47.    On information and belief, since January 26, 1992, some or all of the Taco Bell

9    restaurants in California have undergone alterations, as that term is used in the ADA, that

10   affected, or could have affected, the usability of part or all of those restaurants.

11       48.    On information and belief, since July 1, 1970, some or all of the Taco Bell

12   restaurants in California have undergone alterations, structural repairs and/or additions, as

13   those terms are used in California law, including without limitation Cal. Health & Safety Code

14   § 19959.

15       49.    All four Plaintiffs have patronized Taco Bell restaurants in California in the past

16   and intend to continue to patronize those restaurants in the future.

17                          **FIRST CLAIM FOR RELIEF**
                           **(Americans with Disabilities Act)**
18

19       50.    Plaintiffs reallege and incorporate by reference the remainder of the allegations

20   set forth in this Complaint as if fully set forth herein.

21       51.    Title III of the ADA provides that "No individual shall be discriminated against

22   on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

23   privileges, advantages, or accommodations of any place of public accommodation by any

24   person who owns, leases (or leases to), or operates a place of public accommodation."

25       52.    Defendant owns, operates, leases and/or leases to Taco Bell restaurants in

26   Case No. C 02 5849 MJJ ADR
     First Amended Class Action Complaint              -9-

1    California.

2        53.    Defendant's Taco Bell restaurants are places of public accommodation.  42

3    U.S.C. § 12181(7)(B).

4        54.    Defendants have discriminated against Plaintiffs and members of the proposed

5    class on the basis of disability.  Defendants' discriminatory conduct includes but is not limited

6    to:

7            a.    Discriminatory exclusion and/or denial of goods, services, facilities,

8                privileges, advantages,  accommodations, and/or opportunities;

9            b.    Provision goods, services, facilities, privileges, advantages, and/or

10                accommodations that are not equal to those afforded non-disabled

11                individuals;

12            c.    Failing to make reasonable modifications in policies, practices, and/or

13                procedures as necessary to afford the goods, services, facilities,

14                privileges, advantages, and/or accommodations of the Sundowner to

15                individuals with disabilities;

16            d.    Failing to design and/or construct restaurants built for first occupancy

17                after January 26, 1993 so that they are readily accessible to and usable

18                by individuals with disabilities;

19            e.    Failing to make alterations in such a manner that, to the maximum

20                extent feasible, the altered portions of the restaurants are readily

21                accessible to and usable by individuals with disabilities, including

22                individuals who use wheelchairs;

23            f.    Failing to make alterations in such a manner that, to the maximum

24                extent feasible, the path of travel to the altered area and the bathrooms,

25                telephones, and drinking fountains serving the altered area, are readily

26    Case No. C 02 5849 MJJ ADR
     First Amended Class Action Complaint            -10-

accessible to and usable by individuals with disabilities; and/or

g. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

55. As such, Defendants discriminate and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiffs and members of the proposed class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Taco Bell restaurants in California in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

56. Defendant's violations of the ADA have harmed and will continue to harm Plaintiffs and members of the proposed class in the future.

57. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188, Plaintiffs pray for judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Unruh Civil Rights Act)**

58. Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

59. Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act").

60. The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code, § 51, et seq.

61. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The

Case No. C 02 5849 MJJ ADR
First Amended Class Action Complaint         -11-

Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

62.     Defendant has violated the Unruh Act by, inter alia, denying Plaintiffs and members of the proposed class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant.  Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

63.     Defendant has violated the Unruh Act by, inter alia, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its restaurants.

64.     Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

65.     In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

### THIRD CLAIM FOR RELIEF
### (California Disabled Persons Act)

66.     Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

67.     Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code, § 54, et seq.

68.     The conduct alleged herein violates the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq.  and relevant provisions of California building code regulations.

69.     The CDPA guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

Case No. C 02 5849 MJJ ADR
First Amended Class Action Complaint                    -12-

70.    Defendant has violated the CDPA by, inter alia, denying Plaintiffs and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, facilities offered by Defendant.

71.    Defendant has violated the CDPA by, inter alia, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its restaurants.

72.    Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

73.    In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

**RELIEF**

WHEREFORE, Plaintiffs respectfully request:

1.    That this Court assume jurisdiction.

2.    That this Court certify the class identified in paragraph 20;

3.    That this Court certify Plaintiffs Moeller, Corbett, Muegge and Yates as representatives of this class.

4.    That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq.

5.    That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein.

6.    That this Court award actual, compensatory, and/or statutory damages to Plaintiffs and members of the proposed class for violations of their civil rights under state and federal law.

Case No. C 02 5849 MJJ ADR
First Amended Class Action Complaint                    -13-

7.      That this Court award Plaintiffs' reasonable attorneys' fees and costs pursuant to federal and California law.

8.      That this Court award such additional or alternative relief as may be just, proper and equitable.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a jury on all issues which can be heard by a jury.

Respectfully submitted,

FOX & ROBERTSON, P.C.

By:     /s/ Timothy P. Fox
        Timothy P. Fox
        910 - 16th Street
        Suite 610
        Denver, CO  80202
        303.595.9700

Dated: August 4, 2003                    Attorneys for Plaintiffs

Case No. C 02 5849 MJJ ADR
First Amended Class Action Complaint          -14-