FOX & ROBERTSON, P.C.
Timothy P. Fox, Cal. Bar No. 157750
Amy F. Robertson, Pro Hac Vice
910 - 16th Street, Suite 610
Denver, Colorado 80202
Tel: (303) 595-9700
Fax: (303) 595-9705
Email: tfox@foxrob.com

LAWSON LAW OFFICES
Antonio M. Lawson, Cal. Bar No. 140823
835 Mandana Blvd.
Oakland, CA 94610
Tel: (510) 419-0940
Fax: (510) 419-0948
Email: tony@lawsonlawoffices.com

Attorneys for Plaintiffs

GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
RICHARD H. HIKIDA (SBN 196149)
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (714) 708-6500
Facsimile: (714) 708-6501
Email: hurleyg@gtlaw.com
Email: hikidar@gtlaw.com

Attorneys for Defendant Taco Bell Corp.

Mari Mayeda, Cal. Bar No. 110947
P.O. Box 5138
Berkeley, CA 94705
Tel: (510) 917-1622
Fax: (510) 841-8115
Email: marimayeda@earthlink.net


THE IMPACT FUND
Brad Seligman, Cal. Bar No. 83838
Jocelyn Larkin, Cal. Bar No. 110817
125 University Ave.
Berkeley, CA 94710
Tel: (510) 845-3473
Fax: (510) 845-3654
Email: bseligman@impactfund.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCIE E. MOELLER, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>TACO BELL CORP.<br><br>   Defendant. | CASE NO. C 02 5849 MJJ ADR<br><br>**JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER**<br><br>DATE:   February 14, 2006<br>TIME:   2:00 p.m.<br>CTRM:   11<br>JUDGE:  Hon. Martin J. Jenkins |

oc-fs1\44328v02\09451.011500

JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER
Case No. C 02 5849 MJJ ADR

1       This stipulation is entered into by and among the parties hereto, Plaintiffs Francie Moeller,

2 Edward Muegge, Katherine Corbett, and Craig Yates on behalf of a class of similarly situated

3 individuals (collectively, "Plaintiffs") and Defendant Taco Bell Corp. ("Taco Bell"), through their

4 respectively undersigned attorneys, with reference to the following facts:

5       WHEREAS, the parties, having conferred following the case management conference conducted

6 on February 14, 2006 as requested by the Court,

7       IT IS THEREFORE STIPULATED AND AGREED, by and among the undersigned parties,

8 through their counsel of record, that the Court modify the pre-trial schedule to reflect the following new

9 cut-off dates:

| Task | Deadline |
|---|---|
| Taco Bell Corp. shall provide a letter to plaintiffs responding to plaintiffs' proposal for an agreement concerning tolerances submitted to Taco Bell Corp. | February 24, 2006 |
| Taco Bell Corp. shall provide a letter to plaintiffs providing a general description of the types of measurements or methodology Taco Bell Corp. is questioning with respect to the Special Master's Interim Survey Reports. | February 24, 2006 |
| Plaintiffs shall provide meet and confer charts that shall clearly articulate or specify via a separate column or otherwise the injunctive relief that plaintiffs seek at each of Taco Bell's company-owned facilities constructed prior to January 26, 1993 and, without waiving other arguments that may support such relief, the barriers that Plaintiffs assert would be "readily achievable" to remove. Plaintiffs shall not satisfy their duty merely by reciting applicable rules, regulations, standards or other applicable authority, but rather by providing a description of the work desired. To the extent possible, plaintiffs shall incorporate into such charts any and all agreements reached as to tolerances and other | March 15, 2006 |

1

JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER
Case No. C 02 5849 MJJ ADR

| | |
|---|---|
| agreements reached between the parties involving former defense counsel, the Skadden Arps firm.  Taco Bell will entertain a reasonable request for an extension of time, if necessary. | |
| Taco Bell Corp. shall provide responses to plaintiffs' meet and confer charts regarding facilities constructed prior to January 26, 1993.  Taco Bell's responses shall clearly articulate, for each item:  whether or not it agrees that the item is out of compliance; for any item it contends to be in compliance, all grounds for such contention, including all defenses it alleges apply to the item; and whether or not it intends to remedy the item. Defendant shall not satisfy its duty merely by stating whether or not it will remedy the item.  Plaintiffs will entertain a reasonable request for extension of time, if necessary. | 45 days after receipt of plaintiffs' last or final chart regarding facilities constructed prior to January 26, 1993 |
| Taco Bell Corp. shall provide a comprehensive list of errors within the Special Master's Interim Survey Reports regarding facilities constructed prior to January 26, 1993, and for each alleged error, shall explain all grounds for its assertion. | 45 days after receipt of plaintiffs' last or final chart regarding facilities constructed prior to January 26, 1993 |
| Plaintiffs shall provide meet and confer charts for Taco Bell restaurants built after January 26, 1993, such charts to include injunctive relief requested by Plaintiffs. | April 15, 2006 |
| Case Management Conference re: Meet and Confer | May 18, 2006 at 2:00 p.m. |
| Taco Bell Corp. shall provide responses to plaintiffs' meet and confer charts for Taco Bell restaurants built after January 26, 1993.  Taco Bell's responses shall clearly articulate, for each item:  whether or not it agrees that the item is out of compliance; for any item it contends to be in compliance, all grounds for such contention, including all defenses it | 45 days after receipt of plaintiffs' last or final chart regarding Taco Bell restaurants built after January 26, 1993 |

2

JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER
Case No. C 02 5849 MJJ ADR

| | |
|---|---|
| alleges apply to the item; and whether or not it intends to remedy the item. Defendant shall not satisfy its duty merely by stating whether or not it will remedy the item. | or June 10, 2006, whichever date is later |
| Taco Bell Corp. shall provide a comprehensive list of errors within the Special Master's Interim Survey Reports for Taco Bell restaurants built after January 26, 1993, and for each alleged error, shall explain all grounds for its assertion. | 45 days after receipt of plaintiffs' last or final chart regarding Taco Bell restaurants built after January 26, 1993 or June 10, 2006, whichever date is later |
| Deadline to file motion for leave to join third parties | August 10, 2006 |
| Fact discovery cutoff | September 15, 2006 |
| Expert disclosures | October 15, 2006 |
| Rebuttal expert disclosures | November 15, 2006 |
| Expert discovery cutoff | January 15, 2007 |
| Dispositive motion deadline | March 28, 2007 |

RESPECTFULLY SUBMITTED,

FOX & ROBERTSON, P.C.

DATED:  February 17, 2006        BY:_____/s/ Timothy P. Fox_____
                                            Timothy P. Fox

Counsel for Plaintiffs Francie Moeller, Edward
Muegge, Katherine Corbett and Craig Thomas Yates

GREENBERG TRAURIG, LLP

DATED:  February 17, 2006        BY:_____/S/_____
                                            Gregory F. Hurley

Counsel for Defendant Taco Bell Corp.

3

JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER
Case No. C 02 5849 MJJ ADR

**ORDER**

Pursuant to the parties' stipulation, IT IS ORDERED that:

| Task | Deadline |
|---|---|
| Taco Bell Corp. shall provide a letter to plaintiffs responding to plaintiffs' proposal for an agreement concerning tolerances submitted to Taco Bell Corp. | February 24, 2006 |
| Taco Bell Corp. shall provide a letter to plaintiffs providing a general description of the types of measurements or methodology Taco Bell Corp. is questioning with respect to the Special Master's Interim Survey Reports. | February 24, 2006 |
| Plaintiffs shall provide meet and confer charts that shall clearly articulate or specify via a separate column or otherwise the injunctive relief that plaintiffs seek at each of Taco Bell's company-owned facilities constructed prior to January 26, 1993 and, without waiving other arguments that may support such relief, the barriers that Plaintiffs assert would be "readily achievable" to remove.  Plaintiffs shall not satisfy their duty merely by reciting applicable rules, regulations, standards or other applicable authority, but rather by providing a description of the work desired.  To the extent possible, plaintiffs shall incorporate into such charts any and all agreements reached as to tolerances and other agreements reached between the parties involving former defense counsel, the Skadden Arps firm.  Taco Bell will entertain a reasonable request for an extension of time, if necessary. | March 15, 2006 |
| Taco Bell Corp. shall provide responses to plaintiffs' meet and confer charts regarding facilities constructed prior to January 26, 1993.  Taco Bell's responses shall clearly articulate, for each item:  whether or not it | 45 days after receipt of plaintiffs' last or final chart regarding facilities |

4

| | |
|---|---|
| agrees that the item is out of compliance; for any item it contends to be in compliance, all grounds for such contention, including all defenses it alleges apply to the item; and whether or not it intends to remedy the item. Defendant shall not satisfy its duty merely by stating whether or not it will remedy the item.  Plaintiffs will entertain a reasonable request for extension of time, if necessary. | constructed prior to January 26, 1993 |
| Taco Bell Corp. shall provide a comprehensive list of errors within the Special Master's Interim Survey Reports regarding facilities constructed prior to January 26, 1993 and for each alleged error, shall explain all grounds for its assertion. | 45 days after receipt of plaintiffs' last or final chart regarding facilities constructed prior to January 26, 1993 |
| Plaintiffs shall provide meet and confer charts for Taco Bell restaurants built after January 26, 1993, such charts to include injunctive relief requested by Plaintiffs. | April 15, 2006 |
| Case Management Conference re: Meet and Confer | May 18, 2006 at 2:00 p.m. |
| Taco Bell Corp. shall provide responses to plaintiffs' meet and confer charts for Taco Bell restaurants built after January 26, 1993.  Taco Bell's responses shall clearly articulate, for each item:  whether or not it agrees that the item is out of compliance; for any item it contends to be in compliance, all grounds for such contention, including all defenses it alleges apply to the item; and whether or not it intends to remedy the item. Defendant shall not satisfy its duty merely by stating whether or not it will remedy the item. | 45 days after receipt of plaintiffs' last or final chart regarding Taco Bell restaurants built after January 26, 1993 or June 10, 2006, whichever date is later |
| Taco Bell Corp. shall provide a comprehensive list of errors within the Special Master's Interim Survey Reports for Taco Bell restaurants built after January 26, 1993, and for each alleged error, shall explain all | 45 days after receipt of plaintiffs' last or final chart regarding Taco Bell |

5

JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER
Case No. C 02 5849 MJJ ADR

| | |
|---|---|
| grounds for its assertion. | restaurants built after January 26, 1993 or June 10, 2006, whichever date is later |
| Deadline to file motion for leave to join third parties | August 10, 2006 |
| Fact discovery cutoff | September 15, 2006 |
| Expert disclosures | October 15, 2006 |
| Rebuttal expert disclosures | November 15, 2006 |
| Expert discovery cutoff | January 15, 2007 |
| Dispositive motion deadline | March 28, 2007 |

Dated:  2/23/2006                            _____

Honorable Martin J. Jenkins
United States District Court

6

JOINT STIPULATION RE: MODIFICATION OF CUT-OFF DATES AND [PROPOSED] ORDER
Case No. C 02 5849 MJJ ADR