United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOELLER ET AL, | No. C02-05849 MJJ |
| Plaintiff, | **ORDER** |
| v. | |
| TACO BELL CORP., | |
| Defendant. | |

The Court has read and considered the parties respective positions, as set forth in their joint and updated case management statements, regarding Plaintiffs' objection to providing supplemental responses to Interrogatory #1, and Plaintiffs' objection to Interrogatory #17 and 18. The Court has also reviewed *Urhausen v. Longs Drug Stores Ca*l., 155 Cal. App. 4th 254, 262-266 (Cal Ct. of App. 2007). Having considered the arguments of the parties, the Court now enters the following ruling:

Interrogatory #1: The Court **OVERRULES** Plaintiffs' objection an finds discovery of information regarding circumstances tending to establish a denial of equal access (compliance) is relevant to the question of liability. As such, Plaintiffs shall supplement their response to Interrogatory No.1 as soon as possible - but no later than March 10, 2008

Interrogatory #17 and 18: The Court **GRANTS**, without prejudice, Plaintiffs' objection to these interrogatories. The issue of question of standing and/or damages is not relevant at this juncture of the proceeding. The court has determined that the case will be litigated in phases and informed the parties that the question of liability will be the focus of phase one of the litigation. Accordingly, discovery at this juncture of the proceeding has been tailored to focus on the question of liability. After a determination of the question(s) of liability, with respect to the Bellweather Restaurants, the Court will take up the question of standing and damages and the information sought in

Interrogatories #17 and 18 will be relevant. Defendant's reliance upon *Urhausen* does not support Defendant's **current requests** for the discovery reflected in Interrogatories 17 and 18. In *Urhausen*, the California appellate court held that a showing of a denial of equal access is a prerequisite to recovery of **damages**. Therefore, subsequent to a determination of liability, when the Court takes up the question of damages, Defendant, relying on *Urhausen*, will have the opportunity to propound and receive answers to Interrogatory #17 and 18.

**IT IS SO ORDERED.**

Dated: 1/11/2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE