1
2
3
4            UNITED STATES DISTRICT COURT
5            NORTHERN DISTRICT OF CALIFORNIA
6
7
8
FRANCIE E. MOELLER, et al.,
9
            Plaintiffs,                    No. C 02-5849 PJH
10
            v.                             **CASE MANAGEMENT AND**
11                                         **SCHEDULING ORDER**
TACO BELL CORPORATION,
12
            Defendant.
13  _____/
14
15          The scheduling disputes raised in the parties' competing proposals are resolved as

16  follows:

17  **1.    Defendant's motion pertaining to the statute of limitations:**

18          Sep 3, 2008        motion
            Sep 24, 2008       opposition
            Oct 8, 2008        reply
19          Oct 29, 2008       hearing (9:00 a.m. not 11:00 a.m.)

20  **2.    Defendant's remediation efforts**

21          Defendant has taken the position that its remediation of certain access problems has

22  mooted or will moot plaintiffs' claims for injunctive relief insofar as those claims are based

23  on barrier removal.  Plaintiffs request that an April 1, 2009 deadline for completion of the

24  remediation be imposed.  Although not altogether clear from the proposals, it appears that

25  plaintiffs plan to have their expert inspection of all 200 restaurants take place between April

26  1, 2009 and the proposed May 1, 2009 deadline for expert reports.

27          First, the court declines at this time to order that defendant complete its remediation

28  efforts by any particular date.  As far as the court can discern, defendant's remediation

**United States District Court**
For the Northern District of California

1  efforts are entirely voluntary as there has been no determination of liability on all of the

2  access issues; and on the issues for which Judge Jenkins granted partial summary

3  judgment on liability, no injunction has yet issued.  Thus until ordered by this court to act,

4  defendant is free to determine its own schedule without interference by plaintiffs.

5  Defendant is advised, however, that any claim it makes that injunctive relief is moot

6  because of its remediation must be based upon remediation that has actually been

7  completed.  The court does not expect to entertain a motion in this regard until the work is

8  done.

9       Second, with respect to the timing of the inspections, the court is at a loss to

10  understand why all of the inspections must take place after all of the remediation has been

11  completed, within a relatively short time frame before exchange of expert reports.  If

12  defendants have already completed remediation of as many as 150 restaurants, there is no

13  reason why plaintiffs' expert cannot begin the inspections immediately.  If, as plaintiffs

14  suspect, all access problems have not in fact been corrected, there will be plenty of time

15  given the proposed case schedule for the parties to meet and confer and for the defendant

16  to take further corrective action.  After all, the goal of this litigation is the removal of the

17  barriers that prevent full access to these facilities.  Accordingly, the inspections shall

18  commence immediately.

19  **3.    ADA claims (phase one):**

20       In order to give both parties sufficient time to prepare and present their positions on

21  the ADA claims, the court will adopt plaintiffs' proposed schedule, modified to take into

22  account the court's anticipated availability:

23  | May1, 2009 | exchange of expert reports on ADA liability |
24  | Jun 1, 2009 | exchange of rebuttal reports |
    | Jul 1, 2009 | expert discovery cutoff on ADA liability |
25  | Jul, 29,2009 | dispositive motion filing deadline on ADA liability |
    | Aug 19, 2009 | opposition |
26  | Sep 2, 2009 | reply |
    | Sep 23, 2009 | hearing |

27  **4.    Mediation:**

28       Within 30 days of court's ruling on dispositive motions, the parties shall meet and

**United States District Court**
For the Northern District of California

1  confer and submit a joint request for either mediation (specifying whether the court's

2  program or private provider is preferred) or a settlement conference with a magistrate

3  judge.

4  **5.    State law claims (phase two):**

5         The court has already determined that the state law claims will be bifurcated from

6  the ADA claims.  It is not a surprise that the parties were unable or unwilling to agree on

7  whether discovery on the state law claims should commence simultaneously with the

8  discovery on the ADA claims, or after its completion.  The court's view is that much of the

9  state law discovery will be unique to those claims, but that some of it will be duplicative of

10 the ADA discovery and/or intertwined with it.  The court has no confidence in the parties'

11 ability to agree on what is duplicative and intertwined and what is not.  And the court is not

12 interested in having either its or the magistrate judge's calendar burdened with discovery

13 motions concerning the scope of permissible discovery.  Accordingly, a compromise is not

14 likely to work and the court therefore elects defendant's approach with some modification.

15        Discovery on the state claims shall commence immediately after the hearing on the

16 ADA claims.  While defendant would prefer that discovery not begin until after the court's

17 decision on ADA liability, that position appears to be based on defendant's repeatedly

18 stated intention to move the court to decline to exercise jurisdiction over the state claims

19 once it has established that the ADA claims are moot by virtue of its remediation of the

20 access barriers.  As it is not a given that defendant will be able to persuade the court either

21 that ADA injunctive relief is moot or that the court should decline to exercise jurisdiction

22 over the state claims, the court sees no reason that phase two discovery should not go

23 forward while the parties are awaiting the court's ruling on the ADA claims, as that

24 discovery will be necessary regardless of which forum ultimately adjudicates the state

25 claims.

26        Within 30 days of the court's ruling on the ADA dispositive motions, the parties shall

27 meet and confer and submit a stipulation regarding the discovery deadlines and briefing

28 schedule for dispositive motions on the state law liability issues.

1  **6.**     **Damages (phase three):**

2       Damages discovery and motion practice will be proceed after dispositive motions on

3  state law liability.  Thus, a schedule for adjudicating damages for liability, under either

4  federal or state law as determined, will be discussed at a further case management

5  conference at a later date.

6  **7.**     **Trial (phase four):**

7       How or whether this case will be tried will depend on a number of currently unknown

8  variables to be discussed at a further case management trial.

9

10  **IT IS SO ORDERED.**

11  Dated: June 27, 2008

12  _____
    PHYLLIS J. HAMILTON
13  United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4