United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francie E. Moeller, | No. C 02-5849 PJH (JL) |
| Plaintiff, | ORDER RE Docket # 452 |
| v. | |
| Taco Bell Corporation, et al., | |
| Defendants. | |
| _____/ | |

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §636(b). This Court received the parties' Joint Statement of Issues Re: Plaintiffs' Motion to Overrule Objections to Unannounced Surveys and Request for Expedited Consideration, e-filed at Docket # 452. The Court finds the matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

This is a suit for damages and injunctive relief brought under Title III of the American With Disabilities Act, 42 U.S.C. §12181 et seq., and state law. The district court has bifurcated the case, proceeding first to decide the issue of whether Defendants are liable for violations of the ADA, and thereafter deciding Plaintiffs' other claims. The cut-off for expert discovery on the ADA claims was August 14, 2009.

On July 31, 2009, Plaintiffs served on Defendant Taco Bell Corp. a Notice of Entry on Land pursuant to Rule 34(a)(2), Federal Rules of Civil Procedure. The Notice stated that Plaintiffs intended to enter the public areas of the restaurants at issue in this litigation "for

the purposes of inspection, measurement, and photography" at times and locations unknown to Taco Bell in Advance, that these unannounced visits would "take place during business hours and . . . be limited to areas open to the general public," and that "Plaintiffs [w]ould do their utmost to ensure that these visits do not disrupt Taco Bell's business." Plaintiffs argue that they need to have their experts conduct these visits unannounced because their surveys already conducted between September 2008 and April 2009 revealed "over 2,400 ongoing and new barriers." Plaintiffs wish to continue to accumulate evidence to refute Defendants' defense against Plaintiffs' ADA causes of action on the basis of mootness, that the alleged barriers have been remedied. Plaintiffs argue that in 2007, Judge Jenkins, to whom this case was then assigned, rejected Defendants' mootness argument on the grounds that many of the elements in the restaurants "change frequently due to regular maintenance, remodels, repairs, and normal wear and tear." *Moeller v. Taco Bell Corp.*, 2007 WL 2301778 at *8 (N.D.Cal. Aug. 8, 2007). Plaintiffs assert that this is the law of the case, but that Defendants persist in raising their mootness defense and intend to assert it in their October 20, 2009 dispositive motion.

Plaintiffs served a previous Rule 34 notice, which they contend they did as a courtesy and to insure that Taco Bell employees would not object to or delay the inspections. That Notice provided that inspections would be completed before May 1, 2009. However, on May 29, 2009 Defendants requested and received a 90-day extension of the dispositive motion deadline in order to make additional alterations. Accordingly, Plaintiffs argue that the original agreement would not permit Plaintiffs to obtain needed relevant evidence, and is therefore void.

Plaintiffs cite a number of cases for the proposition that they are not required to notify Defendants of a Rule 34 site inspection or obtain their authorization. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 n.2 (9th Cir. 2008), especially when the property at issue is open to the public. *Grabau v. Target Corp.*, 2008 WL 616068, at *3 (D.Colo. Feb. 29, 2008).

Taco Bell objected to Plaintiffs' proposed site inspections on a number of grounds, disputing that their objection to the notice was late, arguing that Plaintiffs' notice was e-filed on July 31, 2009 and Defendants' objection was timely served on September 3. Even though the proof of service lists lead counsel Fox's former address, defense counsel's assistant mailed the objection to his current address. There is no dispute that Plaintiffs' co-counsel received the objection at their respective current address.

Defendants also object that Plaintiffs missed the deadline to file a motion to compel based on their previous Rule 34 notice, served over a year ago, on July 31, 2008. Defendants argue that Plaintiffs therefore waived their right to move now to compel site inspections.

Finally, and this is the argument this Court finds most persuasive, the district court set the deadline for expert discovery, such as the site inspections which Plaintiffs seek for their experts in this Joint Statement, at August 14, 2009. This is the date by which all such discovery was to be completed. Furthermore, a motion to compel any discovery due by this deadline must have been filed on or before August 25, 2009, pursuant to Civil Local Rule 26-2. Plaintiffs do not say when they would have conducted their site inspections; perhaps they could all have been completed between July 31, when Plaintiffs issued their most recent Rule 34 Notice, and August 14, the cut-off for expert discovery. However, it is uncontroverted that Plaintiffs only filed their Joint Statement on September 15, well past the deadline for filing a motion to compel this discovery.

Accordingly, Plaintiffs' motion to compel Defendants to comply with Plaintiffs' Rule 34 Notice for unannounced site inspections of Taco Bell stores is denied.

IT IS SO ORDERED.

DATED: September 22, 2009

_____
JAMES LARSON
U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\02-5849\Order - 452.wpd