United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francie E. Moeller, | No. C 02-5849 PJH  (JL) |
| Plaintiff, | **ORDER** |
| v. | |
| Taco Bell Corporation, et al., | |
| Defendants. _____/ | |

This Court received the parties' Joint Submission of Document Production Plan, e-filed on October 26 at Docket # 465. This is in response to this Court's order of October 6 that a document production plan be filed within ten days. The ultimate import of this 7-page submission is that Taco Bell's counsel interpret this Court's order of October 6, granting Plaintiffs' motion to compel production of documents, as not including attorney opinion work product. Taco Bell's counsel then proceeds to argue they need additional time to respond, to review responsive documents and prepare a privilege log. Meanwhile, the parties are in the midst of voluminous briefing for Taco Bell's motion for partial summary judgment, set for hearing before the district court (Hon. Phyllis J. Hamilton) on December 16. The gist of Taco Bell's motion is that Plaintiffs' complaint is moot, inter alia because Taco Bell has remedied the features of its restaurants which violate the Americans with Disabilities Act. The discovery at issue concerns testimony by expert witnesses regarding Taco Bell's restaurants' compliance with ADA standards, and is therefore highly relevant to that motion and Plaintiffs' opposition.

Taco Bell's counsel's interpretation of this Court's order is wrong. This Court plainly stated:

> "By having witnesses testify in their declarations in support of its opposition to Plaintiffs' motion for summary judgment, *Defendant has waived attorney-client privilege and the work product doctrine for documents related to the testimony submitted.* Defendant shall produce documents responsive to Plaintiffs' discovery requests which relate to the subject matter of the witnesses' testimony -- door opening force, queue lines, and accessible seating. The parties shall meet and confer to develop a plan for Defendant's compliance with this order. Within ten days of issuance of this order, the parties shall submit their plan to the Court."

(Order at 1:25-2:4) (Emphasis added).

Taco Bell purports to quote the Court at the hearing September 30 on Plaintiff's motion, citing the reporter's transcript at 6:18-19, as follows: "If the court orders discovery of those materials [i.e. factual or non-opinion work product], it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation."

Taco Bell misrepresents both what the Court said and what it meant.

What the Court actually said was: "I don't think so. I don't think the disclosure is going to be that broad." (Tr. at 6:18-19)

To put the Court's dicta in context, it was in response to this discourse from Taco Bell's counsel Hikida:

THE COURT: You still haven't answered my question.

    What's the unfairness again?

MR. HIKIDA: On Taco Bell's part, these involve

    attorney/client communications and attorney work product. Your

    Honor, my mental impressions are in these communications. I

    would never have spoken to any of these project managers or

    surely not recited anything in writing or sent a single e-mail

    to any of these project managers if I knew that there was no

    attorney work product protection or any attorney client

    privilege. Your Honor, that's -- this is extremely unfair to

    defendant Taco Bell, because all of my mental impressions are

        going to be disclosed through these communications at issue.

THE COURT: I don't think so. I don't think the

        disclosure is going to be that broad.

(Tr. at 6:7-19)

So, at the hearing, in response to counsel's concern that all his mental impressions and opinions were going to be revealed, the Court reassured him that the waiver would not be that broad. And indeed it was not, being limited to "documents responsive to Plaintiffs' discovery requests which relate to the subject matter of the witnesses' testimony -- door opening force, queue lines, and accessible seating." (Order, *id.*)

Counsel may well regret his communications with these witnesses. However, his communications were not the cause of the waiver; it was his decision to use the witnesses' sworn declarations in support of Taco Bell's opposition to Plaintiffs' motion for summary judgment. This Court's statement at the hearing does not support Taco Bell's argument, nor does the Court's written order.

This Court in its order made no exception for opinion work product. Consequently, Taco Bell's counsel need not expend the time and effort to prepare a privilege log, since this is not necessary, and therefore any further delay based on the need to prepare a privilege log is unjustified. Further delay is also prejudicial to Plaintiffs, in light of the ongoing briefing on Taco Bell's motion for partial summary judgment. Taco Bell shall produce all documents responsive to Plaintiffs' document requests, which Plaintiffs have voluntarily narrowed, within one week of the issuance of this order.

IT IS SO ORDERED.

DATED: October 27, 2009

_____
JAMES LARSON
U.S. Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\02-5849\order re 465.wpd