UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE MOELLER, et al.,

    Plaintiffs,

v.

TACO BELL CORP.,

    Defendant.

_____/

No. C 02-5849 PJH

**ORDER**

Following Taco Bell's late submission of the chambers copies of its motion for partial summary judgment and the court's receipt of those chambers copies, the court issued a notice and order advising Taco Bell that the font size used in Exhibit 2 to the Declaration of Richard Hikida, and the font size used in parts 2 of 5, 3 of 5, 4 of 5, and 5 of 5 of Exhibit 18 to the Declaration of Steve Elmer, were too small.

Today the court received a new submission of chambers copies. The court received what purports to be Exhibit 2 to the Hikida Declaration, labeled as Vols. 1 of 5, 2 of 5, 3 of 5, 4 of 5, and 5 of 5 (whereas the prior submission included only a single Exhibit 2, not divided into parts); and Exhibit 18 to the Elmer Declaration (which appears similar to the prior part 1 of 1, but includes no parts 2, 3, 4, or 5 of 5 of said declaration). Since the font is now in a size that approaches readable, the court is able to tell (for the first time) that the documents contained in these exhibits relate to various Taco Bell stores. However, the various stores are not marked with tabs, and there is no index.

1    It appears that the exhibits may previously have been mislabeled, or possibly that
2 the recent submissions are mislabeled.  Alternatively, the recent chambers copies may
3 actually differ from the prior chambers copies.  However, the court does not have the time
4 or the inclination to attempt to match up what was previously submitted and what was
5 submitted most recently, in order to determine which it is that Taco Bell intends to submit in
6 support of its motion.  (It should be unnecessary for the court to advise counsel that the
7 chambers copies should accurately reflect the contents of the filed documents.)

8    Nor does the court have the time or the inclination to go through the more than 17
9 inches of paper contained in these voluminous exhibits, and insert labels or markers to
10 indicate the various stores.  The separation of individual store information with blue sheets
11 of paper is not an adequate substitute for tabs showing where the information relating to
12 each store is found.  The chambers copies of the other exhibits to the Hikida and Elmer
13 declarations – that is the exhibits other than Hikida Exhibit 2 and Elmer Exhibit 18 – are
14 marked by tabs to show the various stores.  It is unclear why counsel for Taco Bell believes
15 that the recently submitted exhibits are less deserving.

16    No later than Monday, November 9, 2009, Taco Bell shall submit a statement in
17 writing clarifying exactly what it is that it has submitted in support of its motion.  In addition,
18 Taco Bell shall either provide the court with copies of the exhibits that include tabs, or shall
19 make arrangements for someone to come to the court to insert the tabs and an explanatory
20 index.

22 **IT IS SO ORDERED.**
23 Dated:  November 5, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

2