GREENBERG TRAURIG, LLP
GREGORY F. HURLEY(SBN 126791)
RICHARD H. HIKIDA (SBN 196149)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: hikidar@gtlaw.com

Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANCIE MOELLER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> TACO BELL CORP. <br><br> Defendant. | CASE NO. C 02-5849 PJH JL <br><br> **DEFENDANT TACO BELL CORP.'S STATEMENT IN WRITING CLARIFYING EXHIBITS SUBMITTED IN SUPPORT OF TACO BELL CORP.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> DATE: N/A <br> TIME: N/A <br> CTRM: 3 <br> JUDGE: Hon. Phyllis J. Hamilton |

On November 5, 2009, this Court issued an order requiring that Taco Bell Corp. ("Taco Bell") submit a statement in writing clarifying exactly what it submitted in support of its Motion for Partial Summary Judgment, which was filed on October 20, 2009 [docket #458]. [Docket #477] This is that statement.

I.

<u>Index of Exhibits</u>

Attached hereto as Exhibit 1 is an Index of all exhibits attached to the declaration of Richard H. Hikida filed on October 20, 2009 in support of Taco Bell's motion for partial summary judgment.

1

Case No. 02-5849 PJH JL  TBC's Written Statement
OC 286,492,489v3

Attached hereto as Exhibit 2 is an Index of all exhibits attached to the declaration of Steve Elmer filed on October 20, 2009 in support of Taco Bell's motion for partial summary judgment. There were no exhibits attached to the declaration of Robert G. Reeves.

## II.

### Exhibit 18 to the Steve Elmer Declaration

Contrary to the Court's assumption stated in the Court's Notice of November 2, 2009 [docket #476], Taco Bell's counsel did not submit Exhibit 18 to the Steve Elmer declaration divided into five parts for either Taco Bell's manual filing or the chambers copy. Rather, Taco Bell's counsel submitted Exhibit 18 as one undivided exhibit. It appears that the Clerk of the Court apparently divided Exhibit 18 into five parts (See Notice of Electronic Filing for Document Numbers 464, 466, 467, 468, 469), and scanned the latter four parts into the Court's internal computer network in a font size that is smaller than what was submitted manually by Taco Bell's counsel (i.e., 12 point, Times New Roman), which complies with the Court's Local Rule 3-4(c)(2). Such scanned Exhibit 18 is not available for review to the public via PACER.

Concurrently with the filing of this Statement, Taco Bell has submitted another chambers copy of Exhibit 18 to the declaration of Steve Elmer, which is undivided and in a 12 point font.

## III.

### Exhibit 2 to the Richard Hikida Declaration

As for Exhibit 2 to the declaration of Richard Hikida, which consists of approximately 220 Meet and Confer charts sent by plaintiffs' counsel to Taco Bell's defense counsel in 2006, which identified alleged accessibility barriers at each Taco Bell store then at issue and plaintiffs' proposed solutions, the recent chambers copy is identical to the original chambers copy except that the recent chambers copy expanded the font size of the printed contents of the exhibit at the telephonic request of the Court's law clerk to improve the legibility of such exhibit. In particular, Taco Bell has converted exhibit 2 from letter size (8-1/2 inches by 11 inches) to legal size (8-1/2 inches by 14 inches). Taco Bell's counsel did not modify the contents of Exhibit 2 in any other way. Concurrently with the filing of this Statement, Taco Bell has submitted another chambers copy of Exhibit 2 to the declaration of Richard Hikida with bottom tabs identifying the specific Taco Bell stores addressed in Meet and Confer charts prepared by

2

plaintiffs' counsel in this action. The store numbers are as follows: 18, 30, 76, 99, 106, 112, 124, 137, 158, 176, 283, 459, 526, 567, 829, 863, 955, 991, 1034, 1496, 1603, 1687, 1827, 1934, 2007, 2241, 2297, 2423, 2700, 2755, 2756, 2778, 2801, 2812, 2848, 2861, 2910, 2914, 2915, 2918, 2930, 2933, 2961, 2968, 2971, 2984, 3007, 3027, 3046, 3049, 3053, 3055, 3064, 3070, 3071, 3077, 3078, 3079, 3083, 3089, 3090, 3096, 3112, 3117, 3119, 3125, 3128, 3129, 3130, 3132, 3136, 3137, 3145, 3152, 3160, 3184, 3196, 3207, 3208, 3209, 3222, 3241, 3390, 3398, 3420, 3471, 3473, 3498, 3555, 3579, 3904, 3948, 4027, 4034, 4054, 4168, 4192, 4204, 4211, 4284, 4311, 4325, 4342, 4343, 4355, 4356, 4466, 4510, 4518, 4558, 4578, 4586, 4611, 4617, 4622, 4633, 4661, 4704, 4799, 4862, 4951, 5019, 5081, 5138, 5223, 5259, 5355, 5512, 5513, 5539, 5570, 5636, 5641, 9407, 9414, 9417, 9427, 9454, 9489, 15319, 15362, 15379, 15455, 15507, 15508, 15570, 15573, 15614, 15625, 15723, 16140, 16276, 16336, 16370, 16381, 16478, 16520, 16534, 16812, 16819, 16909, 17181, 17224, 17243, 17363, 17435, 17471, 17473, 17529, 17556, 17572, 17576, 17751, 17984, 17997, 18003, 18112, 18315, 18377, 18577, 18606, 18687, 18701, 18808, 18901, 19289, 19298, 19344, 19389, 19413, 19498, 19509, 19515, 19532, 19591, 19744, 19950, 20052, 20175, 20180, 20190, 20204, 20241, 20310, 20353, 20566, 20578, 20635, 20646, 20690, 20758, 20893, 21000, 21018, 21047, 21220, 21226, 21261, 21295, 21343, 21453.

      Taco Bell's counsel apologizes for any inconvenience caused by the foregoing submission of exhibits in support of its motion for partial summary judgment.

DATED: November 9, 2009          GREENBERG TRAURIG, LLP

By /s/_____
Gregory F. Hurley
Attorneys for Defendant TACO BELL CORP.

# Exhibit "1"

Exhibit 1   Page 4

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| 1. | Copy of plaintiffs' counsel Amy Robertson's email to Richard Hikida dated February 15, 2006. |
| 2. | Copy of plaintiffs' counsel's "meet and confer" charts sent to Taco Bell's defense counsel in April-June 2006:  18, 30, 76, 99, 106, 112, 124, 137, 158, 176, 283, 459, 526, 567, 829, 863, 955, 991, 1034, 1496, 1603, 1687, 1827, 1934, 2007, 2241, 2297, 2423, 2700, 2755, 2756, 2778, 2801, 2812, 2848, 2861, 2910, 2914, 2915, 2918, 2930, 2933, 2961, 2968, 2971, 2984, 3007, 3027, 3046, 3049, 3053, 3055, 3064, 3070, 3071, 3077, 3078, 3079, 3083, 3089, 3090, 3096, 3112, 3117, 3119, 3125, 3128, 3129, 3130, 3132, 3136, 3137, 3145, 3152, 3160, 3184, 3196, 3207, 3208, 3209, 3222, 3241, 3390, 3398, 3420, 3471, 3473, 3498, 3555, 3579, 3904, 3948, 4027, 4034, 4054, 4168, 4192, 4204, 4211, 4284, 4311, 4325, 4342, 4343, 4355, 4356, 4466, 4510, 4518, 4558, 4578, 4586, 4611, 4617, 4622, 4633, 4661, 4704, 4799, 4862, 4951, 5019, 5081, 5138, 5223, 5259, 5355, 5512, 5513, 5539, 5570, 5636, 5641, 9407, 9414, 9417, 9427, 9454, 9489, 15319, 15362, 15379, 15455, 15507, 15508, 15570, 15573, 15614, 15625, 15723, 16140, 16276, 16336, 16370, 16381, 16478, 16520, 16534, 16812, 16819, 16909, 17181, 17224, 17243, 17363, 17435, 17471, 17473, 17529, 17556, 17572, 17576, 17751, 17984, 17997, 18003, 18112, 18315, 18377, 18577, 18606, 18687, 18701, 18808, 18901, 19289, 19298, 19344, 19389, 19413, 19498, 19509, 19515, 19532, 19591, 19744, 19950, 20052, 20175, 20180, 20190, 20204, 20241, 20310, 20353, 20566, 20578, 20635, 20646, 20690, 20758, 20893, 21000, 21018, 21047, 21220, 21226, 21261, 21295, 21343, 21453. |
| 3. | Copy of photos allegedly taken by Eric McSwain at store #526 on or about October 6, 2008 depicting the inaccessible west entrance, which are Bates-labeled as EM04916, EM04928, EM04931. |
| 4. | Copy of photos allegedly taken by Eric McSwain at store #526 on or about October 6, 2008 depicting the directional signage near the west entrance indicating the location of the accessible east entrance, which are Bates-labeled as EM04901, EM04902, EM04903, EM04906. |
| 5. | Copy of: (i) pages 28, 29, 34 of the Special Master's Interim Survey Report for store #526, which propose directional signage to the east entrance; (ii) pages 4-5 of section 2 of such Report, which depict the west entrance in photos #16 and #17; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #526 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #526 as July 22, 1969; and (iv) page 7 of the plaintiffs' Meet and Confer Chart for store #526 that Richard Hikida received on or about April 10, 2006, which provides, "Because this restaurant was built before 1982, only one entrance is required to be accessible, provided proper signage is provided." |
| 6. | Copy of photos allegedly taken by Eric McSwain at store #955 on or about February |

Case 4:02-cv-05849-PJH   Document 479   Filed 11/09/09   Page 6 of 18

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
|  | 5, 2009 depicting the inaccessible north entrance, which are Bates-labeled as EMP033097, EMP033118-EMP033119, and EMP033121. |
| 7. | Copy of photos allegedly taken by Eric McSwain at store #955 on or about February 5, 2009 depicting the directional signage near the north entrance indicating the location of the accessible west entrance, which are Bates-labeled as EMP033092, EMP033095, EMP033097, EMP033111-EMP033112, and EMP033122. |
| 8. | Copy of: (i) pages 33-34 of the Special Master's Interim Survey Report for store #955, which propose directional signage to the west entrance; (ii) page 37 of such Report, which depicts the push side depth maneuvering clearance for the north entrance door; (iii) page 59 of such Report, which identifies the number of seats in the indoor dining area; (iv) pages 7 and 10 of section 2 of such Report, which depict the north entrance in photos #25, #26, #37, #38; (v) page 1 of the plaintiffs' Meet and Confer Chart for store #955 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #955 as October 5, 1991; and (vi) page 8 of the plaintiffs' Meet and Confer Chart for store #955, which identifies the push side depth maneuvering clearance for the north entrance door as an issue for which plaintiffs apparently sought relief at that time. |
| 9. | Copy of photos allegedly taken by Eric McSwain at store #2423 on or about January 27, 2009 depicting the inaccessible east entrance, which are Bates-labeled as EMP025393-EMP025395. |
| 10. | Copy of photos allegedly taken by Eric McSwain at store #2423 on or about January 27, 2009 depicting the directional signage near the east entrance indicating the location of the accessible west entrance, which are Bates-labeled as EMP025230, EMP025239, EMP025241, EMP025242, EMP025243. |
| 11. | Copy of: (i) pages 33-39 of the Special Master's Interim Survey Report for store #2423, which fails to address the accessibility of the secondary east entrance adjoining the drive thru lane (Special Master photos not available); (ii) page 1 of the plaintiffs' Meet and Confer Chart for store #2423 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2423 as March 3, 1984; and (iii) pages 4-5 of the plaintiffs' Meet and Confer Chart for store #2423 that Richard Hikida received on or about April 10, 2006, which omits any reference to the secondary east entrance of the facility. |
| 12. | Copy of a photo allegedly taken by Eric McSwain at store #2778 on or about September 22, 2008 depicting the inaccessible south entrance, which is Bates-labeled as EM01664. |
| 13. | Copy of photos allegedly taken by Eric McSwain at store #2778 on or about September 22, 2008 depicting the directional signage near the south entrance |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| | indicating the location of the accessible east entrance, which are Bates-labeled EM01650-EM01652, EM01656, EM01663-EM01665. |
| 14. | Copy of: (i) pages 33-38 of the Special Master's Interim Survey Report for store #2778, which fails to address the accessibility of the secondary west entrance adjoining the drive thru lane; (ii) pages 51 and 52 containing photos #1 and #6 of the Special Master's Pilot Program Survey Report for store #2778; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #2778 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2778 as August 23, 1985; and (iv) page 5 of the plaintiffs' Meet and Confer Chart for store #2778, which omits any analysis as to a secondary entrance. |
| 15. | Copy of photos allegedly taken by Eric McSwain at store #2861 on or about November 12, 2008 depicting the inaccessible south entrance, which are Bates-labeled as EM11199, EM11265-EM11266. |
| 16. | Copy of photos taken by personnel of Taco Bell's agent, Maintco, at store #2861 on or about May 27, 2009 depicting the directional signage near the southeast corner and northeast corner of the Taco Bell building indicating the location of the accessible north entrance, which are Bates-labeled as TBGT230756, TBGT230757, TBGT230773, and TBGT230774. |
| 17. | Copy of: (i) pages 34-35, 37 of the Special Master's Interim Survey Report for store #2861, which identifies the south door as not on an accessible route, makes reference to the lack of directional signage from the south entrance, and identifies the south entrance door as <u>permitted to be inaccessible</u>; (ii) page 7 of section 2 of such Report, which depicts the south entrance in photos #25, #26, and #27; (iii) page 5 of Ex. 1 of plaintiffs' December 17, 2008 Discovery Responses, which proposes as a solution that directional signage be installed directing disabled customers to use the accessible north entrance of the facility ("Provide required directional signs."); (iv) page 1 of the plaintiffs' Meet and Confer Chart for store #2861 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2861 as January 27, 1986; and (v) page 9 of the plaintiffs' Meet and Confer Chart for store #2861 that Richard Hikida received on or about April 10, 2006, which insisted that it was not acceptable that the south door was not on an accessible route ("It is not acceptable that this door not [be] on an accessible route."). |
| 18. | Copy of a photo allegedly taken by Eric McSwain at store #2914 on or about September 23, 2008 depicting the inaccessible south entrance, which is Bates-labeled as EM01828. |
| 19. | Copy of a photo allegedly taken by Eric McSwain at store #2914 on or about September 23, 2008 depicting the directional signage near the south entrance indicating the location of the accessible east entrance, which are Bates-labeled as |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---------|-------------|
|  | EM01793, EM01796, EM01817, EM01838, EM01847. |
| 20 | Copy of: (i) page 25 of the Special Master's Interim Survey Report for store #2914, addressing the Special Master's proposed solution to designate the south entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible east entrance; (ii) page 1 of section 2 of such Report, which depicts the south entrance in photos #1 and #2; and (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #2914 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2914 as May 1, 1986. |
| 21. | Copy of photos allegedly taken by Eric McSwain at store #2930 on or about October 6, 2008 depicting the inaccessible south entrance, which are Bates-labeled as EM05287-EM05289, EM05291. |
| 22. | Copy of photos allegedly taken by Eric McSwain at store #2930 on or about October 6, 2008 depicting the directional signage near the south entrance indicating the location of the accessible west entrance, which are Bates-labeled as EM05252, EM05269, EM05285, EM05286, EM05302. |
| 23. | Copy of: (i) pages 12, 14, and 35 of the Special Master's Interim Survey Report for store #2930, addressing the Special Master's proposed solution to designate the south entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible west entrance; (ii) page 7 of section 2 of such Report, which depicts the south entrance in photos #28, #45, and #46; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #2930 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2930 as September 16, 1986; and (iv) pages 4, 8, and 9 of the plaintiffs' Meet and Confer Chart for store #2930, which proposes the closure of the south entrance door for all customer use regardless of any Fire Code implications (i.e., whether such proposal violates the applicable Fire Code). |
| 24. | Copy of a photo allegedly taken by Eric McSwain at store #2961 on or about February 24, 2009 depicting the inaccessible west entrance, which is Bates-labeled as EMP039379. |
| 25. | Copy of photos allegedly taken by Eric McSwain at store #2961 on or about February 24, 2009 depicting the directional signage near the west entrance indicating the location of the accessible northwest entrance, which are Bates-labeled as EMP039327, EMP039342, EMP039343. |
| 26. | Copy of: (i) page 1 of the plaintiffs' Meet and Confer Chart for store #2961 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2961 as July 1, 1986. |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| 27. | Copy of a photo allegedly taken by Eric McSwain at store #2961 on or about February 24, 2009 depicting the inaccessible northeast entrance, which is Bates-labeled as EMP039410. |
| 28. | Copy of photos taken by Sabrina Wright at store #2961 on or about April 2, 2009 depicting the directional signage near the northeast entrance indicating the location of the accessible northwest entrance, which are Bates-labeled as TBGT215216-TBGT215217. |
| 29. | Copy of: (i) page 24 of the Special Master's Interim Survey Report for store #2961, which identifies a west entrance and a east entrance on the north side of the Taco Bell building; (ii) page 26 of the Special Master's Interim Survey Report for store #2961, which indicates that the masonry wall and adjacent wall structure cannot be relocated to increase the width of the clear floor area on the pull side beyond the strike jamb; (iii) pages 1-4, 6 of section 2 of such Report, which depict the northeast entrance or the northwest entrance in photos #1, #5, #6, #10, #12, #13, #14, #21, #22; (iv) page 1 of the plaintiffs' Meet and Confer Chart for store #2961 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #2961 as July 1, 1986; and (v) page 6 of the plaintiffs' Meet and Confer Chart for store #2961, which stated in connection with the northeast entrance, "We disagree with the Special Master's solution to designate this entrance as inaccessible." |
| 30. | Copy of a photo allegedly taken by Eric McSwain at store #3027 on or about February 25, 2009 depicting the inaccessible north entrance, which is Bates-labeled as EMP041402, EMP041518-EMP041519, EMP041521, EMP041529. |
| 31. | Copy of a photo taken by Maintco personnel at store #3027 on or about August 27, 2009 depicting the directional signage on the southwest corner of the building indicating the location of the accessible south entrance, which is Bates-labeled TBGT245104. |
| 32. | Copy of: (i) pages 39-40, 45 of the Special Master's Interim Survey Report for store #3027, which addresses the Special Master's proposed solution to designate the north entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible south entrance based upon the exterior landing slope measurements of 2.0% to 3.3%; (ii) page 10 of section 2 of the Interim Survey Report containing photos #38 and #39, which depict the north entrance; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #3027 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #3027 as January 10, 1983; and (iv) page 7 of the plaintiffs' Meet and Confer Chart for store #3027, which omits any analysis as to the north entrance notwithstanding the Special Master's exterior landing slope measurements. |
| 33. | Copy of photos allegedly taken by Eric McSwain at store #3046 on or about October 21, 2008 depicting the inaccessible west entrance, which are Bates-labeled as |

OC 286,492,990v2

Exhibit 1 Page 9

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
|  | EM08618-EM08620. |
| 34. | Copy of photos allegedly taken by Eric McSwain at store #3046 on or about October 21, 2008 depicting the directional signage near the west entrance indicating the location of the accessible south entrance, which are Bates-labeled as EM08619-EM08621. |
| 35. | Copy of: (i) pages 36 and 41 of the Special Master's Interim Survey Report for store #3046, addressing the Special Master's proposed solution to designate the west entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible south entrance; (ii) pages 1, 6, 7 of section 2 of such Report, which depict the west entrance in photos #1, #2, #22, #23, #24, #25, #26, #27, #28; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #3046 that I received on or about April 10, 2006, which references the stipulated construction date of store #3046 as November 1, 1985; and (iv) page 7 of the plaintiffs' Meet and Confer Chart for store #3046, which proposes, *inter alia*, the closure of the south entrance door for all customer use regardless of any Fire Code implications (i.e., whether such proposal violates the applicable Fire Code). |
| 36. | Copy of photos allegedly taken by Eric McSwain at store #3064 on or about December 18, 2008 depicting the inaccessible east entrance, which are Bates-labeled as EMP010880-EMP10882. |
| 37. | Copy of photos allegedly taken by Eric McSwain at store #3064 on or about December 18, 2008 depicting the directional signage near the east entrance indicating the location of the accessible south entrance, which are Bates-labeled as EMP010797, EMP010799, EMP010802, EMP010849, EMP010862, EMP010871, EMP010872. |
| 38. | Copy of: (i) pages 37 and 38 of the Special Master's Interim Survey Report for store #3064, addressing the Special Master's proposed solution to designate the east entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible south entrance; (ii) pages 8 and 9 of section 2 of such Report, which depict the west entrance in photos #32, #33, #34; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #3064 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #3064 as November 19, 1986; and (iv) page 8 of the plaintiffs' Meet and Confer Chart for store #3064, which proposes, *inter alia*, the closure of the east entrance door for all customer use regardless of any Fire Code implications (i.e., whether such proposal violates the applicable Fire Code) and suggests that directional signage be installed directing disabled customers to use the accessible south entrance of the facility. |
| 39. | Copy of photos allegedly taken by Eric McSwain at store #3070 on or about October 8, 2008 depicting the inaccessible north entrance, which are Bates-labeled as EM05585-EM05586. |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| 40. | Copy of photos taken by Maintco personnel at store #3070 on or about April 15, 2009 depicting the directional signage near the north entrance indicating the location of the accessible east entrance, which are Bates-labeled as TBGT215271-TBGT215274. |
| 41. | Copy of a photo taken by Maintco personnel at store #3070 on or about April 15, 2009 depicting the absence of directional signage on the center of the south side of the building, which is Bates-labeled as TBGT215307. |
| 42. | Copy of: (i) pages 36-37, 39 of the Special Master's Interim Survey Report for store #3070, addressing the Special Master's proposed solution to designate the north entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible east entrance; (ii) page 9 of section 2 of such Report, which depicts the north entrance in photos #33-#36; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #3070 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #3070 as January 27, 1977; and (iv) pages 8-9 of the plaintiffs' Meet and Confer Chart for store #3070, which proposes that directional signage be installed directing disabled customers to use the accessible east entrance of the facility. |
| 43. | Copy of photos allegedly taken by Eric McSwain at store #3222 on or about February 4, 2009 depicting the inaccessible west entrance, which are Bates-labeled as EMP031864, EMP031867, EMP031960. |
| 44. | Copy of photos allegedly taken by Eric McSwain at store #3222 on or about February 4, 2009 depicting the directional signage near the west entrance indicating the location of the accessible south entrance, which are Bates-labeled as EMP031836, EMP031839, EMP031842, EMP031843, EMP031866, EMP031868, EMP031870-EMP031873, EMP031875, EMP031930, EMP031948. |
| 45. | Copy of: (i) pages 2, 3, 17, 20 of the Special Master's Interim Survey Report for store #3222, which addresses the Special Master's proposed solution to designate the west entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible south entrance; (ii) page 6 of section 2 of such Report, which depicts the west entrance in photos #21, #22, #23; and (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #3222 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #3222 as December 23, 1986. |
| 46. | Copy of photos allegedly taken by Eric McSwain at store #4027 on or about January 12, 2009 depicting the inaccessible west entrance, which are Bates-labeled as EMP017924, EMP017975, EMP017976. |
| 47. | Copy of photos allegedly taken by Eric McSwain at store #4027 on or about January |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| | 12, 2009 depicting the directional signage near the west entrance indicating the location of the accessible north entrance, which are Bates-labeled as EMP017892, EMP017910, EMP017911, EMP017921, EMP017934, EMP017987, EMP017988, EMP017995, EMP017996. |
| 48. | Copy of: (i) pages 30-31 of the Special Master's Interim Survey Report for store #4027, which address the Special Master's proposed solution to designate the west entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible north entrance; (ii) page 11 of section 2 of such Report, which depicts the west entrance in photos #41 and #42; and (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #4027 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #4027 as September 14, 1989. |
| 49. | Copy of photos allegedly taken by Eric McSwain at store #4054 on or about January 6, 2009 depicting the inaccessible north entrance, which are Bates-labeled as EMP012653-EMP012655. |
| 50. | Copy of photos allegedly taken by Eric McSwain at store #4054 on or about January 6, 2009 depicting the directional signage near the north entrance indicating the location of the accessible west entrance, which are Bates-labeled as EMP012340, EMP012680, EMP012682, EMP012683, EMP012752, EMP012762. |
| 51. | Copy of: (i) pages 37-38 of the Special Master's Interim Survey Report for store #4054, which addresses the Special Master's proposed solution to designate the north entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible west entrance; (ii) pages 1, 2, 3, 5, 6 of section 2 of such Report, which depict the north entrance in photos #1, #8, #9, #10, #20, #21, #22, #23; and (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #4054 that I received on or about April 10, 2006, which references the stipulated construction date of store #4054 as October 14, 1988. |
| 52. | Copy of photos allegedly taken by Eric McSwain at store #4168 on or about January 7, 2009 depicting the inaccessible west entrance, which are Bates-labeled as EMP014718-EMP014722. |
| 53. | Copy of photos allegedly taken by Eric McSwain at store #4168 on or about January 7, 2009 depicting the directional signage near the west entrance indicating the location of the accessible east entrance, which are Bates-labeled as EMP014695, EMP014718-EMP014722. |
| 54. | Copy of: (i) pages 36, 37 of the Special Master's Interim Survey Report for store #4168, addressing the Special Master's proposed solution to designate the west entrance as inaccessible and install directional signage at such entrance directing |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| | disabled customers to the accessible east entrance; (ii) pages 3, 4, 6 of section 2 of such Report, which depict the west entrance in photos #12-#14, #23-#24; (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #4168 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #4168 as May 23, 1984; and (iv) pages 7-8 of the plaintiffs' Meet and Confer Chart for store #4168, which proposes, *inter alia*, the closure of the west entrance door for all customer use regardless of any Fire Code implications (i.e., whether such proposal violates the applicable Fire Code). |
| 55. | Copy of a photo allegedly taken by Eric McSwain at store #4211 on or about December 3, 2008 depicting the inaccessible south entrance, which are Bates-labeled as EMP004656. |
| 56. | Copy of photos allegedly taken by Eric McSwain at store #4211 on or about December 3, 2008 depicting the directional signage near the south entrance indicating the location of the accessible east entrance, which are Bates-labeled as EMP004656, EMP004675, EMP004685, EMP004690, EMP004694, EMP004695, EMP004698, EMP004699, EMP004720, EMP004721, EMP004722, EMP004725, EMP004735, EMP004737. |
| 57. | Copy of: (i) page 1 of the plaintiffs' Meet and Confer Chart for store #4211 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #4211 as September 15, 1989. |
| 58. | Copy of photos allegedly taken by Eric McSwain at store #4558 on or about December 3, 2008 depicting the inaccessible east entrance, which are Bates-labeled as EMP005077, EMP005138-EMP005139. |
| 59. | Copy of photos allegedly taken by Eric McSwain at store #4558 on or about December 3, 2008 depicting the directional signage near the east entrance indicating the location of the accessible north entrance, which are Bates-labeled as EMP005055, EMP005085, EMP005112, EMP005120, EMP005133, EMP005134. |
| 60. | Copy of: (i) page 34 of the Special Master's Interim Survey Report for store #4558, which addresses the Special Master's proposed solution to designate the east entrance as inaccessible and install directional signage near such entrance directing disabled customers to the accessible north entrance; (ii) page 12 of section 2 of such Report, which depicts the east entrance in photos #45 and #46; and (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #4558 that I received on or about April 10, 2006, which references the stipulated construction date of store #4558 as May 28, 1991. |
| 61. | Copy of photos allegedly taken by Eric McSwain at store #4633 on or about December 1, 2008 depicting the inaccessible north entrance, which are Bates-labeled |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| | as EMP002925. |
| 62. | Copy of photos allegedly taken by Eric McSwain at store #4633 on or about December 1, 2008 depicting the directional signage near the north entrance indicating the location of the accessible west entrance, which are Bates-labeled as EMP002858, EMP002864, EMP002865, EMP002866. |
| 63. | Copy of: (i) page 38 of the Special Master's Interim Survey Report for store #4633, which addresses the Special Master's proposed solution to designate the north entrance as inaccessible and install directional signage near such entrance directing disabled customers to the accessible west entrance; (ii) page 38 of section 2 of such Report, which depicts the north entrance in photos #35 and #36; and (iii) page 1 of the plaintiffs' Meet and Confer Chart for store #4633 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #4633 as January 3, 1991. |
| 64. | Copy of photos allegedly taken by Eric McSwain at store #5081 on or about November 20, 2008 depicting the inaccessible east entrance, which are Bates-labeled as EMP002043, EMP002237, EMP002241. |
| 65. | Copy of photos allegedly taken by Eric McSwain at store #5081 on or about November 20, 2008 depicting the directional signage near the east entrance indicating the location of the accessible south entrance, which are Bates-labeled as EMP002051, EMP002206-EMP002208, EMP002232, EMP002244, EMP002245, EMP002248, EMP002250, EMP002277. |
| 66. | Copy of: (i) pages 30-31 of the Special Master's Interim Survey Report for store #5081, which addresses the Special Master's proposed solution to designate the south entrance as inaccessible and install directional signage near such entrance directing disabled customers to the accessible east entrance; (ii) pages 5 and 10 of section 2 of such Report, which depict the south entrance in photos #18, #37, #38; (iii) pages 9 and 10 of section 2 of such Report, which depict the east entrance in photos #35, #36, #39, and #40; and (iv) page 1 of the plaintiffs' Meet and Confer Chart for store #5081 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #5081 as September 25, 1992. |
| 67. | Copy of a photo allegedly taken by Eric McSwain at store #5223 on or about February 3, 2009 depicting the inaccessible north entrance, which is Bates-labeled as EMP029743. |
| 68. | Copy of photos allegedly taken by Eric McSwain at store #5223 on or about February 3, 2009 depicting the directional signage near the north entrance indicating the location of the accessible west entrance, which are Bates-labeled as EMP029742, EMP029753, EMP029992, EMP030019, EMP030064, EMP030106, EMP030109, |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Richard H. Hikida

| Exhibit | Description |
|---|---|
| | EMP030113. |
| 69. | Copy of: (i) page 39 of the Special Master's Interim Survey Report for store #5223, which addresses the Special Master's proposed solution to designate the north entrance as inaccessible and install directional signage near such entrance directing disabled customers to the accessible west entrance; (ii) page 9 of section 2 of such Report, which depicts the north entrance in photos #33 and #34; (iii) page 1 of plaintiffs' Meet and Confer Chart for store #5223 that Richard Hikida received on or about April 10, 2006, which references the stipulated construction date of store #5223 as October 21, 1992; and (iv) pages 7-8 of plaintiffs' Meet and Confer Chart for store #5223 that Richard Hikida received on or about April 10, 2006, which ignores the Special Master's directional signage proposed solution. |
| 70. | Copy of photos allegedly taken by Eric McSwain at store #15379 on or about October 20, 2008 depicting the inaccessible west entrance with stairs, which are Bates-labeled as EM09115, EM09117, EM09118, EM09119, EM09120, EM09199, EM09200, EM09201, EM09338, EM09339, EM09340, EM09341, EM09342, EM09343, EM09345, EM09348, EM09350. |
| 71. | Copy of a photo allegedly taken by Eric McSwain at store #15379 on or about October 20, 2008 depicting the directional signage near the west entrance indicating the location of the accessible south entrance, which is Bates-labeled as TBGT 214730. |
| 72. | Copy of: (i) pages 37, 38, and 43 of the Special Master's Interim Survey Report for store #15379 addressing the Special Master's proposed solution to designate the west entrance as inaccessible and install directional signage at such entrance directing disabled customers to the accessible south entrance; (ii) page 1 of section 2 of the Interim Survey Report, which depicts photos 1, 2, and 3 attached thereto depicting the west entrance; (iii) page 4 of the plaintiffs' Meet and Confer Chart for store #15379 that Richard Hikida received on or about May 26, 2006, which omits any reference to the directional signage solution proposed by the Special Master and inconsistently proposed removing and replacing the exterior landing at the west entrance (without making any genuine attempt to address the significant change in level between the west entrance exterior landing and the public sidewalk). |

# Exhibit "2"

Exhibit 2  Page 16

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Steve Elmer

| Exhibit | Description |
|---|---|
| 1. | Copy of Steve Elmer memorandum dated October 14, 2009 addressed to all Taco Bell Restaurant General Managers. |
| 2. | Copy of Steve Elmer memorandum to California Taco Bell restaurant general managers circulated on or about April 27, 2009. |
| 3. | Copy of ADA Maintenance Checklist circulated on or about April 27, 2009. |
| 4. | Copy of Taco Bell's ADA Guidelines/Checklist for Operations issued on or about April 20, 2009. |
| 5. | Copy of Taco Bell's Policy on Door Opening Force for California Company-Operated Taco Bell Restaurants issued in or about March 2007. |
| 6. | Copy of memorandum from Mike Harkins, Vice President of Operations, that was copied to Steve Elmer issued on or about December 12, 2006. |
| 7. | Copy of ADA General Checklist for Construction Managers. |
| 8. | Copies of photographs that plaintiffs produced of photographs taken by plaintiffs' expert Eric McSwain during his 2008 and 2009 Taco Bell site inspections depicting the customer service signage installed at each California corporate-owned Taco Bell store as well as copies of photographs taken by personnel of Maintco during the summer of 2009 depicting such signage. |
| 9. | Photographs taken by both Eric McSwain and Special Master Bob Evans of the identical or virtually identical floor sinks at issue in McSwain's May 1, 2009 expert report. |
| 10. | Copy of an excerpt from The Answer System, which is available to all store-level employees, addressing the importance of serving disabled customers. |
| 11. | Copies of marked up versions of the site plans and/or survey maps relating to the stores at which Eric McSwain claims to have surveyed noncompliant driveway aprons. |
| 12. | Chart depicting Eric McSwain's measurement methodology for measuring the dimensions of a diagonal 45 degree van accessible parking space and access aisle. |
| 13. | Chart depicting Eric McSwain's measurement methodology for measuring the dimensions of a diagonal "saw-tooth" style of accessible parking space and access aisle. |

*Moeller, et al. v. Taco Bell Corp.*
Case No. C 02-5849 PJH JL
Index of Exhibits to Declaration of Steve Elmer

| Exhibit | Description |
|---|---|
| 14. | Copy of a photo depicting the weight of the drink carriers on a mechanical scale. |
| 15. | Copies of the photographs that Steve Elmer took of the weighing of the portable foot-pedal Rubbermaid trash can. |
| 16. | Copy of page 202 of the proposed ADAAG depicting Figure 604.7. |
| 17. | Copy of a photograph that Steve Elmer took depicting the weight of a standard full roll of toilet paper used at Taco Bell's California company-owned stores, which is Bates-labeled as TBGT241800. |
| 18. | Copy of a chart addressing the vast majority of issues raised in plaintiffs' experts' May 1, 2009 expert reports. |