UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE MOELLER, et al.,

    Plaintiffs,                          No. C 02-5849 PJH

    v.                                  **ORDER**

TACO BELL CORP.

    Defendant.

_____/

The court has reviewed Taco Bell's submission, filed November 9, 2009, purporting to clarify the exhibits submitted in support of its motion for partial summary judgment.

Counsel for Taco Bell shall be prepared to explain, at the December 16, 2009, hearing on its motion for summary judgment, the discrepancy between

    (a) the statement in the November 9 submission that "[c]ontrary to the Court's assumption stated in the Court's Notice of November 2, 2009 [docket # 476], Taco Bell's counsel did not submit Exhibit 18 to the Steve Elmer declaration divided into five parts for either Taco Bell's manual filing or the chambers copy[;]"[1] and the statement that "Taco Bell's counsel submitted Exhibit 18 as one undivided exhibit," and

    (b) the fact that the chambers copy of the Declaration of Steve Elmer received by the court was divided into five parts, which were clearly marked on the caption page(s), e.g., "Declaration of Steve Elmer . . . Exhibit Part of 18, 2 of 5[;]" "Declaration of Steve Elmer . . . Exhibit Part of 18, 3 of 5[;]" Declaration of Steve Elmer . . . Exhibit Part of

---

[1] It is the court's assumption that Taco Bell intended to reference the Order filed on November 5, 2009 (docket No. 477), not the order filed on November 2, 2009 (docket No. 476).

18, 4 of 5[;]" and Declaration of Steve Elmer . . . Exhibit Part of 18, 5 of 5."

Counsel for Taco Bell shall further be prepared to explain to the court whether, in asserting that "the Clerk of the Court apparently divided [the chambers copy of?] Exhibit 18 into five parts . . . and scanned the latter four parts into the Court's internal computer network in a font size that is smaller than what was submitted manually by Taco Bell's counsel," Taco Bell intended to represent to the court that it was the Clerk's Office, not Taco Bell's counsel, which was responsible for the preparation of the chambers copies, including the chambers copy of the Elmer Declaration.

Finally, counsel for Taco Bell shall be prepared to explain to the court the discrepancy between

(a) its assertion that in the November 9, 2009 submission that "the recent chambers copy" of Exhibit 2 to the Hikida Declaration "is identical to the original chambers copy except that the recent chambers copy expanded the font size of the printed contents of the exhibit[;]" and

(b) the fact that the chambers copy of Exhibit 2 to the Hikida Declaration as originally submitted includes entries for Store No. 18 through Store No. 2914 (only), while Exhibit 2 to the Hikida Declaration in the recent chambers copy, includes (in a larger font, and in five "volumes") entries for Store No 18 through Store No. 21295.

The court is completely flummoxed by Taco Bell's counsel's attempt to evade the simple requirement that counsel provide a chambers copy of every filed document no later than noon the day following the date of filing; and even more flummoxed by the argumentative tone of Taco Bell's latest submission, which suggests either that the court has manufactured the numerous defects in the chambers copies that have been noted in the various orders, or that the court is somehow responsible for those defects.

The attempts to obtain an accurate and legible copy of Taco Bell's exhibits have been time consuming, frustrating, and distracting, and the court has no more time to devote to this process. Accordingly, the court will attempt to find the exhibits referenced in Taco Bell's pending motion, but if unable to, will not contact Taco Bell's counsel, and the

documents will go unreviewed.

All of Taco Bell's submissions will, however, be displayed at the hearing on December 16, 2009, so that Taco Bell's counsel can see, perhaps for the first time, what exactly has been presented to the court.

**IT IS SO ORDERED.**

Dated: November 10, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge