UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE MOELLER, et al.,

    Plaintiffs,

    v.

TACO BELL CORPORATION,

    Defendant.
_____/

No. C 02-5849 PJH

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The motion of defendant Taco Bell Corporation ("Taco Bell") for summary judgment on plaintiffs' claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq., came on for hearing before this court on December 16, 2009. Plaintiffs appeared by their counsel Timothy Fox and Amy Robertson, and Taco Bell appeared by its counsel Gregory Hurley and Richard Hikida.

Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court DENIES the motion for the reasons stated at the hearing. Specifically, the court is unable to determine, based on "the pleadings, the discovery and disclosure materials on file, and [the] affidavits," Fed. R. Civ. P. 56(c)(2), whether plaintiffs' claims are moot as to any ADA violations claimed as to any of the Taco Bell stores at issue.

In addition, based on the discussion at the hearing, the court set the following schedule:

1. No later than March 23, 2009, plaintiffs will provide Taco Bell with a list showing all ADA and Title 24 violations for all stores. This list will be compiled following an inspection by plaintiffs, with notice to Taco Bell, of all stores at issue. The violations will be listed as of the date of the inspection(s).

2. Following Taco Bell's receipt of the list of ADA and Title 24 violations, the parties shall meet and confer. Within 30 days, they shall prepare a list, by store, of the violations that have been remediated and are not likely to recur, and plaintiffs shall prepare a second list, of violations that have not been remediated, or that are likely to recur. Plaintiffs shall submit this second list and a proposed injunction to the court.

4. Discovery regarding state law violations as to all stores shall commence 30 days after the meet and confer. The discovery period will be 120 days.

5. At the conclusion of the discovery period, plaintiffs will choose the store they wish to use as an exemplar, and the parties will file cross-motions for summary judgment as to that one store.

6. Following the ruling on the cross-motions, any issues remaining (ADA and/or state law) will be tried as to that one store. Following trial, the court will determine how to proceed with respect to the remaining 219 stores.

7. This schedule may be modified (subject to court approval) if both sides agree to the modification. The court will not entertain any disputed motions to modify the schedule.

**IT IS SO ORDERED.**

Dated: December 23, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge