FOX & ROBERTSON, P.C.
Timothy P. Fox, Cal. Bar No. 157750
Amy F. Robertson, Pro Hac Vice
104 Broadway
Suite 400
Denver, CO 80203
Tel:     (303) 595-9700
Fax:    (303) 595-9705
Email:  tfox@foxrob.com

Mari Mayeda, Cal. Bar No. 110947
P.O. Box 5138
Berkeley, CA 94705
Tel:     (510) 917-1622
Fax:    (510) 841-8115
Email: marimayeda@earthlink.net

LAWSON LAW OFFICES
Antonio M. Lawson, Cal. Bar No. 140823
835 Mandana Blvd.
Oakland, CA 94610
Tel:     (510) 419-0940
Fax:    (501) 419-0948
Email:  tony@lawsonlawoffices.com

THE IMPACT FUND
Brad Seligman, Cal. Bar No. 83838
Jocelyn Larkin, Cal. Bar No. 110817
125 University Ave.
Berkeley, CA 94710
Tel:     (510) 845-3473
Fax:    (510) 845-3654
Email:  bseligman@impactfund.org

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| FRANCIE E. MOELLER et al, <br><br> Plaintiffs, <br><br> v. <br><br> TACO BELL CORP., <br><br> Defendant. | Case No.   C 02-05849 PJH JL <br><br> **PLAINTIFFS' PORTION OF JOINT CASE MANAGEMENT STATEMENT** <br><br> Hearing Date: December 16, 2010 <br> Time:            2:00 p.m. |

Pursuant to this Court's November 12, 2010 Order (Doc. No. 538), Plaintiffs' hereby submit their portion of the Joint Case Management Statement. Plaintiffs received Defendants' 20-page submission at 4:00 this afternoon, and were not able to respond before Defendant filed its portion.

**I.      Plaintiffs' Statement.**

In its November 12, 2010 Order, the Court ordered the parties to submit a joint case management statement addressing three issues: (1) proposed issues for trial; (2) proposed procedures for trial; and (3) suggested trial dates.

**A.     Plaintiffs' Proposed Issues for Trial.**

By way of background, the parties jointly submitted a stipulated order, which the Court entered, establishing that the upcoming exemplar trial concerning restaurant 4518 would be bifurcated, with the first stage to address "the issues of whether there have been violations of federal and/or state law and injunctive relief." Joint Stipulation and Order Re: Bifurcation of Discovery and Exemplar Trial ("Bifurcation Order"), at 2 (April 5, 2010, Doc. No. 524).

In addition, the Court ordered Plaintiffs to submit a proposed injunction, which Plaintiffs did on June 23, 2010 (the "Proposed Injunction"). (*See* Doc. Nos. 526 and 526-1). As explained in the cover pleading, the Proposed Injunction does not require remediation of any specific barriers at any particular restaurant, but rather requires periodic surveys of elements that are subject to recurring violations to ensure they remain in compliance with applicable standards.

Based on the Bifurcation Order, Plaintiffs hereby submit their proposed issues concerning injunctive relief, and concerning whether there have been violations of federal and/or state law at Restaurant 4518.

**1.     Plaintiffs' Proposed Issues Related to Injunctive Relief.**

*Issue 1*: With respect to the types of architectural elements covered by Plaintiffs' Proposed Injunction, have Plaintiffs established a *prima facie* case under state and/or federal law that injunctive relief is warranted in this case?

*Issue 2:* If so, has Defendant met its heavy burden under the voluntary cessation doctrine of showing that it is absolutely clear that violations could not reasonably be expected to recur?

*Issue 3:* Based on the Court's previous rulings as well as the evidence submitted by the parties, what should be the scope of the injunction?

Taco Bell has centralized accessibility policies, and thus the policies applicable to Restaurant 4518 are the same policies applicable to all of the restaurants at issue in this case. Plaintiffs will show that the numerous accessibility violations found during the surveys conducted in this case result from deficiencies in these policies, and their Proposed Injunction

1  -- rather than seeking relief as to individual barriers at individual restaurants -- seeks classwide,
2  policy-level changes to ensure that access is maintained at TBC's California restaurants.

3  With respect to issues 1 and 3 above, Plaintiffs are entitled under Federal Rule of
4  Evidence 401 to submit evidence having "any tendency to make the existence of any fact that is
5  of consequence to the determination of the action more probable or less probable than it would
6  be without the evidence." Plaintiffs respectfully submit that this includes evidence concerning
7  a limited set of violations at other restaurants at issue that were subject to the same access
8  policies as those in place at Restaurant 4518. Such evidence will show that such policies have
9  been ineffective in maintaining access at Restaurant 4518 and the other restaurants at issue.

10 Thus while the evidence that Plaintiffs propose to submit at trial will include violations
11 in restaurants other than 4518, such evidence is admissible under Rule 401 to support the need
12 for the Proposed Injunction.

13 Plaintiffs intend to rely on, among other things,[1] Federal Rule of Evidence 1006
14 summaries of a limited set of relevant violations and photographs from the surveys of all of the
15 stores at issue in this case to show that the Proposed Injunction is merited. For example, they
16 anticipate introducing the following Rule 1006 summary exhibits:

17 • <u>Parking striping</u>:  This summary exhibit will show parking spaces and access
18     aisles that were out of compliance based on measurements taken during various
19     surveys of the restaurants at issue. Plaintiffs plan to include only those
20     measurements that are consistent with the tolerances espoused by Defendants.
21     Liability will be premised on either a new construction standard -- applicable
22     based on stipulated construction dates -- or on an alterations standard based on
23     the restriping of parking lot documented by invoices produced by Taco Bell.
24 • <u>Obstructions to accessible routes</u>. This summary exhibit will show through
25     surveys and photographs the persistent obstructions -- such as trash cans and

---

28  [1]  Plaintiffs will, of course, submit other evidence as to the deficiencies in
Defendant's access policies.

high chairs -- to required accessible routes and clear floor space that exist at the restaurants at issue.

- <u>Door force and door closing time</u>:  This summary exhibit will show door force and door closing time that were out of compliance based on measurements taken during various surveys of the restaurants at issue.  Many of the violations in this summary exhibit were established in the Court's August 8, 2007 summary judgment order.  The remainder will be premised on either a new construction standard -- applicable based on stipulated construction dates and primary entrances -- or on the alterations standard based on replacement of the door closer as documented by Taco Bell.  Plaintiffs plan to include only those measurements that are consistent with the tolerances espoused by Defendants.

- <u>Self-service items</u>.   This summary exhibit will show the heights of customer self-service items (drinks, condiments, tableware, brochures) that were out of compliance based on measurements taken during various surveys of the restaurants at issue.  Plaintiffs plan to include only those measurements that are consistent with the tolerances espoused by Defendants. Because the same standard has applied since 1982, liability will be premised on a new construction standard based on stipulated construction dates.

- <u>Restroom amenities</u>.  This summary exhibit will show the heights of restroom amenities (soap, paper towels, toilet seat covers) that were out of compliance based on measurements taken during various surveys of the restaurants at issue.  Plaintiffs plan to include only those measurements that are consistent with the tolerances espoused by Defendants.  Because the same standard has applied since 1970, liability will be premised on a new construction standard based on stipulated construction dates.

- <u>Restroom fixtures</u>:  This summary exhibit will show a number of instances in which formerly compliant fixtures were rendered noncompliant when repaired or replaced by TBC.

Case No. C 02-05849 PJH  JL
Joint Case Management Statement                                                                                                    Page 4

They will demonstrate the need for and scope of the Proposed Injunction based on this clear pattern of recurring violations and evidence establishing the inadequacy of TBC's constantly-changing policies.

Because Plaintiffs seek injunctive relief *only* as set forth in the Proposed Injunction -- without any individualized store-level injunctive relief -- the approach above will have the salutary result of resolving all injunctive issues in this case.

### 2. Plaintiffs' Proposed Issues Related To Whether There Have Been Violations of Federal And/or State Law At Restaurant 4518.

Based on the Court's previous rulings as well as the evidence submitted by the parties, were the following elements in Restaurant 4518 out of compliance with state and/or federal law at any point during the class period (December 17, 2001[2] and continuing): (a) access aisles for van accessible parking spaces; (b) opening force and closing speed of the entrance doors; (c) the queue line; and (d) dimensions of accessible indoor seating positions.[3]

### B. Plaintiffs' Proposed Trial Procedures.

Plaintiffs believe that the Court's normal procedures for bench trials should apply in this case.

### C. Proposed Trial Dates.

Plaintiffs are available for a two-week trial beginning on: March 14, 21, or 28; April 4; May 2 or 9; or any date after Sept. 1, 2011.

### D. Response to Defendant's Statement

Defendant's 21-page statement -- which Plaintiffs received after 4 p.m. Pacific Time on the day that this joint statement was due -- entirely ignores the focus of Plaintiffs' injunctive

---

[2] *See Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 613-14 (N.D. Cal. 2004) (defining the class to include discrimination occurring after December 17, 2001).

[3] In its August 8, 2007 Order Denying in Part and Granting in Part Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 307), the Court granted partial summary judgment to Plaintiffs, finding that the following elements in Restaurant 4518 were in violation of law: the door force on the men's restroom door; and the number of accessible seating positions in the dining room. As a result, the compliance status of these two elements would not be included at trial.

1  relief in this case: that is, ensuring that violations that have recurred in the past are maintained
2  accessible in the future.

3  Plaintiffs could not have been clearer that their requested injunctive relief centered on
4  preventing recurring violations.  For example, more than three years ago, Plaintiffs cited the
5  fact that injunctive relief is necessary because elements in its restaurants are "subject to
6  'frequent change'" and that Taco Bell had no policies "ensuring that, throughout the 'frequent
7  changes' due to 'regular maintenance, remodels, repairs, and normal wear and tear,'" access
8  would be maintained.  Pls.' Reply Brief in Supp. of their Mot. for Partial Summ. J. at 27, 30
9  (Doc No. 271, Apr. 13, 2007); *see also Moeller v. Taco Bell Corp.*, 2007 WL 2301778, at *8
10  (N.D. Cal. Aug. 8, 2007) (holding that this case was not moot because "this Court may order
11  effective relief as to those elements in the form of an injunction requiring Defendant to . . .
12  maintain those elements in a compliant state. . ..").

13  Further, in their submission of their proposed injunction, Plaintiffs made clear that the
14  "proposed injunction does not seek remediation of specific barriers but rather focuses on the
15  second injunctive goal of this litigation: ensuring that access is maintained in the future,
16  particularly with respect to those types of elements for which violations have recurred in the
17  past."  Pls.' Submission of Proposed Injunction and Lists of Violations, at 2 (Doc. No. 526
18  June 23, 2010).  This is consistent with what the Court ordered.  (Tr. of Ct. H'rg of 12/16/09 at
19  28 ("To the extent that they are recurring problems or represent something that is likely to be a
20  recurring problem, that should stay on the list.")).

21  Not only does Defendant ignore the focus of Plaintiffs' proposed injunction, it gets the
22  law entirely wrong.  It relies on a First Circuit case addressing employment discrimination, a
23  case very different from this one in both facts and law.

24  The applicable law is set forth in the Ninth Circuit's decision in *Armstrong v. Davis*,
25  275 F.3d 849 (9th Cir. 2001), which involved discriminatory architectural barriers and policies
26  impacting disabled prisoners litigated under Title II of the ADA.  In *Armstrong*, the Ninth
27  Circuit held that a court should issue an injunction as to violations that are likely to recur.  *Id.*
28  at 861.  There are at least two ways in which to demonstrate that a violation is likely to recur.

1  First, a plaintiff may show that the defendant had, at the time of the injury, a policy, and that
2  the injury stems from that policy. *Id.* Such "injuries can stem from a failure to take action as
3  well as from affirmative conduct." *Id.* at 863.  Second, if a plaintiff can demonstrate that the
4  defendant has repeatedly engaged in the injurious acts in the past, there is a sufficient
5  possibility that they will engage in them in the near future to satisfy the recurrence requirement.
6  *Id.* Thus Plaintiffs' focus on recurring violations in Taco Bell restaurants is firmly in line with,
7  and supported by, applicable Ninth Circuit law.

8       *Armstrong* explains why summaries of violations at other restaurants covered by this
9  action are directly relevant to the exemplar trial: such violations establish a likelihood of
10 recurrence.  First, Defendant's access policies in place at the exemplar restaurant are the same
11 as those covering the other restaurants, and thus violations at these other restaurants show that
12 Defendant has "fail[ed] to take action" to prevent violations.

13      Second, *Armstrong* holds that likelihood of recurrence is demonstrated by the fact that a
14 defendant has "repeatedly engaged in the injurious acts in the past." *Id.* at 861.  Defendant's
15 repeated past violations at other covered restaurants establish that violations at the exemplar
16 restaurant are likely to recur.

17      Plaintiffs recognize that this Court does not intend to litigate the compliance status of
18 every architectural violation found during the surveys conducted in this case, nor is doing so
19 necessary to enter Plaintiffs' Proposed Injunction.  "'The scope of injunctive relief is dictated
20 by the extent of the violation established.'" *Armstrong*, 275 F.3d at 871.  Further, "[o]nce a
21 right and a violation have been shown, the scope of a district court's equitable powers to
22 remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies."
23 *Swann v. Charlotte-Mecklenburg Bd. of Education*, 402 U.S. 1, 15 (1971).  As a result,
24 numerous courts have issued broad injunctions based on limited evidence establishing that the
25 violation is widespread.

26      For example, in *Armstrong*, the district court heard testimony from seventeen prisoners
27 and parolees about the defendant's failure to accommodate their disabilities, and concluded that
28 their injuries "stemmed from the policies and practices" of the Defendant in effect in prisons

1  across California. *Armstrong*, 275 F.3d at 871. Based on this evidence, the district court
2  entered a system-wide injunction, and the Ninth Circuit affirmed, holding that "[s]ystem-wide
3  relief is *required* if the injury is the result of violations of a statute . . . that are attributable to
4  policies or practices pervading the whole system (even though injuring a relatively small
5  number of plaintiffs) . . ." *Id.* (emphasis added).

6  Similarly, based on access surveys of 12 theaters,[4] the court in *U.S. v. AMC*
7  *Entertainment, Inc.*, 2006 WL 224178, at *2 (C.D. Cal. 2006), entered an injunction covering
8  the defendant's entire chain of theaters.

9  In this case, this Court, like the Ninth Circuit in *Armstrong*, can enter the Proposed
10 Injunction if it finds that the violations established at trial "are attributable to policies or
11 practices pervading" the restaurants at issue. Or, as in *AMC,* the Court can enter the Proposed
12 Injunction based on its finding that Defendant has engaged in a sufficient number of violations
13 as to constitute a pattern or practice of violating accessibility requirements.

14 Beyond overlooking this Court's and the Proposed Injunction's focus on recurring
15 violations, Defendant's statement proposes additional motions practice, incorporates much of
16 the argument section of one of those motions, recites as open questions legal issues that have
17 already been ruled on,[5] and misrepresents the state of discovery.[6] Much of Taco Bell's section

---

[4]  *U.S. v. AMC Entertainment, Inc.*, 245 F. Supp. 2d 1094, 1095 (C.D. Cal. 2003).

[5]  For example, TBC lists as issues whether Plaintiffs' claims are barred by the applicable statute of limitations (the subject of an unsuccessful motion for summary judgment in the fall of 2008, *see* Order Denying Def.'s Mot. for Partial Summ. J. (Doc. No. 416)), and whether the issuance of certificates of occupancy indicates compliance (an argument rejected by the Court in August, 2007, *see Moeller*, 2007 WL 2301778, at *18).

[6]  For example, TBC asserts that "plaintiffs limited their discovery responses to the exemplar store." This is simply false. A number of Defendant's recent interrogatories -- and thus Plaintiffs' responses -- concerned "any Taco Bell company-owned store located in the State of California." *See, e.g.*, Interrog. No. 3 of TBC's 21st Set of Interrogatories (Sept. 21, 2010). Throughout the various discovery periods in this case, including the recent state law discovery period, Plaintiffs have disclosed the identity of class members who have contacted them with respect to discrimination at all Taco Bell corporate stores.

is simply beyond the scope of this Court's November 12, 2010 Order, as would be any attempt to respond point by point.[7]

>
> Respectfully submitted,
>
> FOX & ROBERTSON, P.C.
>
> By:  /s/ Timothy P. Fox
>      Timothy P. Fox
>      Attorney for Plaintiffs

Dated:   December 9, 2010

---

[7] Plaintiffs did not understand the upshot of Defendant's argument II.B, which asserted in the heading that evidence of "historical" violations was somehow improper, and which seemed to suggest in text that Plaintiffs had an obligation to withdraw their damages claims. Whatever this section intended to argue, several things are clear: (1) damages claims are not moot; (2) class counsel are under no obligation to withdraw the damages claims of the class; and (3) the stage one trial will include "whether there have been violations of federal and/or state law" as well as injunctive relief.  Joint Stipulation and Order Re: Bifurcation of Discovery and Exemplar Trial (Doc. No. 524) at 2.