UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE E. MOELLER, et al.,

    Plaintiffs,                    No. C 02-5849 PJH

    v.                             **FINAL PRETRIAL ORDER**

TACO BELL CORP.,

    Defendant.

_____/

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I.    <u>DAUBERT MOTIONS</u>

Taco Bell's motion to exclude testimony of plaintiff's experts regarding their analysis and interpretations of the ADA Standards for Accessible Design or applicable ADA law is DENIED. Because the question of compliance with the regulations is a mixed question of fact and law, the experts from both sides will be given considerable leeway in their testimony, but may not offer a legal opinion on matters that are purely questions of law.

II.    <u>MOTIONS IN LIMINE</u>

1.    Plaintiffs' Motion in Limine No. 1 to exclude testimony from 21 witnesses that Taco Bell disclosed on March 23, 2011 is DENIED. Taco Bell shall make the witnesses available for deposition before trial, and shall provide plaintiffs with a description of each witness' job history with Taco Bell so that plaintiffs can decide which of the witnesses they wish to depose. Plaintiffs are allowed a total of 21 hours in which to depose any of these witnesses.

2. Plaintiffs' Motion in Limine No. 2 to exclude testimony from five witnesses that Taco Bell disclosed on April 13, 2011 is GRANTED. However, these five witnesses may be called for purposes of rebuttal or impeachment.

3. Plaintiffs' Motion in Limine No. 3 to allow class member witness Curtis Cone to present her testimony by deposition is GRANTED. However, no later than May 19, 2011, Taco Bell must advise plaintiffs whether it wishes to further depose Ms. Cone in North Carolina, and if it does, the deposition must take place before trial commences.

4. Plaintiffs' motion for an order shortening time to hear motion (3) above is GRANTED.

5. Taco Bell's Motion in Limine No. 1 to exclude evidence of alleged accessibility barriers at stores other than store No. 4518 is GRANTED.

6. Taco Bell's Motion in Limine No. 2 to exclude evidence of architectural barriers not enumerated in Eric McSwain's May 9, 2009 expert report is GRANTED as unopposed.

7. Taco Bell's Motion in Limine No. 3 to exclude evidence of "informal site visits" by class members or other non-experts is DENIED.

8. Taco Bell's Motion in Limine No. 4 to exclude testimony of class members whom plaintiffs did not make available for deposition is GRANTED in part and DENIED in part. Such class members may not testify in plaintiffs' case-in-chief, but may be called as rebuttal or impeachment witnesses.

9. Taco Bell's Motion in Limine No. 5 to exclude evidence of subsequent remedial measures to prove culpable conduct is GRANTED, but such evidence is admissible on other issues as permitted by the rules of evidence.

10. Taco Bell's Motion in Limine No. 6 to exclude legal opinions as expert testimony is DENIED as stated above.

11. Taco Bell's Motion in Limine No. 7 to preclude relitigation of the issue of standing to challenge violations of accessibility standards governing inaccessible hardware and inaccessible toilet paper rollers is GRANTED as unopposed.

12. Taco Bell's Motion in Limine No. 8 to exclude evidence of deterrence claims is GRANTED as unopposed.

13. Taco Bell's Motion in Limine No. 9 to exclude evidence of features not related to plaintiffs' disability is GRANTED as unopposed.

14. Taco Bell's Motion in Limine No. 10 to exclude evidence regarding emotional distress is DENIED to the extent that the evidence bears on the issue of equivalent facilitation, but is GRANTED to the extent that it bears on damages.

II.  WITNESSES

Neither party will be permitted to call opposing counsel as a witness to authenticate documents or otherwise.

III.  EXHIBITS

No documents are subject to special treatment at trial as confidential.

IV.  DISCOVERY EXCERPTS

The parties shall prepare, for submission on the first day of trial, the discovery designations and counter-designations in the form of one deposition transcript with each sides' designations highlighted in a different color.

V.  TRIAL SCHEDULE AND TIME LIMITS

The trial will commence on June 6, 2011 at 8:30 a.m. for 8 trial days excluding Wednesdays. Each side will be permitted 18 hours for all examination and argument.

**IT IS SO ORDERED.**

Dated: May 16, 2011

PHYLLIS J. HAMILTON
United States District Judge