UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE E. MOELLER, et al.,

    Plaintiffs,                                 No. C 02-5849 PJH

    v.                                        **ORDER**

TACO BELL CORP.,

    Defendant.

_____/

On September 21, 2011, the court issued an order granting plaintiffs' motion for a continuance of the December 12, 2011 damages trial date, stating that a new trial date would be set after the ruling on the parties' motions regarding class certification issues. The order added that once the court had issued the findings regarding the trial as to the exemplar store, "the parties can submit a stipulation re scheduling."

The findings were issued on October 5, 2011. On November 16, 2011, plaintiffs filed an administrative motion seeking an order setting a briefing schedule. Plaintiffs claim they have attempted to meet and confer with Taco Bell regarding scheduling, but that Taco Bell refuses to cooperate. Plaintiffs also allude to certain concerns regarding discovery issues.

In its response, Taco Bell accuses plaintiffs of attempting an "end-run" around Magistrate Judge Cousins' November 9, 2011 order concerning certain discovery motions, claiming that plaintiffs are seeking to bring a discovery dispute before this court in the guise of a request for a briefing schedule.

The court is distressed to learn that its confidence in the parties' ability to settle on a briefing schedule was so misplaced. At present, there are no deadlines set in this case – no discovery cut-off date, no motion briefing or hearing deadlines, no trial date. The parties

are also engaged in class-related discovery, and in damages-related discovery. It appears that notwithstanding any dates the court might set, the parties' discovery difficulties will take precedence, and the dates will require further revision.

Accordingly, because of the seeming impossibility of separating the discovery issues from the other scheduling issues, the court hereby refers this case to Magistrate Judge Cousins to persuade the parties, by any means necessary, to come to an agreement regarding discovery scheduling and limits. Whether this will take the form of holding a hearing, or of confining the parties in a room until they come to an agreement, or of taking some other approach, is up to the Magistrate Judge.

In addition, Taco Bell has filed a motion to decertify the class, and plaintiffs have filed a motion to amend the class definition and have also filed an opposition to Taco Bell's motion. The parties need to schedule dates for Taco Bell's opposition to plaintiffs' motion, and for plaintiffs' reply to Taco Bell's opposition, and also for Taco Bell's reply to plaintiffs' opposition to Taco Bell's motion.[1] Accordingly, Magistrate Judge Cousins shall also persuade the parties to come to an agreement regarding the above-described scheduling.

**IT IS SO ORDERED.**

Dated: November 28, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[1] The court has already advised that it will set the hearing date once the motions are fully briefed.

2