# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCIE E. MOELLER, EDWARD MUEGGE, KATHERINE CORBETT, and CRAIG THOMAS YATES,<br><br>Plaintiffs,<br><br>v.<br><br>TACO BELL CORP.,<br><br>Defendant. | Case No. 02-cv-05849 PJH (NC)<br><br>**SUPPLEMENTAL ORDER RE: CLASS DEPOSITIONS**<br><br>Re: Docket Nos. 659, 664 |

    This order supplements the Court's December 7, 2011, order regarding discovery. That order permitted Taco Bell to take up to thirty-five depositions of class members by February 15, 2012. Dkt. No. 659. Taco Bell has taken fourteen depositions to date, so what remains of this portion of the discovery is the scheduling of twenty-one depositions. Dkt. No. 664 at 1-2. The Court held a discovery status conference regarding the scheduling of depositions on January 11, 2012. Dkt. No. 663. Yesterday, at the Court's request, Plaintiffs filed a further status report concerning the depositions. Dkt. No. 664. This order addresses issues raised in the status conference and status report.

    As detailed in Plaintiffs' chart of scheduled depositions, Dkt. No. 64 at 5-7, the parties have scheduled nineteen depositions. Plaintiffs have offered three class members as alternate deponents for the remaining two depositions Taco Bell is permitted to take: George Partida,

Case No. 02-cv-05849 PJH (NC)
SUPPLEMENTAL ORDER
RE: DISCOVERY STATUS

Brian Schreifels, and Allan Zimmerman. *Id.* at 6.

Taco Bell insists on deposing class members Jaye Fortune, Gladys Lovelace, Brenda Willhide, and Annie Miller. *Id.* at 3. These class members, however, are unavailable to be deposed before the February 15 deadline. *Id.* at 2. Taco Bell's counsel demanded on January 18, 2012, that Plaintiffs remove these four class members from the class if they are unavailable to be deposed. *Id.* at 8. Taco Bell's effort to condition the scheduling of the remaining depositions on the removal of these four class members from the class is inappropriate, as it is for the District Court to determine whether Fortune, Lovelace, Willhide, and Miller should be able to participate in any class recovery in this case.

Accordingly, the Court finds that Plaintiffs' proffer of nineteen scheduled deponents and three alternate deponents is sufficient. By January 20, 2012, at 5:00 p.m., Taco Bell must notify Plaintiffs' counsel in writing as to which two of the three alternate deponents referenced above, if any, it wishes to depose. The deposition and briefing deadlines remain unchanged.

Additionally, by January 27, 2012, the parties must file jointly in ECF a further status report concerning the scheduling of depositions. In that report, and in any future submissions to this Court, each party must refrain from including any of its own "conclusions" regarding the possible motivations of its opponent. *See, e.g.*, Dkt. No. 664 ¶ 2 ("Based on the following, it is Plaintiffs' reluctant conclusion that TBC is more interested in delay than depositions."). The parties are ordered to stick to the facts.

IT IS SO ORDERED.

DATED: January 19, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge