**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE E. MOELLER, et al.,

    Plaintiffs,                              No. C 02-5849 PJH

    v.                                       **ORDER**

TACO BELL CORPORATION,

    Defendant.
_____/

Before the court is the motion of defendant Taco Bell Corporation ("Taco Bell") for an order decertifying the class, and the motion of the named plaintiffs for an order altering and amending the class certification order.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS Taco Bell's motion in part and DENIES it in part, and DENIES plaintiffs' motion.[1]

**BACKGROUND**

This case was originally filed on December 17, 2002, as a proposed class action, challenging architectural barriers at corporate-owned Taco Bell restaurants in California. The complaint asserted a right to injunctive relief under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181, et seq., as well as a state law claim for damages under the Unruh Act, Cal. Civ. Code § 51, et seq.

The original complaint alleged that the named plaintiffs were seeking "to maintain this action as a class action under Rule 23(b)(2) and/or Rule 23(b)(3)." Cplt ¶ 20.  The complaint alleged further that "[m]oney damages alone are inadequate," and that "the primary relief sought is injunctive relief." Cplt ¶¶ 4, 25.

_____

[1] As the motions are fully briefed, the court has heard numerous dispositive motions, and a trial has occurred, the court determined that a further hearing was unnecessary.

United States District Court

For the Northern District of California

1    On August 4, 2003, plaintiffs amended the complaint to plead an additional state law

2 claim for relief under the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54, et

3 seq.  In all other respects, the first amended complaint ("FAC") is identical to the original

4 complaint, including that the named plaintiffs are seeking "to maintain this action as a class

5 action under Rule 23(b)(2) and/or Rule 23(b)(3)," and that "the primary relief sought is

6 injunctive relief."  FAC ¶¶ 20, 25.

7    In September 2003, plaintiffs filed a motion seeking certification of a class under

8 Federal Rule of Civil Procedure 23(b)(2).  The proposed class consisted of

9    [a]ll individuals with disabilities who use wheelchairs or electric scooters for
     mobility who, at any time on or after December 17, 2001, were denied, or are
10   currently being denied, on the basis of disability, full and equal enjoyment of
     the goods, services, facilities, privileges, advantages, or accommodations of
11   California Taco Bell.

12   The motion was granted on February 23, 2004.  See Moeller v. Taco Bell Corp., 220

13 F.R.D. 604 (N.D. Cal. 2004).  The order noted that "[t]he putative class seeks an injunction

14 ordering [d]efendant to adopt policies to ensure access for customers who use wheelchairs

15 and scooters, and to bring all of its facilties into compliance with [the ADA, the Unruh Act,

16 and the DCPA]." Id. at 605.  The class was certified under Rule 23(b)(2) for injunctive relief

17 and minimum statutory damages under the Unruh Act and the CDPA. See id. at 608-14.

18 Plaintiffs did not seek certification of a Rule 23(b)(3) class, and the court did not address

19 any such alternative certification.

20   On October 4, 2004, the court appointed a Special Master, who surveyed the

21 approximately 220 restaurants at issue.  The results of his surveys are in the court file.

22 See Docket Nos. 216 though 240.  In February 2007, the plaintiffs moved for partial

23 summary judgment based on the Special Master's measurements as to specified

24 architectural elements.  On August 8, 2007, the court granted the motion in part and denied

25 it in part. See Moeller v. Taco Bell Corp., 2007 WL 2301778 (N.D. Cal. Aug. 8, 2007).

26   The case was reassigned to the undersigned district judge in April 2008.  In June

27 2011, the court conducted an exemplar trial concerning Restaurant 4518 in San Pablo,

28 California.  On October 5, 2011, following the benchmark trial regarding Restaurant 4518,

1 the court issued Findings of Fact and Conclusions of Law ("Findings"), ruling that "plaintiffs

2 have established that classwide injunctive relief is warranted, with regard to maintaining

3 compliance, both as to Taco Bell 4518, and as to all corporate Taco Bell restaurants in

4 California." Moeller v. Taco Bell Corp., 816 F.Supp. 2d 831, 868-69 (N.D. Cal. 2011).

5 Following the Supreme Court's decision in Wal-Mart Stores, Inc. v. Dukes, __ U.S.

6 __, 131 S.Ct. 2541 (2011), Taco Bell filed the present motion seeking decertification of the

7 plaintiff class. Plaintiffs seek an order "altering and amending" the class certification order

8 to certify the claims for injunctive relief and the "issue" of liability for damages under Rule

9 23(b)(2), and to certify the "issue" of the amount of damages under Rule 23(b)(3).

10 **DISCUSSION**

11 A.    Legal Standards

12 Federal trial courts have broad discretion to manage the conduct of litigation and to

13 structure trials in a manner that expedites the proceedings while achieving the core

14 purposes of a trial and protecting litigants' rights. Trial courts have "both the duty and the

15 broad authority to exercise control over a class action and to enter appropriate orders

16 governing the conduct of counsel and the parties." Hoffmann-La Roche Inc. v. Sperling,

17 493 U.S. 165, 171 (1989).

18 "A district court's order respecting class certification is 'inherently tentative' prior to

19 final judgment on the merits." Officers for Justice v. Civil Serv. Comm'n, 688 F.2d 615, 633

20 (9th Cir. 1982). Thus, an order granting class certification may be altered or amended at

21 any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C); see also General Tel. Co. of

22 SW v. Falcon, 457 U.S. 147, 160 (1982) ("Even after a certification order is entered, the

23 judge remains free to modify it in light of subsequent developments in the litigation."). In

24 addition, "[w]hen appropriate, an action may be brought or maintained as a class action

25 with respect to certain issues." Fed. R. Civ. P. 23(c)(4).

26 The court may decertify a class if the requirements for class certification under

27 Federal Rule of Civil Procedure 23 are not met. See General Tel. Co. of SW v. Falcon, 457

28 U.S. 147, 160 (1982); Gonzales v. Arrow Fin. Servs., 489 F. Supp. 2d 1140, 1153 (S.D.

United States District Court
For the Northern District of California

3

United States District Court
For the Northern District of California

1  Cal. 2007); O'Connor v. Boeing N. Am., Inc., 197 F.R.D. 404, 410 (C.D. Cal. 2000).  The

2  decision on whether to decertify lies within the court's sound discretion.  Knight v. Kenai

3  Peninsula Borough Sch. Dist., 131 F.3d 807, 816 (9th Cir. 1997).

4          A party seeking decertification of a class bears the burden of demonstrating that

5  class certification is no longer proper.  Weigele v. Fedex Ground Package Sys., 267 F.R.D.

6  614, 617 (S.D. Cal. 2010).  However, in order to maintain – or alter or amend – certification,

7  the party advocating certification bears the burden of demonstrating that the requirements

8  of Rule 23(a) and (b) are met.  See Marlo v. UPS, 639 F.3d 942, 947 (9th Cir. 2011).

9          Rule 23(a) has four requirements, all of which must be met – numerosity,

10  commonality, typicality, adequacy of representation.  Fed. R. Civ. P. 23(a).  A party seeking

11  class certification must also meet one of the three criteria listed in Rule 23(b), which

12  provides that a party may maintain a class action if

13          (1) the prosecution of separate actions by or against individual members of
            the class would create a risk of
14

15          (A) inconsistent or varying adjudications with respect to individual members of
            the class which would establish incompatible standards of conduct for the
            party opposing the class, or
16

17          (B) adjudications with respect to individual members of the class which would
            as a practical matter be dispositive of the interests of the other members not
            parties to the adjudications or substantially impair or impede their ability to
18          protect their interests; or

19          (2) the party opposing the class has acted or refused to act on grounds
            generally applicable to the class, thereby making appropriate final injunctive
20          relief or corresponding declaratory relief with respect to the class as a whole;
            or
21

22          (3) the court finds that the questions of law or fact common to the members of
            the class predominate over any questions affecting only individual members,
            and that a class action is superior to other available methods for the fair and
23          efficient adjudication of the controversy.

24  Fed. R. Civ. P. 23(b).

25          In addition, under Rule 23(c)(4), "[w]hen appropriate, an action may be brought or

26  maintained as a class action with respect to particular issues."  Fed. R. Civ. P. 23(c)(4)(A).

27  B.     The Parties' Motions

28          Taco Bell seeks decertification of the entire class.  First, Taco Bell contends that

4

1   plaintiffs' monetary claims were improperly certified because, as the Supreme Court

2   clarified in <u>Dukes</u>, individualized monetary relief is not available to a Rule 23(b)(2) class,

3   and also because injunctive and declaratory relief cannot be applied to the class as a

4   whole.

5          Taco Bell also asserts that the class does not meet the Rule 23(a) commonality

6   requirement, as re-defined by the Supreme Court in <u>Dukes</u>, and also does not meet the

7   typicality or adequacy requirements.  Finally, Taco Bell contends that to the extent that

8   plaintiffs will argue that the class definition should be modified to include a Rule 23(b)(3)

9   class, the damages claims are not amenable to class treatment under Rule 23(b)(3)

10         Plaintiffs seek an order "altering and amending" the class certification order so that

11  the class claims seeking injunctive relief, and the "issue" of liability for "minimum statutory

12  damages" can be certified under Rule 23(b)(2), and the "issue" of the amount of damages

13  to be actually recovered by each class member as to five "Key Barriers" can be certified

14  under Rule 23(b)(3).  To this end, plaintiffs propose a redefined class consisting of

15

16          All individuals with disabilities who use wheelchairs or electric scooters for
            mobility who, at any time on or after December 17, 2001, were denied, or are

17          currently being denied, on the basis of disability, full and equal enjoyment of
            the goods, services, facilities, privileges, advantages, or accommodations of
            California Taco Bell corporate restaurants based on any one of the following

18          non-compliant barriers: access aisles at van accessible parking; entry or
            restroom door force; number or dimensions of accessible seating positions;

19          queue line; height of restroom amenities.

20         The court agrees that the Supreme Court's decision in <u>Dukes</u> mandates

21  decertification of the damages portion of the class as certified.  Rule 23(b)(2) "does not

22  authorize class certification when each class member would be entitled to an individualized

23  award of monetary damages."  <u>Dukes</u>, 131 S.Ct. at 2557.  Here, it is undisputed that the

24  monetary relief sought by plaintiffs under state law in this action is individualized, as it is

25  based on denial of access as to each class member, with damages to be awarded "per

26  occasion."  Under <u>Dukes</u>, no claim for individualized relief may be combined with a class

27  injunction under Rule 23(b)(2).  <u>See</u> <u>id.</u> at 2557-58.

28         With regard to injunctive relief, however, the court agrees with plaintiffs that the

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1 class meets the requirements of Rule 23(a). In particular, the court finds, as set forth in the

2 February 23, 2004 class certification order, and also supported by the August 8, 2007

3 summary judgment order and the October 5, 2011 Findings, that there are sufficient

4 "questions of law or fact common to the class" to warrant certifying a class for injunctive

5 relief. Given the narrow scope of the court's prior ruling regarding entitlement to injunctive

6 relief, see Moeller v. Taco Bell, 816 F.Supp. 2d at 868-69, the claims are sufficiently

7 common to satisfy Rule 23(a)(2). The court also finds, as set forth in the class certification

8 order, that plaintiffs have satisfied the typicality and adequacy-of-representation

9 requirements of Rule 23(a)(3) and (4).

10    The primary dispute raised by the present motions is whether plaintiffs' state law

11 damages claims can be certified. Plaintiffs' state law claims under the Unruh Act and the

12 CDPA seek individualized relief or an individualized award of money damages. As noted

13 above, certification is not proper under Rule 23(b)(2), because damages must be

14 determined on an individualized basis. See Dukes, 131 S.Ct. at 2557 (claims for

15 individualized relief do not satisfy the requirements of Rule 23(b)(2)).

16    The state law claims also cannot be certified under Rule 23(b)(3) – both because the

17 claims are individualized and unique, and questions of law and fact common to the

18 members of the class do not predominate over questions affecting only individual

19 members, and because a class action would not be superior to other available methods of

20 adjudication, in view of the problems in managing such a class.

21    Plaintiffs impliedly concede that certification is not proper under either Rule 23(b)(2)

22 or Rule 23(b)(3), and propose instead a "hybrid" certification. Plaintiffs argue that the court

23 should certify "issues" under Rule 23(c)(4) – specifically, that the court should certify the

24 issue of liability under Rule 23(b)(2) and should certify the issue of damages under Rule

25 23(b)(3).

26    The court finds, however, that the issue of classwide liability cannot be separately

27 certified under Rule 23(b)(2) through the application of the Rule 23(c)(4) issue-certification

28 procedure. California courts have held that to maintain an action under the CDPA, a

1 plaintiff must establish that he or she was denied equal access to a public facility on a

2 particular occasion.  See Donald v. Café Royale, Inc., 218 Cal. App. 3d 168, 183 (1990);

3 see also Raycraft v. Lee, 177 Cal. App. 4th 1211, 1223 (2009); Urhausen v. Longs Drug

4 Stores California Inc., 155 Cal. App. 4th 254, 263-66 (2007); Boemio v. Love's Rest. 954 F.

5 Supp. 204, 207-08 (S.D. Cal. 1997).[2]  Thus, the issue of liability for damages cannot be

6 determined on "grounds generally applicable to the class."  Fed. R. Civ. P. 23(b)(2).

7 Similarly the issue of classwide damages cannot be separately certified under Rule

8 23(b)(3) through the application of Rule 23(c)(4), because damages for California disability

9 claims are inextricably intertwined with individualized liability questions, and it is thus

10 impossible to make an across-the-board conclusion as to the recovery of damages by any

11 class member.  An individual class member's claim for damages cannot be adjudicated

12 simply by demonstrating the mere presence of an alleged non-compliant feature.[3]  Each

13 class member must show how he or she was personally affected and was denied full and

14 equal access by the defendant.  See, e.g., Urhausen, 155 Cal. App. 4th at 266.

15 Put another way, because damages must be based on an individualized

16 determination of liability, common questions of law and fact regarding entitlement to

17 damages do not predominate over questions affecting only individual members.  It is not

18 only damages that are individualized, but also liability and causation, because the issue is

19 whether an individual class member has any claim at all.  See Pryor v. Aerotek Scientific,

20 LLC, 278 F.R.D. 516, 532-33 (C.D. Cal. 2011).  Such fact-specific individual liability and

21 damages questions cannot be determined on a classwide basis.  Rodriguez v. Gates, 2002

22 WL 1162675 at *11 (C.D. Cal. May 30, 2002); see also Dunbar v. Albertson's, Inc., 141

23 Cal. App. 4th 1422, 1427 (2006).

24

25    [2] The court effectively acknowledged this fact in the summary judgment order, when
26 it stated that "[i]t is true that to be entitled to monetary damages the class members must
demonstrate a denial of 'equal access.'"  Moeller v. Taco Bell Corp., 2007 WL 2301778 at *16
(citing Donald, 218 Cal. App. 3d at 183).

27    [3] As only one named plaintiff testified at the trial of the exemplar store, the Findings for
28 the most part chronicle the non-compliant features rather than examining how individual
plaintiffs were personally affected by such non-compliant features.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1      Plaintiffs contend that the calculation of damages will be a simple matter of adding

2   up the number of times each class member was aggrieved by noncompliant barriers.  The

3   court notes, however, that while the class has been found to be sufficiently numerous and

4   ascertainable, plaintiffs have actually made no showing as to how many people are in the

5   class.  At one point, plaintiffs estimated (based on statistics regarding the number of people

6   in California who use wheelchairs or scooters) that the class could include as many as

7   150,000 class members.  See 220 F.R.D. at 608.  Presumably this does not include the

8   people in wheelchairs who live in other states, but may have stopped at a Taco Bell while

9   traveling through California.

10      At a minimum, however, it appears that more than 1000 class members have

11   contacted plaintiffs' counsel about the case, after having read the "Taco Bell Class Action

12   Website" that is sponsored by class counsel.  The website states that "[t]he class is seeking

13   up to $4,000 for each time a class member encountered a barrier at a covered Taco Bell[,]"

14   adding that "a class member may be entitled to collect damages for each time he or she

15   had difficulty parking, had difficulty getting to the counter because of a narrow queue line,

16   had difficulty using the restroom because it was too small or obstructed, or encountered

17   other barriers."

18      Thus, because of the intersection between liability for separate violations and the

19   damages calculation, there would need to be a finding – for each class member in this

20   potentially huge class – regarding which Taco Bell store or stores he/she visited, how many

21   times he/she visited each store, when the visits occurred, what "Key Barriers" he/she

22   encountered, and what his/her disability was and whether the "Key Barrier" precluded

23   access for him/her at that particular Taco Bell.  Based on this, the court finds – even apart

24   from the fact that the liability and damages issues are inextricably intertwined – that

25   certifying a (b)(3) class for the issue of damages would not constitute a superior method for

26   adjudicating the controversy.

27      It is true that "there is no rule against 'hybrid certification' under both Rule 23(b)(2)

28   and 23(b)(3)."  Beck v. The Boeing Company, 60 Fed. Appx. 38, 39, 2003 WL 683797 at *1

1  (9th Cir. Feb. 25, 2003). Rule 23(c)(4) recognizes that it may be appropriate to achieve the

2  fairness and efficiencies of class-wide adjudication as to one or more issues that are

3  common to all class members, even if other issues are litigated separately by individual

4  class members. Nevertheless, "issue certification should never be undertaken lightly, or

5  used to 'fix' manifest Rule 23(b)(3) predominance problems presented where key issues

6  going to liability require individualized proof." McLaughlin on Class Actions (2011) § 4:43.

**CONCLUSION**

8       In accordance with the foregoing, Taco Bell's motion is GRANTED in part and

9  DENIED in part. The motion to decertify the claims for injunctive relief is DENIED. The

10  motion to decertify the damages claims is GRANTED. Plaintiffs' motion is DENIED.

11      With regard to the form of the injunction, it is unclear, with this latest round of

12  briefing, whether plaintiffs are seeking injunctive relief as to all barriers or as to the five

13  "Key Barriers" only. Thus, no later than August 31, 2012, each side shall submit a

14  proposed injunction with respect to the Rule (b)(2) class.

15      The named plaintiffs are entitled to a trial as to damages under state law. No later

16  than August 31, 2012, the parties shall submit a proposed status statement regarding

17  discovery, if any; scheduling; the length of the proposed trial; and whether the damages

18  claims are to be tried to a jury. Depending on the number of days requested, the court will

19  advise the parties as to available dates.

20      Any of the unnamed plaintiffs who wish to proceed with damages claims may file a

21  separate lawsuit.

22

23  **IT IS SO ORDERED.**

24  Dated: July 26, 2012

25                                    _____
                                      PHYLLIS J. HAMILTON
                                      United States District Judge

26

27

28

_United States District Court_
_For the Northern District of California_

9