1 | GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
2 | ROGER L. SCOTT (SBN 247165)
3161 Michelson Drive, Suite 1000
3 | Irvine, California 92612
Telephone: (949) 732-6500
4 | Facsimile:  (949) 732-6501
Email:  hurleyg@gtlaw.com, scottro@gtlaw.com
5 | Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANCIE E. MOELLER, et al.,<br><br>     Plaintiffs,<br><br>vs.<br><br>TACO BELL CORP.,<br><br>     Defendant. | CASE NO. C 02-5849 PJH  NC<br><br>**NOTICE OF MOTION AND MOTION TO RECONSIDER IMPOSITION OF CLASS-WIDE INJUNCTIVE RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Matthew Shaw filed concurrently herewith]<br><br>JUDGE:     Hon. Phyllis J. Hamilton |

**TO THE COURT, PLAINTIFFS, AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE** that Defendant Taco Bell Corporation ("Taco Bell") hereby moves this Court for an Order reconsidering its July 26, 2012 Order requiring the parties to submit proposed injunctions until a trial plan for injunctive relief as to the remaining stores is considered and implemented, and Taco Bell has the opportunity to present evidence in opposition to class-wide injunctive relief, because the Court manifestly failed to consider its own prior rulings about the extent of the exemplar trial in ordering class-wide injunctive relief.  Local Rule 7-9(b)

Pursuant to Local Rule 7-9(d), further briefing and/or a hearing on a motion to reconsider is set only at the Court's discretion.  Taco Bell hereby requests that the Court exercise its discretion and set a briefing schedule and hearing on this Motion so that the parties may fully brief and argue these issues.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Matthew Shaw filed concurrently herewith, and any other facts and evidence presented to this Court through further briefing or oral argument.

DATED:  August 29, 2011

By /s/ GREGORY F. HURLEY
GREGORY F. HURLEY
Attorneys for Defendant
TACO BELL CORP

## I.   INTRODUCTION

Defendant Taco Bell Corporation ("Taco Bell") was surprised by the Court's instruction in its July 26, 2012 Order a requirement that the parties "submit a proposed injunction with respect to the Rule (b)(2) class."[1] The Court's decision is manifestly unjust because the Court's own orders demonstrate that the exemplar trial was not intended as a vehicle for relief beyond store 4518 and deprives Taco Bell of its due process rights with respect to defending itself against class-wide relief. Taco Bell has not been provided an opportunity to present defenses related to the current, <u>compliant</u> state of its corporate owned stores. In fact, the Court specifically excluded evidence relating to any store other than Store 4518 from the exemplar trial.

In addition, no effective injunctive relief can be granted absent proof, on a class-wide basis, that some wrong remains to be remedied by Taco Bell. The Court itself admits that it lacks information about what alleged barriers the Plaintiffs actually seek to remedy. Further, many of the stores previously included in the class analysis are no longer owned by Taco Bell.

Both Plaintiffs and the Court acknowledge that, due to Taco Bell's own corrective actions, there are no longer any barriers to enjoin. Moreover, Plaintiffs have disavowed any claim for modification of policy. As a result, it appears the only injunction that could issue would be an improper and overbroad injunction doing nothing more than instructing Taco Bell to "obey the law".

Thus, Taco Bell respectfully requests that the Court reconsider its July 26, 2012 Order requiring the parties to submit proposed injunctions until a trial plan for injunctive relief as to the remaining stores is considered and implemented, and Taco Bell has the opportunity to present evidence in opposition to class-wide injunctive relief.

///
///
///
///

---

[1] Taco Bell was similarly surprised by the Court's reference to class-wide injunctive relief in its October 5, 2011 Findings of Fact and Conclusions of Law, but did not raise any objection at that time because the Court specifically suspended any final ruling on injunctive relief until Taco Bell's Motion to Decertify was decided.

## II. RELEVANT BACKGROUND

On December 16, 2009, the Court recognized the impossibility of basing class-wide injunctive relief on evidence from a single store:

> And in my view it's not enough just to talk about, well, the real issue is policy. <u>You still have to have an access problem</u>. And you have alleged violations with respect to 200 stores--…but you have to show that there are these violations. And clearly, <u>the one store is not representative of the next, each store is different, each store has its own set of problems</u>. To the extent that issues are remedied, to the extent that problems are more significant than—less significant depending upon the store, <u>all of that impacts the court's ability to fashion an injunction</u>.

[December 16, 2009, Tr. Of Ct. H'rg at 14:24-15:11] (emphasis added)

On December 23, 2009, the Court ordered an exemplar trial stating, "<u>plaintiffs will choose the store they wish to use as an exemplar</u>," and,

> any issues remaining (ADA and/or state law) will be tried <u>as to that one store</u>.
>
> Following trial, the court will determine how to proceed with respect to the remaining 219 stores.

[Ord. Re: Def.'s Mtn. for Summ. Jud., Docket 512 at 2:8-13] (emphasis added)

On April 5, 2010, the Court entered an order regarding the parties' "Joint stipulation and order re: bifurcation of discovery and exemplar trial" stating, in pertinent part:

> An initial trial shall be held regarding an exemplar store, store number 4518. The trial as to this store shall be bifurcated into stages. The first stage of the trial shall be on the issues of whether there have been violations of federal and/or state law and injunctive relief.

[Ord. Re: Bifurcation of Disc. and Exemplar Trial, Docket 524 at 5:5-8]

Relying on the Court's stated objectives for the exemplar trial, prior to the "liability" phase, Taco Bell filed its "Motion in Limine No. 1 to exclude any evidence of alleged accessibility barriers at any store besides the exemplar store 4518." In its Motion *in Limine*, Taco Bell recited the prior Orders mentioned above, and explained, "there was absolutely nothing to indicate that the scope of the

2

upcoming exemplar trial would involve alleged violations and injunctive relief relating to any store besides store 4518." [Mtn. in Limine, Docket 555 at 6:28-7:2] Taco Bell pointed out to the Court:

> If evidence from other stores is allowed it would force Taco Bell to rebut with introduce [sic] voluminous evidence establishing how its other stores comply with the law. The trial of the exemplar store would become a trial of more than 200 stores.

[Mtn. in Limine, Docket 555 at 7:23-26]

The Court agreed with Taco Bell's position, and granted Taco Bell's Motion *in Limine* excluding from the exemplar trial any evidence of barriers at any store other than store 4518. [Final Pretrial Ord., Docket 580 at 2:10-11] Consistent with the Court's stated intent and its Order on Taco Bell's Motion *in Limine*, Taco Bell refrained from introducing evidence of compliance at stores other than Store 4518, even where such evidence would have been relevant to the question of class-wide injunctive relief.

As a result, Taco Bell was surprised when the Court's Findings of Fact and Conclusions of Law from the exemplar trial purported to address class-wide injunctive relief "as to all corporate Taco Bell restaurants in California." [Find. Fact Concl. Law, Docket 642 at 53:24-26] However, the Court stayed any further debate regarding injunctive relief pending determination of Taco Bell's motion to decertify. [Ibid. at 53:26-54:3]

### III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 54, "any order…that adjudicates fewer than all the claims or the rights and liabilities…may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b). Reconsideration is appropriate if the District Court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is in intervening change in controlling law. *Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, No. 07cv0837, 2008 WL 6693714 (S.D. Cal. Aug. 19, 2008). Ultimately, the decision on a motion for reconsideration lies in the Court's sound discretion. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003)(citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)); Local Rule 7-9(b) ("manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order").

## IV.  ARGUMENT

The Court's announced intention to impose class-wide injunctive relief, in both its October 11, 2011 Findings of Fact and Conclusions of Law and its July 26, 2012 Order is manifestly unjust for the following reasons.

### A.  Granting Class-Wide Injunctive Relief Based Solely On Plaintiff's Handpicked Exemplar Store Violates Taco Bell's Due Process Rights.

The Court's effort to extrapolate evidence from a single "exemplar" trial, where no evidence from any other store was presented violates Taco Bell's due process rights:

> [B]efore a trial court may utilize results from a bellwether trial for a purpose that extends beyond the individual cases tried, it must, prior to any extrapolation, find that the cases tried are representative of the larger group of cases or claims from which they are selected.
>
> *****
>
> We recognize that in appropriate cases common issues impacting upon general liability or causation may be tried standing alone. However, when such a common issue trial is presented through or along with selected individuals' cases, concerns arise that are founded upon considerations of due process.
>
> *****
>
> The elements of basic fairness contained in our historical understanding of both procedural and substantive due process therefore dictate that when a unitary trial is conducted where common issues, issues of general liability, or issues of causation are coupled with a sample of individual claims or cases, the sample must be one that is a randomly selected, statistically significant sample.

*In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1020-1021 (5th Cir. 1997) (emphasis added).

The Court's announced intention to extend the results of the Store 4518 exemplar trial to all other stores is without any consideration of due process. The Court made no determination that Store 4518 is representative of the other stores included in the class, nor was Store 4518 "randomly selected." Quite to the contrary, the Court allowed Plaintiffs to hand-pick the exemplar store. [Ord. Re: Def.'s

Mtn. for Summ. Jud., Docket 512 at 2:8-13] Presumably Plaintiffs did so with an eye toward a resolution most favorable to them, not a statistically representative store. Nor, for that matter, can a single store be a "statistically significant" sample of 220 stores.

Moreover, an exemplar trial can only be extended to bind on a class-wide basis if the parties have expressly agreed to do so. *See, In re TMI Litigation*, 193 F.3d 613, 627-628 (3d Cir. 1999).

> *TMI* must remind us to focus on what was actually litigated and who should be bound and benefit from those results. That concern must override arguments about inconsistent results and time-consuming litigation of the same issue. <u>If the parties intended to bind subsequent litigation with the results of prior test trials, the record must clearly memorialize that agreement</u>.

*Dodge v. Cotter Corp.*, 203 F.3d 1190, 1200 (10th Cir. 2000) (emphasis added).

Here, there was no agreement that the exemplar trial could or would bind Taco Bell on a class-wide basis, a fact this Court specifically acknowledged when it expressly stated that a trial as to a single store could not be used to impose class-wide injunctive relief:

> <u>[T]he one store is not representative of the next, each store is different, each store has its own set of problems</u>. To the extent that issues are remedied, to the extent that problems are more significant than—less significant depending upon the store, <u>all of that impacts the court's ability to fashion an injunction</u>.

[December 16, 2009 Tr. Of Ct. H'rg at 14:24-15:11] (emphasis added).

Underscoring the procedural unfairness of imposing a class-wide injunction based merely on the exemplar trial, Taco Bell explicitly spelled out for the Court prior to the exemplar trial the necessity of introducing additional evidence if the Court intended to address any relief beyond that single store:

> If evidence from other stores is allowed it would force Taco Bell to rebut with introduce [sic] voluminous evidence establishing how its other stores comply with the law. The trial of the exemplar store would become a trial of more than 200 stores.

[Mtn. in Limine, Docket 555 at 7:23-26]

The Court agreed and barred evidence from any other store from Plaintiffs and Taco Bell alike, meaning that Taco Bell had no notice that class-wide relief could or would be imposed, and was prevented from introducing any evidence to defend itself on those issues.

The purpose of an exemplar trial is not to make a class-wide determination, but "to determine the nature and strength of the claims [and] whether they can be fairly developed and litigated on a group basis." *In re Hydroxycut Marketing and Sales Practice Litigation*, 2012 WL 2522859 at *2 (S.D. Cal. June 29, 2012). This is exactly what the Court represented it was doing here:

> [A]ny issues remaining (ADA and/or state law) will be tried <u>as to that one store</u>.
> <u>Following trial, the court will determine how to proceed with respect to the remaining 219 stores</u>.

[Ord. Re: Def.'s Mtn. for Summ. Jud., Docket 512 at 2:8-13] (emphasis added).

Store 4518 was not selected as a representative sample store for the imposition of class-wide injunctive relief, nor was Taco Bell put on notice that it would be used as such. To the contrary, the Court stated that no evidence beyond that store would be considered. As a result, the Court cannot impose class-wide injunctive relief at this stage.

### B.     The Court Admits It Lacks Information To Fashion An Injunction

The Court's July 26, 2012 Order admits one of the major impediments to granting injunctive relief at this stage—Plaintiffs have failed to articulate any consistent request for injunctive relief. The Court stated that "it is unclear, with this latest round of briefing, whether plaintiffs are seeking injunctive relief to all barriers or as to the five 'Key Barriers' only." [July 26, 2012 Order, Docket 680 at 9:11-12]

#### 1.     The Plaintiffs Have Limited Their Claims To "Five Key Barriers"

The scope of the claims at issue in this case has been a moving target. Plaintiffs originally articulated the injunctive relief sought in this case in an extremely overbroad fashion: "Should Plaintiffs prevail, <u>an injunction requiring Defendant to bring its restaurants into compliance with state and federal access regulations</u> would be both necessary and appropriate." [Pls.' Br. in Opp'n to Def.'s Mot. For Mod. Of Class Def. of 11/9/04 at 18:8-10; docket #122-1] (emphasis added). The Special Master Interim Survey Reports filed by plaintiffs on December 14, 2006 illustrates the scope of alleged barriers

that plaintiffs originally challenged in this case.  [Docket #216-#240, #242]

By the end of the exemplar trial, Plaintiffs had reduced their request to only twelve barriers. [Findings of Fact and Concl. of Law, Docket 642 at 3:1-12].  Now, <u>Plaintiffs have judicially admitted that only five "Key Barriers" are at issue</u>.  *See, e.g.* Pls. Mtn. to Alter and Amend, Docket 646-1 at 8:5-6 ("certification of the injunctive issues…for five Key Barriers…remains proper.")

### 2. Taco Bell No Longer Controls Many Of The "Corporate" Stores Assessed

In addition to determining the scope of the injunction in terms of barrier types, the Court must also examine which stores should be included in the injunction.  In this regard, the Special Master's reports are woefully outdated.  Throughout the decade-long progress of this case, Taco Bell has continued to sell company-owned stores to various franchises, thus moving them outside of the potential scope of any injunction in this case.  Plaintiffs themselves recognized this issue by seeking discovery of Taco Bell's franchising plans.  [Jt. Stmt. Re: Pls. Request For Add'l. Disc., Docket 662 at 2:2-15.

Currently, Taco Bell only owns 179 stores in California.  [Shaw Decl. ¶2]  It has sold or closed 36 stores since the Special Master completed his inspections in September of 2005, has signed commitments from purchasers for another 40 stores, and is actively engaged in negotiations to sell another 98 stores.  [Shaw Decl. ¶¶4-5]  Ultimately, Taco Bell plans to reduce the number of corporate-owned stores in California to 41 by the beginning of 2013.  [Shaw Decl. ¶3]

Obviously, this Court cannot bind stores no longer controlled by Taco Bell.  Thus, an injunction cannot issue absent evidence of which of the few remaining corporate-owned Taco Bell stores, if any, have access barriers.

### C. Absent Evidence Of Specific Violations, Any Purported Injunction Would Be An Impermissible "Obey The Law" Injunction

Plaintiffs have conceded that the stores at issue in this case are fully compliant by failing to seek any specific modification at any particular store in their June 23, 2010 [Proposed] Permanent Injunction. [Docket #526-1]  Moreover, Plaintiffs' proposed injunction was silent as to Taco Bell's policies.  *Ibid.* Indeed, Plaintiffs have expressly abandoned any claim for injunctive relief to modify Taco Bell's policies.  [Pls.' Trial Brief, Docket 550 at 20:7-8] ("The elements and defenses of an architectural access claim differ from those of a modification of policy claim.  *Plaintiffs are not making the latter claim in*

7

*this case.*") (emphasis added); Docket 550 at 20:16-17 ("Plaintiffs have no obligation to satisfy the elements of a reasonable modification [of policy] claim.").

As a result, the only potential injunction would be one ordering Taco Bell to "obey the law." However, injunctions to "obey the law" are improper and fail to comply with Federal Rule of Civil Procedure 65(d):

> Under Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." "To comply with the specificity and clarity requirements, an injunction must 'be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.' " "This rule against broad, vague injunctions 'is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed,' and to be sure 'that the appellate court knows precisely what it is reviewing.' "

*S.C. Johnson & Son, Inc. v. Clorox Co.,* 241 F.3d 232, 240-41 (2d Cir.2001); *see also Burton v. City of Belle Glade,* 178 F.3d 1175, 1200-01 (11th Cir.1999) (noting that, pursuant to Rule 65(d), "an injunction must 'contain "an operative command capable of enforcement" ' " and that a court is not capable of enforcing "so broad and vague an injunction" that simply requires that one obey the law); *see Cuviello v. City of Oakland*, 2009 WL 734676 (N.D. Cal. Mar. 19, 2009).

<u>Critically, there is no evidence in the record of any non-compliance at Store 4518, or any other store, since at least 2009</u>.  In fact, the Court itself acknowledged that Taco Bell 4518 "is currently a compliant accommodation," meaning that the only reason for an injunction would be to order Taco Bell to continue to obey the law:

> <u>The court finds</u> further that plaintiffs have standing to seek injunctive relief, <u>notwithstanding that Taco Bell 4518 is currently a compliant accommodation</u>, because they have established an intent to return to Taco Bell, and because they have sufficiently demonstrated that the <u>injury is likely to recur based on TBC's pattern of past violations of federal and state access laws</u>.

[Findings of Fact and Concl. of Law, Docket 642 at 53:17-21] (emphasis added).

Any such "obey the law" injunction would be improper.  As a result, no injunction can issue absent evidence of specific violations at Taco Bell stores.

## V.  CONCLUSION

For the foregoing reasons, Thus, Taco Bell respectfully requests that the Court reconsider its July 26, 2012 Order requiring the parties to submit proposed injunctions until a trial plan for injunctive relief as to the remaining stores is considered and implemented, and Taco Bell has the opportunity to present evidence in opposition to class-wide injunctive relief.

DATED:  August 29, 2011

By /s/ GREGORY F. HURLEY
GREGORY F. HURLEY
Attorneys for Defendant
TACO BELL CORP

9

Case No. 02-5849 PJH JL                                              Motion to Reconsider Injunctive Relief
OC 286972949v3