1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE E. MOELLER,

         Plaintiffs,

    v.

TACO BELL CORP.,

         Defendant.

_____/

No. C 02-5849 PJH

**ORDER MODIFYING CASE
MANAGEMENT PLAN**

      Following the case management conference on September 13, 2012, the court has reconsidered its case management approach to this litigation.  Based on a recent review of the first amended complaint ("FAC") prior to the conference, the court was under the impression that a trial of the damages claims asserted by plaintiff Katherine Corbett would not only resolve all of Ms. Corbett's claims, but would also, taken in conjunction with the findings following the trial of the exemplar store, resolve all claims as to Store 4518.  The court's case management and pretrial plan was based on this assumption.

      At the case management conference, however, plaintiffs' counsel for the first time, at least in the court's recollection, indicated (a) that Ms. Corbett visited stores other than Store 4518 and encountered barriers at those stores; (b) that at least one named plaintiff other than Ms. Corbett visited Store 4518 and encountered barriers at that store; and (c) that plaintiffs intend to pursue such claims at the damages trial(s).  Thus it is evident that, under plaintiffs' suggested proposal at least, the trial of Ms. Corbett's damages claims with regard to Store 4518 will neither resolve all of Ms. Corbett's claims nor resolve all claims as to Store 4518.  For these reasons, the court has concluded that it will not be possible to proceed in accordance with the schedule set forth at the case management

1  conference.

2      Moreover, given that the prior trial of the exemplar store involved only the access

3  barriers at Store 4518, it is clear that the issue of liability (which access barriers existed and

4  which were encountered by each plaintiff) will have to be tried as to each store visited by

5  the four named plaintiffs (although the facts/violations as to Store 4518 will be deemed

6  established), in addition to the issue of what damages were incurred by each plaintiff.

7  Plaintiffs will not be limited to the five "key barriers" set forth in their motion to amend/alter

8  the class definition, which proposal was essentially an offer to compromise.  However, the

9  trials will be conducted as to each plaintiff, not as to each store.  This means that each trial

10  will potentially be both a liability trial, much like the trial of Store 4518, and a damages trial,

11  resulting in what will likely be a longer trial.  A jury will have to decide the facts as to stores

12  other than Store 4518 and the damages as to each plaintiff.  The court was previously of

13  the opinion that the end of this protracted litigation was in sight, but given this new

14  development, it is clear that this litigation could span yet another decade.

15      Given this new development, the court has determined that the issue raised by

16  plaintiffs' claim for damages for encounters with barriers beyond those named in the FAC,

17  is one that must be resolved before motions in limine are filed because its resolution will

18  have a significant impact on trial preparation and the length of trial.  Accordingly, the court

19  vacates in part the pretrial schedule set at the case management conference and enters

20  the following schedule:

21      The discovery deadlines will remain the same.  Plaintiffs will disclose fact witnesses

22  and experts by September 20, 2012; Taco Bell will disclose fact witnesses and experts by

23  September 27, 2012; and plaintiffs will disclose any rebuttal expert witnesses by October 4,

24  2012.  All discovery (fact and expert) will be concluded by February 11, 2013.  All other

25  dates set at the case management conference are VACATED.

26      Within 21 days following the close of discovery, Taco Bell shall file a motion for

27  partial summary judgment as to whether the four named plaintiffs may proceed with claims

28  regarding barriers encountered by them at stores not disclosed in the first amended

United States District Court

For the Northern District of California

1   complaint.  And additionally, plaintiffs shall clarify in discovery whether they are also

2   claiming that they need not have personally encountered the barriers found to exist at Store

3   4518 (or any other store found by the Special Master to be out of compliance) in order to

4   obtain damages.  This issue shall also be covered by the motion for partial summary

5   judgment.  Plaintiffs shall file an opposition two weeks thereafter, followed within one week

6   with a reply by Taco Bell.

7            A trial date will be scheduled after this motion is resolved.

8

9   **IT IS SO ORDERED.**

10  Dated:  September 17, 2012

        _____
11                                       PHYLLIS J. HAMILTON
                                         United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3