UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCIE E. MOELLER, and others,<br><br>             Plaintiffs,<br><br>      v.<br><br>TACO BELL CORP.,<br><br>             Defendant. | Case No. 02-cv-05849 PJH (NC)<br><br>**ORDER RE: PROTECTIVE ORDER**<br>**AND REQUEST FOR PRODUCTION**<br><br>Re: Dkt. Nos. 709, 711, 712, 713, 714 |

Taco Bell seeks to redepose the named plaintiffs, plaintiffs' expert witnesses, and multiple unnamed members of the class. Plaintiffs seek a protective order prohibiting Taco Bell's additional depositions. Plaintiffs also request that the Court compel Taco Bell to produce discovery related to the sale and acquisition of restaurants. The issues are whether, under Federal Rule of Civil Procedure 26, (1) Taco Bell's additional depositions are warranted and (2) whether plaintiffs' request seeks relevant discovery. After considering the parties' letter briefs, the Court GRANTS IN PART and DENIES IN PART the requests.

**I.   Taco Bell's Request to Take Additional Depositions**

Taco Bell seeks to depose the named plaintiffs regarding damages, plaintiffs' experts on their work since 2010, and five unnamed class members who have filed damages actions against Taco Bell in state court since decertification. Taco Bell has already deposed the

named plaintiffs, the experts, and two of the five unnamed class members. Plaintiffs oppose these depositions and seek a protective order.

A party seeking to depose another person must obtain leave of court if the parties have not stipulated to the deposition and the deponent already has been deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). A court must grant leave to the extent consistent with Rule 26(b)(2). *Id.* Rule 26(b)(2) provides that a court must limit the frequency or extent of discovery otherwise allowed if it determines that (1) the discovery sought is unreasonably duplicative or can be obtained from a source that is more convenient, (2) the party seeking discovery has had "ample opportunity" to obtain the information by discovery in the action, or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). "A party or any person from whom discovery is sought may move for a protective order," and "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

### A.     Named Plaintiffs

Taco Bell asserts that it is entitled to redepose each of the named plaintiffs because the scope of the depositions conducted in 2003 did not include the facts alleged in the amended complaint, which was filed after the deposition. But, Taco Bell took the named plaintiffs' depositions for a second time, in 2010 and 2011, well after plaintiffs filed their amended complaint. As Taco Bell notes, no court limited the scope of the questions posed to the named plaintiffs during the second round of depositions. Therefore, Taco Bell has had ample opportunity to depose the name plaintiffs about the facts alleged in the amended complaint.

Taco Bell also seeks to redepose the named plaintiffs in response to plaintiffs' new claims that access to other restaurants besides Store 4518 is at issue and that Ms. Corbett's experience does not encapsulate the experiences of all of the named plaintiffs. Taco Bell asserts that it has never had the opportunity to depose the named plaintiffs about which restaurants they visited, which barriers they encountered there, and which damages they

seek.  At this stage of this protracted litigation, after two depositions, a trial, and substantial written and document discovery, Taco Bell has had ample opportunity to ask the named plaintiffs which stores they visited and when.  In an abundance of caution, however, the Court GRANTS plaintiffs leave to file pages from the 2003 depositions in which the named plaintiffs were asked about their damages claims, the restaurants they visited, and the barriers they encountered.  Plaintiffs must clearly mark the relevant portions of the depositions and serve and lodge copies with the Court by February 1, 2013 at 4:00 p.m.

### B. Plaintiffs' Experts

Taco Bell asserts that plaintiffs have not provided an update of their experts' work since they were deposed or a filed stipulation that the experts have not changed their positions.  By February 11, 2013, plaintiffs must certify that their experts have not made any amendments or additions to their reports, published any publications, or given expert testimony since their depositions, or disclose these changes to Taco Bell.

Taco Bell also seeks to redepose plaintiffs' experts.  Plaintiffs have offered to make two of their experts, Eric McSwain and Paul Reagan, available for two hours each to discuss their relevant work since their depositions.  The Court fails to see a dispute here.

Taco Bell has already deposed plaintiffs' third expert, Jim Terry, and has not given any reason, other than stating generally that plaintiffs have not been forthcoming with supplemental information about their experts, that it has to redepose him.  Speculation about the existence of conflicting opinions is not grounds to redepose.  Accordingly, the Court DENIES Taco Bell's request to redepose Terry.

### C. Unnamed Class Members

Taco Bell's request to depose five unnamed class members, two of whom Taco Bell has already deposed, seems to be based on the filing of claims in state court following decertification of the class as to damages.  This is merely the Court's assumption, however, because Taco Bell states no facts to support its claim that these plaintiffs are "percipient witnesses" that are "relevant to the named witnesses [sic] encounters."  Taco Bell has already deposed numerous unnamed members of the class and has had the opportunity to

ask them about which restaurants they visited, how their access was impeded, and what their damages were. In the absence of any facts or argument explaining how it has not already had ample opportunity to obtain information from the unnamed class members, the Court DENIES Taco Bell's request to depose the five unnamed class members.

**II.    Plaintiffs' Request to Compel Discovery of Taco Bell's Presence in California**

Plaintiffs seek discovery of Taco Bell's planned sales of California restaurants and prior acquisitions of property. Plaintiffs assert such discovery is relevant to defending against Taco Bell's mootness defense to the injunctive relief plaintiffs seek. Taco Bell concedes that information related to the sale, construction, or acquisition of stores in California is relevant. Because the injunctive relief is limited to California, Taco Bell objects to plaintiffs' request to the extent that it seeks information on acquisitions and construction nationwide.

Under Federal Rule of Civil Procedure 34, a party may serve on another party a request to produce documents and other tangible things within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). The scope of the request is governed by Rule 26(b), which allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 34(a)(1); Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Each request must describe "with reasonable particularity" the items to be produced. Fed. R. Civ. P. 34(b)(1). If a party fails to respond or to produce the requested documents, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B).

Because plaintiffs seek injunctive relief only in California, only Taco Bell's sales, acquisitions, or construction in California is relevant. Therefore, Taco Bell is ORDERED to produce documents related to the sale, acquisition, or construction of property in California by February 11, 2013.

//

1  Taco Bell states that it has made available all documents in counsel's office, but does
2  not state which office that is. The Court is not in a good position, therefore, to determine
3  whether this is a reasonable accommodation and mutually convenient. The parties are
4  ordered to meet and confer further about the method of discovery of Taco Bell's ownership
5  of property in California.
6  To address the outstanding issues in this order, and to ensure the parties meet the
7  discovery deadline set by Judge Hamilton, the parties will appear at a discovery status
8  conference on February 6, 2013 at 1:00 p.m. in Courtroom A, 15th Floor, U.S. District
9  Court, 450 Golden Gate Avenue, San Francisco, California.
10  IT IS SO ORDERED.
11  Date: January 29, 2013                                  _____
                                                            Nathanael M. Cousins
12                                                          United States Magistrate Judge

Case No. 02-cv-05849 PJH (NC)
ORDER RE: PROTECTIVE ORDER                5
AND REQUEST FOR PRODUCTION