1

2

3

4

5

6

7

8

9         **UNITED STATES DISTRICT COURT**

10        **NORTHERN DISTRICT OF CALIFORNIA**

11           **SAN FRANCISCO DIVISION**

12

13   FRANCIE E. MOELLER, and others,          Case No. 02-cv-05849 PJH (NC)

                    Plaintiffs,               **ORDER RE: DISCOVERY**
14                                            **HEARING AND LETTER BRIEF**

15          v.                                Re: Dkt. No. 717

     TACO BELL CORP.,
16
                    Defendant.
17

18        The parties attended a discovery status conference on February 6, 2013 to address

19   (1) the outstanding issues from the Court's January 29, 2013 order, and (2) two new issues

20   that plaintiffs raised in their February 5, 2013 discovery letter brief. *See* Dkt. No. 717.

21   **I.    Outstanding Issues from the Court's January 29, 2013 Order**

22        **A.    Plaintiffs' Protective Order**

23        Plaintiffs seek a protective order prohibiting Taco Bell's additional depositions of the

24   named plaintiffs.  Taco Bell asserts that it is entitled to redepose each of the named

25   plaintiffs because the scope of the depositions conducted in 2003 did not include the facts

26   alleged in the amended complaint.  It contends that it has never had the opportunity to

27   depose the named plaintiffs about which restaurants they visited, which barriers they

28   encountered there, and which damages they seek.

Plaintiffs submitted excerpts of the 2003 depositions of each of the named plaintiffs in accordance with the Court's order. Dkt. No. 716. These excerpts reveal that, in 2003, each of the named plaintiffs was asked which stores they visited and when, which barriers they encountered, and what injuries they suffered as a result of their visits. Although the depositions predated the filing of plaintiffs' amended complaint, plaintiffs filed a copy of the amended complaint on June 4, 2003 as an attachment to their motion for leave to amend. Taco Bell took the depositions of the named plaintiffs on June 11, June 12, July 2, and July 3 of 2003. Thus, Taco Bell was at least aware of the fact that plaintiffs sought to file an amended complaint, as well as what facts the proposed amendment contained. At today's hearing, plaintiffs also represented that their claims are limited to the facts presented in the depositions. Furthermore, this is an eleven-year-old case, and deposing the named plaintiffs is not the only discovery mechanism Taco Bell has had at its disposal. Therefore, the Court GRANTS plaintiffs' protective order and DENIES Taco Bell's request to redepose the named plaintiffs.

**B.    Production of Discovery Regarding of Taco Bell's Presence in California**

The Court ordered Taco Bell to produce documents related to the sale, acquisition, or construction of property in California by February 11, 2013. Dkt. No. 715. The parties have agreed that plaintiffs will have access to this discovery—approximately two to three boxes of documents—this Friday, February 8, 2013.

Plaintiffs indicated at the hearing today that they wish to conduct a Rule 30(b)(6) deposition related to this discovery. Plaintiffs asserted that they noticed the deposition but have not set it. The Court will permit this deposition, but the parties will need to seek an extension from Judge Hamilton to extend fact discovery past the present deadline.

**II.    New Issues Raised by Plaintiffs' February 5, 2013 Discovery Letter Brief**

Plaintiffs seek disclosure of the cases in which Taco Bell's expert has testified, including the case numbers and the courts in which the cases were filed. The Court ORDERS Taco Bell to provide plaintiffs with that information by February 13, 2013.

Plaintiffs also seek to depose a representative from Taco Bell regarding the

Case No. 02-cv-05849 PJH (NC)
ORDER RE: PROTECTIVE ORDER
AND REQUEST FOR PRODUCTION

2

company's responses to (1) a number of accessibility lawsuits filed against it prior to this dispute; (2) an amicus brief filed in 1997 by the Department of Justice in a Colorado class action in which the DOJ expressed an opinion that Taco Bell's queue lines violated the ADA; and (3) a 2003 summary judgment order from the Eastern District of California which held that some architectural elements of Taco Bell stores, including a queue line, violated the ADA.  As noted earlier, this case is eleven years old.  The discovery cut-off is five days from now.  Even if Judge Hamilton grants the parties' stipulated extension of time, presumably such an extension would be to finish outstanding discovery, not to begin new discovery.  Accordingly, the Court DENIES plaintiffs' request at this time.

Any party may object to this order within fourteen days under Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: February 7, 2013

Nathanael M. Cousins
United States Magistrate Judge