GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
ROGER L. SCOTT (SBN 247165)
3161 Michelson Drive, Suite 1000
Irvine, California 92612
Telephone: (949) 732-6500
Facsimile: (949) 732-6501
Email: hurleyg@gtlaw.com, scottro@gtlaw.com
Attorneys for Defendant
TACO BELL CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FRANCIE E. MOELLER, et al.,<br><br>Named Plaintiff,<br><br>vs.<br><br>TACO BELL CORP.,<br><br>Defendant. | CASE NO. C 02-5849 PJH NC<br><br>**DEFENDANT TACO BELL CORP.'S NOTICE OF MOTION AND MOTION PURSUANT TO THE COURT'S ORDER IN DOCKET #690 THAT PLAINTIFFS' ARE LIMITED TO CLAIMS PLED IN COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE:       TBD<br>TIME:       TBD<br>CTRM:<br>JUDGE:     Hon Phyllis J. Hamilton |

TACO BELL'S PARTIAL MOTION FOR SUMMARY JUDGMENT

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD PLEASE TAKE NOTICE**:

As ordered by this Court in Docket numbered 690 **"ORDER MODIFYING CASE MANAGEMENT PLAN"**, Defendant Taco Bell Corp., submits this motion for partial summary judgment on whether the four named plaintiffs may proceed with claims regarding barriers encountered by them at stores not disclosed in the first amended complaint.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Gregory F. Hurley, all pleadings and files in this matter, all matters of which this Court may take judicial notice and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

DATED:  March 4, 2013        GREENBERG TRAURIG, LLP


                      By /s/ GREGORY F. HURLEY
                         GREGORY F. HURLEY

                      Attorneys for Defendant TACO BELL CORP.

## I. INTRODUCTION

Defendant Taco Bell Corp.'s ("Taco Bell") Motion is filed pursuant to the Court's Order (Docket # 690) that "**Taco Bell shall file a motion for partial summary judgment as to whether the four named plaintiffs may proceed with claims regarding barriers encountered by them at stores not disclosed in the first amended complaint.**"  Per the Ninth Circuit case law cited below, the Named Plaintiffs may not proceed with claims regarding barriers not pled in the first amended complaint. Rather, the Named Plaintiffs are limited to the features, stores, and visits they pled in their Complaint.

In the First Amended Complaint ("Complaint" or "FAC"), the four Named Plaintiffs allege to have encountered five barriers at six restaurants.  However, more recently, in discovery, the four Named Plaintiffs have disclosed that they intend to seek damages for thirteen (13) different types of violations, eight of which are not even mentioned in the FAC.  In total, the Named Plaintiffs intend to seek damages for 169 visits or deterred visits at nine different Taco Bell stores. See Exhibit 1 to Hurley Declaration "Named Plaintiffs' Responses to 28th Set of Special Interrogatories".

The FAC does not state the number of visits by each Named Plaintiff, only that the visits occurred "in the 12 months prior to the filing of the Complaint", and the Named Plaintiffs do not alleged any "deterred visits". Three of the stores and eight of the violations identified as barriers for which the Named Plaintiffs are seeking relief in "Named Plaintiffs' Responses to 28th Set of Special Interrogatories" were not disclosed in the FAC .

Plaintiffs were aware of these claims before they filed the FAC, and could have pled them therein.  Moreover, on several occasions Plaintiffs' counsel has stated to the Court and Taco Bell that they intend to again amend their Complaint, presumably because they realized that any stores, features, or visits for which they wanted to seek relief had to be disclosed in the Complaint.  But Plaintiffs choose not to seek leave to amend the Complaint.  Given that the parties have litigated this case for more than a decade, including an exemplar trial, motions for partial summary judgment, multiple class certification proceedings, an appeal taken to the 9th Circuit, and finally completed extensive discovery; it would be

unfairly prejudicial to allow that amendment at this late date. Consequently, the Named Plaintiffs' claims for relief are limited to those claims articulated it the FAC.

As explained below, Named Plaintiffs claims for relief are also limited by applicable statutes of limitations and other time bars.

## II.  STATEMENT OF FACTS

Filed on August 4, 2003, Plaintiffs' First Amended Class Action Complaint ("FAC"), the operative complaint, sought to certify a "class … of all individuals with disabilities who use wheelchairs or electric scooters for mobility who … were denied, or are currently being denied, on the basis of disability," access within Taco Bell restaurants in California owned, operated, or leased by defendant Taco Bell Corp. (TBC). The standing for Plaintiffs' class allegations are based on the encounters and barriers pled by the four Named Plaintiffs: Francie Moeller ("Moeller"), Katherine Corbett ("Corbett"), Edward Muegge ("Muegge"), and Craig Yates ("Yates"). Taken together, the Named Plaintiffs alleged five barriers encountered at the six restaurants they say they collectively visited.[1] However, each of the Named Plaintiffs encountered only *some* of the 5 barriers at the store(s) they say they visited.

Only 5 barriers are alleged in the Complaint:

    (i)    Queue lines [FAC ¶¶31, 35, 39, 43];

    (ii)    Parking access [FAC ¶¶35, 39];

    (iii)    Drink dispenser placement [FAC ¶31];

    (iv)    Condiment placement [FAC ¶31]; and

    (v)    Seating [FAC ¶39].

---

[1] Named Plaintiffs have not pled a claim for policies or practices, and Plaintiffs have expressly waived their right to any modification of policy claim [Pls.' Trial Brief, Docket 550 at 20:7-8] ("The elements and defenses of an architectural access claim differ from those of a modification of policy claim. *Named Plaintiffs are not making the latter claim in this case*.") (emphasis added); Docket 550 at 20:16-17 ("Named Plaintiffs have no obligation to satisfy the elements of a reasonable modification [of policy] claim.").

2
**TACO BELL'S PARTIAL MOTION FOR SUMMARY JUDGMENT**

Only 6 stores are identified in the Complaint:

1416 Farmers Lane, Santa Rosa, CA; (Store # 3948) [FAC ¶¶29- 31]

San Pablo Dam Road, Richmond, CA; ( Store # 4518 ) [FAC ¶¶34-36]

2000 Santa Rosa Ave, Santa Rosa; CA; (Store #18112) [FAC ¶¶37-39]

500 Redwood Drive, Rohnert Park, CA; (Store #4558) [FAC ¶¶37-39]

700 East Cotati Ave, Rohnert Park, CA; (Store #4799) [FAC ¶¶37-39]

180 Rowland Way, Novato, CA; (Store #4951) [FAC ¶¶43- 44]

The Complaint states that the Named Plaintiffs encountered the following barriers at the following stores:

-**Ms. Moeller**: Queue lines, Condiment that were inaccessible to her, and Inaccessible Soda Machines at Store # 3948, 1416 Farmers Lane, Santa Rosa, CA [FAC ¶¶29- 31]

- **Ms. Corbett**: Queue lines and Inaccessible Parking at Store # 4518, San Pablo Dam Road, Richmond, CA [FAC ¶¶34-36]

- **Mr. Muegge**: Queue lines, Parking, and Seating Areas at Store # 3948 at 1416 Farmers Lane, Santa Rosa, CA; Store #18112 at 2000 Santa Rosa Ave, Santa Rosa; Store #4558 at 500 Redwood Drive, Rohnert Park, CA; and Store # 4558 at 1700 East Cotati Ave, Rohnert Park, CA; [FAC ¶¶37-39]

- **Mr. Yates**: Queue lines at Store # 4951 at 180 Rowland Way, Novato, CA. [FAC ¶¶43- 44]

A. **The Barriers Named Plaintiffs Intend to Try Do Not Match Those Claimed In The Complaint**

Plaintiffs' responses to discovery reveal that the Named Plaintiffs' intend to seek damages for thirteen (13) different types of violations in their individual damages trials; eight of which are not mentioned in the FAC, even though the Named Plaintiffs knew about them prior to filing the FAC. The eight new claims include:

(i) Entry Door Weight;

(ii) Floor space at drink dispenser;

(iii) Drink lid height;

(iv) Toilet seat height;

(v) Toilet seat cover dispenser height;

(vi) Un-insulated pipes;

(vii) Bathroom door weight; and

(viii) Maneuvering area at bathroom door.

[Exhibit 1 to Declaration of Gregory Hurley: Named Plaintiffs' Responses to 28th Set of Special Interrogatories]

In total, the Named Plaintiffs intend to claim damages for 169 visits or deterred visits at eight different Taco Bell stores. Three of those stores are not disclosed in the FAC :

771 Stony Pt. Road, Santa Rosa, CA   TB Store # 2968

1835 Mendocino Ave., Santa Rosa, CA  TB Store # 4211

406 E. Washington St., Petaluma, CA  TB Store # 16520

Exhibit 1, Named Plaintiffs' Responses to 28th Set of Special Interrogatories].

Plaintiffs' discovery responses also indicate that they seek relief for visits that occurred after the filing of the Original Complaint (filed December 17th, 2002) and the FAC (filed August 4th, 2003). Plaintiffs discovery responses in Exhibit 1 identify visits, stores, and features which Named Plaintiffs allegedly encountered *before* they filed the FAC, but which were not mentioned in the FAC.

### III. ARGUMENT

#### A. As A Matter of Law, The Named Plaintiffs Can Seek Relief Only For Barriers And Stores Pled In The First Amended Complaint

Federal Rule of Civil Procedure 8 states that a civil complaint "must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Ninth Circuit has adopted a bright line rule for what constitutes such a statement in ADA actions:

> [F]or purposes of Rule 8, a Named Plaintiff must identify the barriers that constitute grounds for a claim of discrimination under the ADA <u>in the complaint itself</u>; a defendant is not deemed to have fair notice of the barriers identified elsewhere.

*Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 909 (9th Cir. 2011) (emphasis added), *see also Pickern v. Pier 1 Imports (U.S.)*, Inc. 457 F.3d 963, 969 (expert report does not provide "fair notice"), *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05CV1660 J (WMc), slip op. at 24:27-28 (S.D. Cal. June 14, 2007) (barriers "never included in the Complaint or any timely amendment to the Complaint…are not part of this lawsuit."), *Sanford v. Roseville Cycle, Inc.*, 2007 WL 512426, *1 n.5 (E.D. Cal. Feb. 12, 2007) ("[Plaintiffs] may not rely upon the expert report to allege barriers not identified in the complaint."), *Wilson v. Norbreck LLC*, 2007 WL 1063050, at *2 (E.D. Cal. Apr. 9, 2007), (plaintiffs cannot claim barriers identified "in letters, [expert] reports, and briefs"). See also *Chapman v Pier 1 Imports (US) Inc*. 631 F3d 939 (9th Cir 2011) (*en banc*) (plaintiffs must identify the specific barriers encountered or face dismissal for lack of jurisdiction) (*see id.* at 955)

In sum, The Ninth Circuit has ruled that Named Plaintiffs cannot claim that Taco Bell is "on notice" of barriers claimed anywhere other than the complaint (*i.e.,* in discovery , expert reports, etc.). "[O]nly disclosures of barriers in a properly pleaded complaint can provide such notice; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." *Chapman* (*see id.* at 955).

Notably, Named Plaintiffs' discovery responses state their intent to claim damages for alleged barriers they were aware of <u>before</u> filing the FAC, but that they intentionally failed to disclose in the FAC. [Exhibit 1, Named Plaintiffs' Responses to 28th Set of Special Interrogatories] (for example, the Named Plaintiffs seek relief for door weight, drink lids, toilet seats, and other barriers they encountered prior to filing the FAC , but not identified in the FAC). The *Oliver* case held that plaintiffs must disclose the barriers they want relief for in the Complaint and the Ninth Circuit has flatly condemned the gamesmanship of not doing so. *See Oliver*, 654 F.3d at 909 n.7 (Court finding that Plaintiff "purposely "forces the defense to wait until expert disclosures (or discovery) before revealing a complete list of barriers," because otherwise a defendant could remove all the barriers prior to trial" and rejecting the tactic) .

For example, Moeller is claiming damages for allegedly noncompliant (i) parking aisles, (ii) condiment locations, (iii) door weight, (iv) drink dispenser location, and (v) clear floor space near the drink dispenser, for a store she says that she visited four times prior to June 2003. *Ibid*. However, in the FAC she claimed only queue lines, and drink dispenser placement as alleged barriers. [FAC ¶31]

Corbett apparently now wants to claim noncompliant:  (i) seating, and (ii) a toilet seat cover dispenser, both of which she knew of on or before June 2003, and noncompliant (iii) toilet height, (iv) door weight, (v) drink lid placement, and (vi) un-insulated pipes, at a restaurant she says she visited as early as 2002. [Exhibit 1, Named Plaintiffs' Responses to 28th Set of Special Interrogatories] However, in the FAC she claimed to have encountered only queue lines and parking. [FAC ¶35]

Likewise, Muegge admittedly claims to have encountered allegedly noncompliant (i) entry door weight, (ii) bathroom door weight, (iii) maneuvering room at restroom door, and (iv) condiment placement by July 2003, and in some instances as early as 2002. [Exhibit 1, Named Plaintiffs' Responses to 28th Set of Special Interrogatories]  In the FAC, however, he only stated claims based on queue lines, parking aisle width, and seating issues.  [FAC ¶39]

Yates, too, allegedly encountered noncompliant seating issues in June 2003 [Exhibit 1, Named Plaintiffs' Responses to 28th Set of Special Interrogatories], but only pled queue line issues. [FAC ¶43] The Named Plaintiffs also claim to have encountered barriers after the FAC was filed, but made no effort to amend the FAC to include them.

In sum, the Named Plaintiffs could have included claims for additional barriers in their initial complaint, but decided against it. Since then, they have had ample time – indeed, nearly a decade – to seek leave to amend their August 4, 2003 FAC to do so. While Class counsel has repeatedly talked about amending the Complaint, the Named Plaintiffs failed to take any action toward doing so. Taco Bell opposes any attempt by the Named Plaintiffs to seek relief for allegations that had occurred prior to the filing of the FAC, but were not disclosed in the FAC, as well as subsequent allegations that should have been pled in a further amended complaint if the Named Plaintiffs intended to pursue them.

As the Court is well-aware, since the Named Plaintiffs filed the FAC the parties have litigated this case for more than ten years, including an exemplar trial, multiple motions for partial summary judgment, multiple class certification proceedings, and an appeal taken to the 9th Circuit. After taking exhaustive discovery, the discovery period is now closed. During all of that time, Named Plaintiffs have not sought to amend the FAC. Given the time and money already expended to defend this case, not to mention the use of judicial resources, it would be unfairly prejudicial now to allow Named Plaintiffs to amend the FAC. The Named Plaintiffs claims for relief are limited to those they alleged in the FAC.

**B.     Named Plaintiffs' Claims Are Further Limited To Barriers they Encountered " in the 12 months prior to the filing of this Compliant"**

Each of the Named Plaintiffs state that they are seeking relief for barriers encountered at the stores they visited **"in the 12 Months Prior to the filing of <u>this</u> Complaint."** (emphasis added) [FAC ¶¶29, 33, 37, 41]. The Named Plaintiffs claims are limited by the allegation under the general pleading principles stated by the Ninth Circuit in *Oliver (Id)*. The First Amended Complaint was filed on

December 17, 2002.  The FAC does not allege any visits subsequent to the original Complaint.  Consequently, the Named Plaintiffs claims are also limited to their encounters with the barriers they allege at the stores that they visited during the period from December 17, 2001 to December 17, 2002.

### C. A One Year Statute of Limitations Applies to Named Plaintiffs Damage Claims

Named Plaintiffs' damages claims from before December 17, 2002 are barred because California's former (but applicable here) one year statute of limitations applies. *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 2002 WL 202442 at *5 (E.D.Cal.); *West Shield Investigations and Securities Consultants v. Superior Court*, 82 Cal.App. 4th 935, 951-54 (2000).

### D. Named Plaintiffs Lack Standing to Bring Claims for Damages for Alleged Violations <u>After</u> the Filing of the Complaint

To ascertain whether a Named Plaintiffs has standing, the Court must determine if standing existed on the date the suit was commenced. *County of Riverside v. McLaughlin*, 500 U.S. 44, 50-55 (1991); (Standing must be determined as of the date the Complaint was filed) *Mayer v. Wing*, 922 F. Supp. 902, 906 (S.D. N.Y. 1996.)  (Following the US Supreme Court's guidance)

In *Access Now Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1365 (S. D. Fla. 2001), the plaintiff, a quadriplegic, attended a football and baseball game at the stadium and alleged discrimination against the stadium owners based on numerous ADA violations inside the stadium.  The plaintiff testified that he encountered difficulty with wheelchair seating, and the restrooms.  These were the only two elements of the Stadium that he sought access to, personally inspected, or had actual knowledge of. *Id.* at 1366.  The plaintiff's expert later identified a myriad of additional ADAAG ( the Americans with Disabilities Accessibility Guidelines published by the US DOJ) violations.  However, the Court refused to allow these late added violations because the plaintiff was not aware of them at the time he filed the Complaint. *Id.*  The District Court held that the plaintiff lacked standing to complain about alleged

barriers of which he was unaware at the time he filed his complaint. *Id*.; *See also Brother v. CPL Investments Inc.*, 317 F. Supp 2d 1358, 1368 (S.D. Fla. 2004) ( Following the ruling in *Access Now Inc* and limiting the plaintiff to what he pled and knew at the time of the Complaint)

Similarly, two district courts in the Eastern District of California have held that a plaintiff alleging non-compliance with the ADA has standing to bring claims for violations that he had personally encountered or had knowledge of at the time he filed his complaint (or any later amendment), but lacks standing to bring claims on violations that he did not encounter at the time he filed his complaint. *Wilson v. Norbeck, LLC*, 2005 U.S. Dist. Lexis 33214 *4; *Martinez v. Longs Drug Stores, Inc.*, 2005 U.S. Dist. Lexis 23737 *10.  In the present case, Named Plaintiffs are seeking relief for alleged barriers, visits, and stores not disclosed in the operative Complaint.  As a matter of law, the Named Plaintiffs lack standing to do so.

Clearly, the Ninth Circuit's recent pleading requirements set forth in *Oliver* and *Chapman* would not permit standing for a denial of access claim on a specific occasion that had not yet happened.  In any event, here the Named Plaintiffs did not plead a cause of action for damages for future deterrence.  Rather, Plaintiffs have expressly waived their entitlement to deterrence-based damages claims under section 52 and 54.3 of the Civil Code.  (*See* Tr. of 5/12/11 H'rg at 42:21-43:2; Final Pretrial Order of 5/16/11 at 3:1-2 [docket #580] (non-opposition to TBC's motion in limine #8).

### E.   CONCLUSION

For the foregoing reasons, Taco Bell respectfully requests that the Court find that the following Named Plaintiffs are restricted to seeking relief for encounters with the following barriers at the following stores:

-**Ms. Moeller**: Queue lines, Condiment that were inaccessible to her, and Inaccessible Soda Machines at Store # 3948, 1416 Farmers Lane, Santa Rosa, CA [FAC ¶¶29- 31]

- **Ms. Corbett**: Queue lines and Inaccessible Parking at Store # 4518, San Pablo Dam Road, Richmond, CA [FAC ¶¶34-36]

- **Mr. Muegge**: Queue lines, Parking, and Seating Areas at Store # 3948 at 1416 Farmers Lane, Santa Rosa, CA; Store #18112 at 2000 Santa Rosa Ave, Santa Rosa; Store #4558 at 500 Redwood Drive, Rohnert Park, CA; and Store # 4558 at 1700 East Cotati Ave, Rohnert Park, CA; [FAC ¶¶37-39]

- **Mr. Yates**: Queue lines at Store # 4951 at 180 Rowland Way, Novato, CA. [FAC ¶¶43- 44]

Taco Bell also asks the Court to limit the relief for the Named Plaintiffs to the proceeding encounters that each Named Plaintiff can prove for the period of one year prior to the Complaint (December 17, 2001 thru December 17, 2002).

DATED:  March 4, 2013

By/s/ GREGORY F. HURLEY
GREGORY F. HURLEY
Attorneys for Defendant
TACO BELL CORP

**PROOF OF SERVICE**
**Francie E. Moeller, et al. v. Taco Bell Corp.**
**USDC, No. Dist. Of CA, Case No. C 02 5849 PJH JL**

I, Carrie Strand, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 3161 Michelson Drive, Suite 1000, Irvine, CA 92612.

On March 4, 2013, I served a true copy of **DEFENDANT TACO BELL CORP.'S NOTICE OF MOTION AND MOTION PURSUANT TO THE COURT'S ORDER IN DOCKET #690 THAT PLAINTIFFS' ARE LIMITED TO CLAIMS PLED IN COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

FOX & ROBERTSON, P.C
Timothy P. Fox (SBN 157750)
Amy F. Robertson, Pro Hac Vice
104 Broadway, Suite 400
Denver, Colorado 80203
Fax: (303) 595-9705
tfox@foxrob.com

Mari Mayeda (SBN 110947)
P.O. Box 5138
Berkeley, CA 94705
Fax: (510) 841-8115
marimayeda@earthlink.net

LAWSON LAW OFFICES
Antonio M. Lawson (SBN 140823)
7700 Edgewater Drive, Suite 255
Oakland, CA 94621
Fax: (510) 878-7006
tony@lawsonlawoffices.com

THE IMPACT FUND
Brad Seligman (SBN 83838)
Jocelyn Larkin (SBN 110817)
125 University Ave.
Berkeley, CA 94710
Fax: (510) 845-3654
besligman@impactfund.org
jlarkin@impactfund.org

☒ **[BY MAIL]** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid in the ordinary course of business.

☒ **[BY E-MAIL]** By transmitting via e-mail the document(s) listed above to the addresses set forth below on this date before 6:00.p.m. I am aware that service is presumed invalid if the email transmission is returned as undeliverable.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 4, 2013, at Irvine, California.

*/s/ Carrie Strand*
CARRIE STRAND

1
**CERTIFICATE OF SERVICE**