UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE MOELLER, et al.,

    Plaintiffs,

    v.

TACO BELL CORPORATION,

    Defendant.

_____/

No. C 02-5849 PJH

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is the motion of defendant Taco Bell Corporation ("Taco Bell") for partial summary judgment, filed pursuant to the court's September 17, 2012 order modifying the case management plan. The motion, which Taco Bell filed on March 4, 2013, was fully briefed on March 25, 2013. However, at the parties' request, the court delayed consideration of the motion until after the Ninth Circuit had issued the mandate following plaintiffs' appeal of two case management orders. The mandate issued on July 17, 2013.

Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court now rules as follows.

**BACKGROUND**

Plaintiffs Francie Moeller, Katherine Corbett, Edward Muegge, and Craig Yates filed the original complaint in this disability access case on December 17, 2002, alleging a total of five barriers encountered at a total of six stores owned by Taco Bell in California. Plaintiffs subsequently sought leave to amend the complaint to add an additional state law

1 claim. The motion was granted, and plaintiffs filed the first amended complaint ("FAC") on
2 August 4, 2003.

3 The FAC alleges the same five barriers at the same six stores as did the original
4 complaint. The five barriers are queue lines, parking access, drink dispenser placement,
5 condiment placement, and accessible seating. The six stores are Restaurant # 3948 in
6 Santa Rosa; Restaurant # 4518 in Richmond; Restaurant # 18112 in Santa Rosa;
7 Restaurant # 4558 in Rohnert Park; Restaurant # 4799 in Rohnert Park; and Restaurant
8 # 4951 in Novato.

9 Not all barriers were encountered by all named plaintiffs at all the identified
10 restaurants. The FAC alleges that Ms. Moeller encountered queue lines, and condiment
11 placement and drink dispenser placement barriers at Restaurant # 3948; that Ms. Corbett
12 encountered queue lines and parking access barriers at Restaurant # 4518; that Mr.
13 Muegge encountered queue lines, and parking access and seating barriers at Restaurant
14 # 3948, Restaurant # 18112; Restaurant # 4558; and Restaurant # 4951; and that Mr.
15 Yates encountered queue lines at Restaurant # 4951.

16 The FAC does not state the number of visits by each named plaintiff, only that the
17 visits occurred "[w]ithin the twelve months prior to the filing of this [c]omplaint." FAC
18 ¶¶ 29, 33, 37, 41. There are no allegations of any "deterred visits."

19 Recently, however, plaintiffs have indicated in discovery that they intend to claim
20 damages for a total of 13 barriers at a total of nine Taco Bell restaurants – for a total of 169
21 visits or deterred visits at the nine restaurants. The eight new barriers are entry door
22 weight, floor space at drink dispenser, drink lid dispenser height, toilet seat height, toilet
23 seat cover dispenser height, un-insulated pipes, bathroom door weight, and maneuvering
24 area at bathroom door. The three additional restaurants are Restaurant # 2968 in Santa
25 Rosa; Restaurant # 4211 in Santa Rosa; and Restaurant # 16520 in Petaluma. Taco Bell
26 asserts that plaintiffs cannot pursue claims regarding barriers encountered by them but not
27 disclosed in the FAC, and regarding stores not disclosed in the FAC.

28 Taco Bell contends that plaintiffs' discovery responses also indicate that they seek

relief for visits that occurred after the filing of the original complaint and the FAC; and that they identify visits, stores, and features that the named plaintiffs allegedly encountered before they filed the FAC, but which are not mentioned in the FAC. Taco Bell argues that plaintiffs cannot pursue claims based on visits that occurred after the filing of the FAC, claims not referenced in the FAC, or claims based on deterred visits.

Although Taco Bell asserts in its notice of motion that it seeks "partial summary judgment on whether the four named plaintiffs may proceed with claims regarding barriers encountered by them at stores not disclosed in the first amended complaint," as directed in the court's September 17, 2012 order, Taco Bell also appears to be seeking partial summary judgment as to several other issues.

The court interprets the motion as seeking a ruling as to (1) whether plaintiffs can seek damages based on barriers not alleged in FAC and/or at stores not alleged in FAC; (2) whether plaintiffs are limited to barriers they encountered in the 12 months prior to the filing of the original complaint; (3) whether plaintiffs have standing to bring claims for damages for violations that occurred after the filing of the FAC; and (4) whether plaintiffs can seek damages for deterrence claims that were not pled in the FAC.

**DISCUSSION**

A.  Legal Standard

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

B.  Defendant's Motion

    1.  Whether plaintiffs can seek damages based on barriers not alleged in the FAC and/or for visits to stores not alleged in the FAC.

Taco Bell contends that plaintiffs can seek relief only for barriers and restaurants pled in FAC, and that they cannot claim damages for alleged barriers they were aware of before the FAC was filed, but which were not mentioned in the FAC. For example, Taco

3

Bell asserts, Ms. Moeller now seeks to claim damages for allegedly noncompliant parking aisles, condiment locations, door weight, drink dispenser location, and clear floor space near drink dispenser, for a restaurant she says she visited four times prior to June 2003, whereas in the FAC she alleged only queue lines and drink dispenser placement as barriers.

Similarly, Ms. Corbett now seeks to claim damages for allegedly noncompliant seating, and toilet seat cover dispenser, both of which she admittedly knew of on or before June 2003, and allegedly noncompliant toilet height, door weight, drink lid placement, and uninsulated pipes, at a restaurant she says she visited as early as 2002. However, in the FAC she claimed to have encountered only queue lines and parking barriers.

Mr. Muegge now seeks to claim damages for allegedly noncompliant entry door weight, bathroom door weight, maneuvering room at restroom door, and condiment placement by July 2003, and in some instances as early as 2002. In the FAC, however, he stated claims based only on queue lines, parking aisle width, and seating issues.

Finally, Mr. Yates now alleges he encountered noncompliant seating issues in June 2003, but he pled only queue line issues in the FAC.

Taco Bell argues that under Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011), a named plaintiff in a disability case must identify the barriers that constitute grounds for a claim of discrimination in the complaint itself, and that a defendant is not deemed to have fair notice of barriers identified elsewhere. Id. at 909. Taco Bell also cites Chapman v. Pier 1 Imports (US), Inc., 631 F.3d 939, 955 (9th Cir. 2011) (plaintiffs must identify specific barriers encountered or face dismissal for lack of jurisdiction); Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 969 (2006) (expert report does not provide "fair notice").

Taco Bell argues that plaintiffs cannot claim that Taco Bell is "on notice" of barriers claimed anywhere other than the complaint – e.g., in discovery or expert reports – and that "only disclosures of barriers in a properly pleaded complaint can provide such notice; a disclosure made during discovery, including in an expert report, would rarely be an adequate substitute." Chapman, 631 F.3d at 955.

4

In addition, Taco Bell argues, plaintiffs could have included claims regarding additional barriers and additional restaurants in the August 4, 2003 FAC, but opted not to do so, and have never moved for leave to further amend the complaint. And now, Taco Bell argues, it is too late, since discovery is closed.

In opposition, plaintiffs contend that the FAC adequately pleads claims seeking monetary relief for ongoing violations of architectural accessibility regulations. Plaintiffs assert that the court has already found in the October 5, 2011 Findings of Fact and Conclusions of Law that Taco Bell was on notice of barriers not identified in the complaint. Plaintiffs argue further that Oliver does not apply to state law damages claims, because the holding was limited to claims of discrimination under the federal Americans With Disabilities Act ("ADA"), which provides for only injunctive relief.

Plaintiffs also contend that the FAC provided fair notice and complied with Rule 8 with respect to all barriers and visits now alleged, because it put Taco Bell on notice that plaintiffs had been to the restaurants identified in the FAC, and further made clear that they had experienced discrimination at other Taco Bell restaurants in the State of California; and because it identified barriers that the plaintiffs had encountered, but made clear that those were only examples of such barriers. Plaintiffs cite Skaff v. Meridian N. Am. Beverly Hills, 506 F.3d 832, 842 (9th Cir. 2007), for the proposition that Rule 8 does not require the pleading of "specific facts" or impose a heightened pleading standard.

Plaintiffs assert that Oliver did not overrule Skaff, and argue that where a plaintiff generally alleges that barriers exist in certain areas of the facility, this notifies the defendant that discovery is needed to determine the exact barriers that exist, which is no different from any cause of action that pleads facts generally in support of a theory of liability, which requires discovery to determine all the facts/theories.

Plaintiffs contend that the cases cited by Taco Bell are not to the contrary. In particular, plaintiffs assert that Pickern did not specifically hold that an expert report does not provide "fair notice," but rather that a report that is served after the close of fact discovery cannot provide "fair notice" of barriers that were not previously identified. Here,

5

plaintiffs assert, Taco Bell had fair notice of plaintiffs' claims, which in fact was what allowed the case to proceed to the copious discovery that has repeatedly made Taco Bell aware of the precise barriers at issue since mid-2003.

In reply, Taco Bell reiterates that the FAC fails to provide fair notice of any barriers other than those specifically alleged, and that the FAC fails to even meet the "general" notice standard cited in Skaff. In that case, the plaintiff alleged an inaccessible shower, plus other barriers that included "path of travel," guestroom, bathroom, telephone, elevator, and signage barriers to access. Taco Bell argues that these allegations gave the defendant hotel notice of what the claims were and that the plaintiff had personally encountered the barriers.

Here, Taco Bell contends, the situation is more like Oliver, where the complaint provided notice of some specific claims, but the plaintiff then attempted to recover for other barriers that were not alleged even in a general fashion. Taco Bell notes that in the present case, plaintiffs acknowledge in their opposition that, other than the five specific barriers, the FAC alleges only that plaintiffs "experienced discrimination at other Taco Bell restaurants in the State of California" and that the specific barriers that were listed were "examples" of barriers encountered. Taco Bell asserts that nothing in these allegations can be considered even "general" allegations as in Skaff, and do not provide any basis for Taco Bell to understand what areas or even what stores it must explore to discover additional barriers.

Moreover, Taco Bell notes, while this court expressed concern with the application of Oliver in a class action context, there is no longer a damages class in this case. Thus, the current dispute is over whether the four named plaintiffs may individually seek damages for barriers they did not plead in the FAC. Taco Bell contends that this is the same situation that existed in Oliver, where there was an individual plaintiff who pled the same causes of action the named plaintiffs are pursuing in this action, and as the court previously noted, at most, Oliver would require the named plaintiffs to list the barriers they themselves encountered, which they have done.

6

The court finds that the motion must be GRANTED. In Oliver, the Ninth Circuit unambiguously held that "for purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere." Oliver, 654 F.3d at 909. Thus, to the extent that the FAC does not identify specific barriers encountered by specific plaintiffs at specific stores, those claims are not presently in the case.

The rule in Oliver is a rule of pleading. Under Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), federal procedural statutes govern federal cases, even if they involve state law claims. Thus, the question whether Taco Bell had fair notice as required by Rule 8 does not depend on whether the claim at issue is federal claim or a state-law claim. While it is true that Oliver involved ADA claims only, the court agrees with Taco Bell that under the pleading standard set forth in Oliver, plaintiffs also cannot seek damages under state law for claims regarding barriers and/or stores not pled in the FAC.

As for plaintiffs' argument that the court ruled in the October 5, 2011 Findings that Oliver did not control this case, the court notes that the Findings were issued before the damages class was decertified. In addition, the court clearly distinguished Oliver on the basis that it was not a class action.

2. Whether plaintiffs' claims are limited to barriers encountered during the 12 months prior to the filing of the original complaint.

In the FAC, plaintiffs seek relief for barriers they encountered at the restaurants they visited in the 12 months prior to the filing of "this [c]omplaint." Taco Bell asserts that because the FAC does not allege any visits subsequent to the original complaint, "this [c]omplaint" must necessarily refer to the original complaint. Thus, Taco Bell argues, the named plaintiffs' claims should be limited to barriers they encountered in the 12 months prior to the filing of the original complaint – i.e., to barriers plaintiffs encountered at the restaurants they visited between December 17, 2001 and December 17, 2002. In a related argument, Taco Bell contends that California's former one-year statute of limitations for

personal injury is applicable here.[1]  Thus, Taco Bell asserts, any damages claims from before December 17, 2001 are barred as a matter of law.

The court finds that the motion must be GRANTED.  Plaintiffs do not appear to contest Taco Bell's argument that they are limited to seeking relief for violations that occurred within one year of the filing of the original complaint, based on the applicable statute of limitations.  Rather, the dispute appears to be focused more on whether plaintiffs may seek damages for barriers they encountered after the filing of the FAC, which is discussed below.

       3.      Whether plaintiffs have standing to bring claims for damages for violations that occurred after the filing of the FAC.

Taco Bell asserts that because standing must be determined as of the date the complaint is filed, the named plaintiffs lack standing to bring claims for damages for alleged violations that occurred after the filing of the FAC.  In support, Taco Bell cites two district court decisions from the Southern District of Florida – Brother v. CPL Investments, Inc., 317 F.Supp. 2d 1358 (S.D. Fla. 2004) (plaintiffs in ADA case do not have standing to complain about alleged barriers they were unaware of at time of filing of complaint); and Access Now, Inc. v. South Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001) (ADA plaintiff had standing only for violations he personally encountered) – and two decisions from the Eastern District of California – Wilson v. Norbeck, LLC, 2005 WL 3439714 at *1-2 (E.D. Cal. Dec. 14, 2005) (based on Martinez and Access Now, ADA plaintiff has standing to bring only those claims based on violations he encountered or had knowledge of before filing complaint); and Martinez v. Longs Drug Stores, Inc., 2005 WL 2072013 (E.D. Cal. Aug. 25, 2005) (no standing as to barriers plaintiff was not aware of or did not personally encounter).

---

[1] Prior to January 1, 2003, the statute of limitations for personal injury claims in California was one year, as then set forth in California Code of Civil Procedure § 340(3). In 2002, the California Legislature amended the statute to extend the limitation period to two years, beginning January 1, 2003.  See Cal. Civ. Proc. Code § 335.1.

In opposition, plaintiffs argue that they had standing at the time the complaint was filed, and that the court previously held that plaintiffs had standing at that time. As for Taco Bell's argument that a plaintiff alleging non-compliance with the ADA has standing only as to violations he personally encountered or had knowledge of at the time he filed his complaint, plaintiffs respond that that position is directly contrary to both Oliver and Chapman, both of which held that an ADA plaintiff has standing as a result of at least one barrier in a place of public accommodation to challenge all barriers in the same place that are related to his/her specific disability. Thus, plaintiffs assert, they clearly have standing to challenge barriers encountered after the filing of the complaint.

Plaintiffs also note that the Martinez case was affirmed in part and reversed in part by the Ninth Circuit. See Martinez v. Longs Drug Stores, Corp., 281 Fed. Appx. 712, 2008 WL 2329712 (9th Cir. June 5, 2008) (affirming ruling that plaintiff could not recover damages for visits occurring after complaint was filed, because defendant did not have fair notice that plaintiff would be seeking damages for those visits). The court indicated that "[i]n order to recover damages for visits occurring after the complaint was filed, he would have had to file a new complaint or an amended complaint." Id., 281 Fed. Appx. at 714.

Plaintiffs argue, however, that the Martinez case is distinguishable from the present case, because Taco Bell has long been on notice of all the visits for which plaintiffs are asserting claims for damages. Moreover, plaintiffs assert, the FAC makes clear that the discrimination was "ongoing," as Taco Bell restaurants still maintain barriers and continue to be in violation of state and federal disability rights laws; that the named plaintiffs have patronized Taco Bell restaurants in the past and intend to patronize them in the future; and that Taco Bell's violations have harmed them and will continue to harm them in the future.

Plaintiffs claim that where the alleged misconduct involves multiple incidents and is ongoing, Rule 8 does not require that each incident be identified in the complaint, but rather is satisfied by allegations that the misconduct is ongoing. In such cases, plaintiffs argue, discovery is the proper method for obtaining information concerning particular incidents of misconduct, and here, Rule 8 was satisfied because the complaints put Taco Bell on notice

9

of the harm caused to plaintiffs by the alleged barriers, which was ongoing and would continue into the future.

Plaintiffs make three additional arguments in response to Taco Bell's contention that these claims are barred because plaintiffs did not further amend the complaint to include them. First, plaintiffs assert that the complaints were "constructively amended" by application of Federal Rule of Civil Procedure 15, which provides that

> [w]hen an issue raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move – at any time, even after judgment – to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).

Plaintiffs contend that the FAC was "constructively amended" because the parties have engaged in extensive discovery concerning barriers not identified in the complaints, and concerning post-complaint discrimination; because both parties have filed dispositive motions covering restaurants and barriers not identified in the complaints; and because Taco Bell has never objected on the grounds that those restaurants and barriers were not identified in the complaints. Thus, plaintiffs argue, the court should deem the complaint to have been constructively amended to include those additional barriers and restaurants.

In a second, related argument, plaintiffs contend that any deficiencies in the complaint were cured because Taco Bell obtained sufficient information from the Special Master surveys, from plaintiffs' June 2010 filing, from the extensive discovery conducted over the past decade, and from the various dispositive motions filed by the parties, to be able to ascertain the identity of the barriers for which the plaintiffs seek damages. Plaintiffs argue that where a defendant has obtained enough information – through discovery or otherwise – to seek to dismiss claims or to challenge the complaint, but failed to do so, it cannot be considered to have been prejudiced by the omission of information from the complaint.

Plaintiffs contend that Taco Bell has not suffered any prejudice because the case was bifurcated, with the claims for injunctive relief proceeding before the claims for

10

1 damages. Plaintiffs concede that this approach was modified at the conclusion of the 2 exemplar trial in June 2011, but they assert that the vast majority of discovery, surveys, 3 and motion briefing occurred prior to June 2011. Thus, plaintiffs contend, long before the 4 case reached the point that any damages claims were at issue, Taco Bell had extensive 5 information concerning those claims; and since then, has engaged in further extensive 6 discovery regarding plaintiffs' damages.

7 Third, plaintiffs argue that Taco Bell has waived any objections to the sufficiency of 8 the complaints by virtue of having failed to raise this issue until August 2011, almost nine 9 years after the case was filed. Plaintiffs note that prior to that time, Taco Bell had 10 answered the complaints, participated in the Special Master survey process, engaged in 11 extensive discovery, filed three dispositive motions, responded to plaintiffs' dispositive 12 motions, and prepared for and participated in the exemplar trial. Plaintiffs assert that 13 having previously failed to argue that the complaint did not provide sufficient information, 14 Taco Bell should now be deemed to have waived any such objection.

15 In reply, Taco Bell disputes the notion that the complaint was "constructively 16 amended," merely because plaintiffs previously informed Taco Bell that they intended at 17 some point to seek leave to file a second amended complaint. Moreover, Taco Bell notes, 18 Rule 15(b) provides that a party must <u>move</u> to have the pleadings conformed – which 19 plaintiffs have not done. Taco Bell also asserts that the cases cited by plaintiffs are 20 inapposite, as the courts in those cases did not grant relief under Rule 15(b).

21 Taco Bell also asserts that it has not waived the right to challenge the fundamental 22 defects in the FAC, noting that as soon as the <u>Oliver</u> ruling was issued in August 2011, it 23 notified the court and explained its applicability to the case. By contrast, Taco Bell asserts, 24 while plaintiffs have repeatedly indicated their intent to amend the complaint – most 25 recently approximately two weeks after the <u>Oliver</u> decision was issued – they have never 26 attempted to do so. Taco Bell contends that it relied on plaintiffs' decision not to amend the 27 complaint, after they had said they would do so, as indicative of their intent to pursue only 28 the barriers identified in the FAC.

Taco Bell reiterates that plaintiffs cannot seek damages for claims that arose after the FAC was filed. Taco Bell asserts that plaintiffs have failed to distinguish the cases cited by Taco Bell, and that nothing in the FAC indicates that plaintiffs intended to seek damages for encounters after the filing of the FAC. Moreover, Taco Bell argues, to allow such post-complaint claims would lead to the result that plaintiffs could deliberately continue to incur additional damages claims up to and including the date of trial. Indeed, Taco Bell asserts, one of the named plaintiffs, Mr. Yates, is claiming damages for a visit to Restaurant # 4518 in 2010, more than seven years after the filing of the FAC.

The court finds that the motion must be GRANTED. Plaintiffs argue that they have standing to bring claims for damages that occurred after the filing of the FAC, on the basis that the FAC alleges that the violations are "ongoing." It appears that the cases cited by both sides relate to standing to assert an ADA claim for injunctive relief – not to standing to assert damages claims under state law – and the court was previously under the impression that the FAC alleged "ongoing" violations to support the request for injunctive relief under the ADA, not to suggest that the named plaintiffs could recover damages for any violation that occurred after the FAC was filed.

In any event, the main dispute between the parties appears to be whether leave to amend should be granted, because otherwise plaintiffs' damages claims will be limited to what was pled in the FAC. Under the current pretrial schedule, which was set at the September 13, 2012 case management conference, all discovery was to be concluded by February 11, 2013. Taco Bell asserts that because plaintiffs have never sought leave to file a second amended complaint (notwithstanding having stated on more than one occasion that they intended to do so), leave to amend should not be granted in light of the fact that discovery has closed.

As indicated above, plaintiffs make several arguments in response – that the complaint has been "constructively amended" pursuant to Rule 15(b); that Taco Bell was put on notice that the named plaintiffs were seeking damages for barriers not alleged in FAC because the barriers that were identified were only "examples;" and that the expert

12

report or other information provided in discovery was sufficient to provide "fair notice" of the unpled damages claims under Rule 8.

The parties seem to be under the impression that the court can consider and rule on the question whether leave to amend should be granted, notwithstanding that there is no motion for leave to amend currently pending. Because no motion has been filed, any comments the court might make regarding the propriety or advisability of amending the complaint would be totally gratuitous and without any legal basis or effect.

4. Whether plaintiffs can seek damages based on deterrence claims

As part of their opposition to Taco Bell's motion, plaintiffs also argue that they have not waived their deterrence claims. This is in response to the court's request in the September 17, 2012 order that plaintiffs clarify whether they are claiming that they need not have personally encountered barriers to obtain damages. Plaintiffs now contend that they have personally encountered every damages barrier, and that there were also occasions thereafter when they were deterred by those barriers from going inside the restaurants, and they seek recovery for those occasions.

As for Taco Bell's argument that by not opposing Taco Bell's motion in limine seeking to preclude evidence of deterrence claims, plaintiffs waived their right to seek deterrence-based damages, plaintiffs note that they made clear in their non-opposition that the reason they did not oppose the motion was that they were not seeking certification as to deterrence claims. However, they assert, they never indicated that they were agreeing to waive their personal deterrence claims.

In the alternative, plaintiffs argue that they should be permitted to amend their complaint. Plaintiffs assert that the court may grant leave to amend where controlling precedents change during the course of the litigation, in particular where a decision affecting pleading requirements is issued after a complaint is filed. Plaintiffs contend that there is no suggestion that the complaints did not meet the pre-Oliver pleading requirements when they were filed in 2002 and 2003, and that Taco Bell did not raise this argument until after the Ninth Circuit issued the Oliver decision in 2011.

As noted above, Taco Bell opposes granting leave to amend – whether to add deterrence claims or any other claims. Also, as noted above, the court takes no position in this order with regard to any possible amendment of the complaint.

The court finds that the motion to preclude plaintiffs from seeking damages for deterrence claims must be GRANTED, for the simple reason that there are no deterrence claims pled in the FAC.

## CONCLUSION

In accordance with the foregoing, Taco Bell's motion for partial summary judgment is GRANTED. First, the motion to preclude plaintiffs from seeking damages based on barriers not alleged in the FAC and/or at stores not alleged in the FAC is GRANTED. Second, the motion to limit plaintiffs to barriers they encountered in the 12 months prior to the filing of the original complaint is GRANTED, to the extent that plaintiffs cannot seek damages for barriers they encountered more than 12 months prior to December 17, 2002. Third, the motion to preclude plaintiffs from seeking damages for violations that occurred after the filing of the FAC is GRANTED. Fourth, the motion to preclude plaintiffs from seeking damages for deterrence claims that were not pled in the FAC is GRANTED.

**IT IS SO ORDERED.**

Dated: August 5, 2013

PHYLLIS J. HAMILTON
United States District Judge