UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE MOELLER, et al.,

    Plaintiffs,

    v.

TACO BELL CORP.,

    Defendant.

_____/

No. C 02-5849 PJH

**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IN PART AND DENYING IT IN PART**

    Plaintiffs' motion for an order granting leave to file a second amended complaint came on for hearing before this court on November 13, 2013. Plaintiffs appeared by their counsel Amy Robertson and Tim Fox, and defendant Taco Bell Corp. appeared by its counsel Gregory Hurley, John Makarewich, and Richard Deleissegues. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion in part and DENIES it in part as follows and for the reasons stated at the hearing.

    In this case, apart from a deadline to amend to add parties, no deadline for amending the pleadings was ever set in a case management or pretrial scheduling order. Thus, plaintiffs contend that the applicable standard is based on Federal Rule of Civil Procedure 15(a). However, Taco Bell takes the position that because the Rule 16(b) scheduling order is required to include a deadline to amend the pleadings, see Fed. R. Civ. P. 16(b)(3)(A), and because, even though no such deadline was ever set, all the deadlines that were set have long passed, the deadline to amend the pleadings has also passed by "implication," and thus that the applicable standard that governs this motion is the Rule 16(b) "good cause" standard.

As stated at the hearing, given that no deadline for amending pleadings was ever set, the court finds that the applicable standard is provided by Rule 15(a). Under Rule 15, "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is "to be applied with extreme liberality." See United States v. $11,500.00 in U.S. Currency, 710 F.3d 1006, 1013 (9th Cir. 2013); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 636 (9th Cir. 2012); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should . . . be "freely given."

Foman v. Davis, 371 U.S. 178 (1962).

Of these factors, "it is the consideration of prejudice to the opposing party that carries the greatest weight. . . . Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052. Delay, by itself, is insufficient to justify denial of leave to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999). In addition, leave to amend may be warranted where the pleading standard has changed during the course of the litigation. See Sonoma County Ass'n of Retired Employees v. Sonoma County, 708 F.3d 1109, 1117-18 (9th Cir. 2013); Moss v. United States Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

As an initial matter, the court finds no undue delay, bad faith, or dilatory motive. Although the first amended complaint was filed more than ten years ago, and plaintiffs indicated to Taco Bell on several occasions that they intended to amend the complaint, but did not do so, both sides evidently contemplated for most of that period that it was unnecessary that the complaint include allegations of every barrier encountered by every named plaintiff.

In August 2011, the Ninth Circuit issued its decision in Oliver v. Ralphs Grocery Co., 654 F.3d 903 (9th Cir. 2011), announcing a new standard for pleading claims of ADA Title

2

III access violations, holding that a defendant is no longer "deemed to have fair notice of barriers" that are identified outside the complaint. However, it was not until this court decertified the Rule 23(b)(3) damages class in this case and ruled in August 2013 that Oliver barred the individual plaintiffs' claims for damages for barriers not alleged in the FAC, that it became clear to plaintiffs that amendment would be required.

As for futility, Taco Bell argues that the proposed amendment would be futile because the new claims do not relate back and because they are time-barred. The court finds, however, that the allegations in the proposed SAC relate back to the complaint and the FAC, as the facts allege are sufficiently similar to those previously alleged, and as shown by the extensive discovery conducted in the case, Taco Bell plainly had actual notice of the claim based on the original pleading. See, e.g., Pointe San Diego Residential Cmty., L.P. v. Procopio, Gary, Hargreaves & Savitch, LLP, 195 Cal. App. 4th 265, 281 (2011). Further, the claims are not time-barred because the filing of a class action tolls the applicable statute of limitations for all class members until the court either denies certification or, as in this case, the class is decertified. See Crown Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 352-54 (1983).

As for prejudice, Taco Bell asserts that the delay and prejudice caused by the need to conduct further discovery if the amendments are allowed fully justifies denying plaintiffs' motion, and that this prejudice is underscored by the fact that the proposed SAC incorporates almost 200 pages of deposition transcripts, declarations, and charts, which in turn include numerous barriers they may or may not be pursuing, which leaves Taco Bell guessing as to which barriers are at issue. Taco Bell also contends that plaintiffs are attempting to add new claims that are completely absent from the FAC, and that nothing outside the FAC provided notice of any additional barrier claims.

The court agrees that the addition of the 200+ pages that plaintiffs seek to "incorporate by reference" is improper – not least because it is in violation of Federal Rule of Civil Procedure 8(a). Similarly, the court agrees that Taco Bell would be prejudiced by the addition of the new "deterrence" claims because, based on the allegations in the SAC,

it appears that no discovery was ever conducted on those claims, which are based on events that occurred as long ago as 2001. With regard to the additional barrier claims, however, the court finds that Taco Bell has been on notice of those claims and, it appears, has had the opportunity to conduct discovery (although it may be that some follow-up discovery will be required).

Finally, with regard to the issue raised at the hearing by counsel for Taco Bell – that leave to amend should be denied because plaintiffs are improperly attempting to add a "new policy claim" – the court notes that Taco Bell previously argued that plaintiff's "modification-of-policy claim lacks merit, see e.g., Doc. 554 at 18-20, and that plaintiffs expressly stated that they were "not making a claim under the reasonable modification of policies provisions of state or federal law," see Doc. 550 at 10-11.

It is true that plaintiffs allege in both the FAC and in the proposed SAC that Taco Bell's "discriminatory conduct includes . . . [f]ailing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities[,]" see FAC ¶ 34; SAC ¶ 44(c), which suggests that plaintiffs are indeed advancing a claim under 42 U.S.C. § 12182(b)(2)(A)(ii). Nevertheless, given that the proposed SAC includes no new causes of action and no new allegations apart from those relating to stores visited and barriers encountered, and given plaintiffs' previous disavowal of any claim under 42 U.S.C. § 12182(b)(2)(A)(ii), see Doc. 550 at 10-11, the court finds no basis for denying amendment on this ground.

To the extent that Taco Bell argues that plaintiffs' claim for injunctive relief based on a violation of § 12182(b)(2)(A)(iv) is a "back door" attempt to actually make a § 12182(b)(2)(A)(ii) claim, the court finds that this argument is premature, and that any questions regarding the scope of injunctive relief and whether it will include modification of any of Taco Bell's policies pursuant to 42 U.S.C. § 12188(a), cannot be resolved in the present motion for leave to amend. Instead, this argument should be made within the context of the upcoming motions for injunctive relief.

4

The SAC must be filed no later than December 4, 2013.  For the reasons discussed above, the allegations in ¶ 29 relating to documents that plaintiffs seek to incorporate by reference must be deleted, as well as the allegations relating to the deterrence claims of plaintiffs Francie Moeller, Katherine Corbett, and Edward Muegge.  In addition, as discussed at the hearing, the class allegations relating to Federal Rule of Civil Procedure 23(b)(3) must be deleted.

The parties' cross-motions regarding injunctive relief shall be filed no later than January 15, 2014.  The oppositions will be due on February 12, 2014.  The court will conduct an evidentiary hearing on Friday, March 21, 2014, starting at 8:30 a.m.  After it has resolved the issue of injunctive relief, the court will set a further case management conference regarding the procedures for deciding liability and damages as to the stores that have not yet been tried, including any additional discovery necessitated by the amendment.  The court hereby sets December 4, 2013 as the last day to amend the pleadings in this case.

**IT IS SO ORDERED.**

Dated:  November 21, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge