CIVIL RIGHTS EDUCATION AND
ENFORCEMENT CENTER
Timothy P. Fox, Cal. Bar No. 157750
Amy F. Robertson, *Pro Hac Vice*
104 Broadway, Suite 400
Denver, CO 80203
Tel:    (303) 757-7901
Email:  tfox@creeclaw.org

Mari Mayeda, Cal. Bar No. 110947
PO Box 5138
Berkeley, CA 94705
Tel:    (510) 917-1622
Fax:    (510) 841-8115
Email:  marimayeda@earthlink.net

LAWSON LAW OFFICES
Antonio M. Lawson, Cal. Bar No. 140823
6146 Mazuela Dr.
Oakland, CA 94611
Tel:    (510) 418-2656
Email:  tony@lawsonlawoffices.com

THE IMPACT FUND
Jocelyn Larkin, Cal. Bar No. 110817
125 University Ave.
Berkeley, CA 94710
Tel:    (510) 845-3473
Fax:    (510) 845-3654
Email:  jlarkin@impactfund.org

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| FRANCIE E. MOELLER *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> TACO BELL CORP., <br><br> Defendant. | Case No.   C 02 5849 PJH (NC) <br><br> **SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> **The Honorable Phyllis J. Hamilton** <br> **Courtroom 3, 3rd Floor** |

Plaintiffs Francie Moeller, Edward Muegge, Katherine Corbett and Craig Thomas Yates, by and through their attorneys, hereby submit their Second Amended Class Action Complaint for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code, § 51, *et seq.* ("the Unruh Act"), and the California Disabled Persons Act, Cal. Civ. Code, § 54, *et seq.* (the "CDPA").

## INTRODUCTION

1. Over twenty years after Congress passed one of our nation's landmark civil rights law for people with disabilities, Defendant's restaurants in California still maintain barriers that prevent customers who use wheelchairs or scooters from the full, independent and equal enjoyment of Defendant's goods and services.

2.     Defendant has been and is in violation of federal and state disability civil rights laws, in that it has failed to comply with federal and state nondiscrimination statutes.

3.     Defendant has discriminated and continues to discriminate against Plaintiffs in many ways, including but not limited to failing to ensure that its restaurants are accessible to individuals with mobility impairments who require wheelchairs or scooters for mobility.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, and pursuant to its supplemental jurisdiction over Plaintiffs' claims brought under the laws of the State of California.  The Court may grant declaratory and other relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Money damages alone are inadequate, and Plaintiffs have been suffering and will continue to suffer irreparable injury.

5.     Venue is proper within this District pursuant to 28 U.S.C. § 1391(b).

## INTRADISTRICT ASSIGNMENT

6.     This action arises in the county of Sonoma, Contra Costa and/or Marin and thus should be assigned to the San Francisco or Oakland Division.

## PARTIES

7.     Plaintiff Francie E. Moeller is and has been at all times material hereto a resident of the State of California.

8.     Ms. Moeller has a degenerative disc, spondothesis, fibromyalgia, and functional thoracic outlet syndrome, which affect her muscles and tissue.  Ms. Moeller has physical impairments that substantially limit several major life activities, including but not limited to walking.  She has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities.  Ms. Moeller uses a scooter for her primary means of mobility outside of her home and has a disability within the meaning of the ADA.  42 U.S.C. § 12102(2)(A).

9.     Ms. Moeller has a physical disability and/or medical condition as those terms are defined in applicable California law, including Cal. Gov't Code § 12926.

10. Plaintiff Katherine J. Corbett is and has been at all times material hereto a resident of the State of California.

11. Ms. Corbett has post polio syndrome. Ms. Corbett has physical impairments that substantially limit several major life activities, including but not limited to walking. She has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities. Ms. Corbett uses a power wheelchair for her primary means of mobility outside of her home and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

12. Ms. Corbett has a physical disability and/or medical condition as those terms are defined in applicable California law, including Cal. Gov't Code § 12926.

13. Plaintiff Edward Muegge was a resident of the State of California from 1954 to 2003; since 2003, he has resided in the state of Hawaii, but returns often to California for medical care and to visit friends.

14. As a result of a spinal cord injury, Mr. Muegge has physical impairments that substantially limit several major life activities, including but not limited to walking. He has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities. Mr. Muegge uses a power scooter for his primary means of mobility and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

15. Mr. Muegge has a physical disability and/or medical condition as those terms are defined in applicable California law, including Cal. Gov't Code § 12926.

16. Plaintiff Craig Thomas Yates is and has been at all times material hereto a resident of the State of California.

17. As a result of a spinal cord injury, Mr. Yates has physical impairments that substantially limit several major life activities, including but not limited to walking. He has a record of physical impairments that substantially limit several major life activities and is regarded as having physical impairments that substantially limit several major life activities. Mr.

Yates uses a power wheelchair for his primary means of mobility and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

18. Mr. Yates has a physical disability and/or medical condition as those terms are defined in applicable California law, including Cal. Gov't Code § 12926.

19. Defendant Taco Bell Corp. ("TBC") is a corporation incorporated under the laws of California, with its principal place of business at 1 Glen Bell Way, Irvine, CA 92618. TBC owns, operates, leases and/or leases to Taco Bell restaurants in California, including combination restaurants in which Taco Bell products and products of other restaurants (for example, Kentucky Fried Chicken) are sold.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs Moeller, Muegge, Yates, and Corbett seek to maintain this action under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class consists of all individuals with disabilities who use wheelchairs or electric scooters for mobility who, during a time period to be determined by this Court, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any Taco Bell restaurant in California that was designed or constructed by, or is owned, operated, leased by, or leased to, Defendant.

21. The class identified in paragraph 20 is believed to consist of well over 1,000 members who are dispersed across the State of California. Joinder of all of such class members in this lawsuit is impracticable.

22. There are numerous questions of law and fact common to the class, including without limitation, the following:

    a. Whether Taco Bell restaurants in California are "public accommodations" under the ADA;

    b. Whether Taco Bell restaurants in California are "business establishments" under the Unruh Act;

      c.    Whether Taco Bell restaurants in California are "places of public accommodation" or "places to which the general public is invited" under the CDPA;

      d.    Whether Taco Bell restaurants in California deny the full and equal enjoyment of their goods, services, facilities, privileges, advantages, or accommodations to people who use wheelchairs in violation of the ADA;

      e.    Whether Taco Bell restaurants in California deny full and equal accommodations, advantages, facilities, privileges, or services to people who use wheelchairs, in violation of the Unruh Act;

      f.    Whether Taco Bell restaurants in California deny full and equal access to accommodations, advantages and facilities to people who use wheelchairs, in violation of the CDPA;

      g.    What measures are legally required to bring Taco Bell restaurants in California into compliance with the ADA, the Unruh Act and the CDPA;

      h.    Whether the design features at issue in this case -- which exist at many Taco Bell restaurants -- violate state or federal law.

23.    The claims of Plaintiffs Moeller, Muegge, Yates and Corbett are typical of the claims of the members of the class. They -- like all other members of the class -- use a wheelchair or scooter for mobility and claim Defendant has violated the ADA, the Unruh Act and the CDPA by failing to make its Taco Bell restaurants accessible to people who use wheelchairs.

24.    Plaintiffs Moeller, Muegge, Yates, and Corbett will fairly and adequately protect the interests of the class because they have retained counsel with extensive experience in litigation, including class action litigation. In addition, Plaintiffs' counsel, Timothy Fox and Amy Robertson, were class counsel in a Colorado class action under the ADA concerning Taco Bell restaurants. Finally, Plaintiffs Moeller, Muegge, Yates and Corbett have no interests that conflict in any way with those of the class.

25. This action may be maintained as a class action pursuant to Rule 23(b)(2) because the Defendant's violations of the ADA, the Unruh Act and the CDPA are applicable to all members of the class. Therefore, an injunction requiring compliance with the ADA, the Unruh Act, and the CDPA is appropriate and the primary relief sought is injunctive relief.

26. Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of numerous similar suits by disabled people in the region. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

## STATEMENT OF FACTS

27. This Second Amended Complaint is being filed over ten years into this litigation. As such, Defendant has been on notice of the allegations below and many others for many years

<u>Francie Moeller</u>

28. Plaintiff Moeller has patronized the following Taco Bell Corporate restaurants and encountered the following barriers:

    a. Restaurant 2968, on Stony Point Road in Santa Rosa:

        i. The access aisle at the accessible parking space was too narrow making it difficult for Ms. Moeller to park her van and use the aisle (Moeller 2003 Dep. 73:21 - 74:4);

        ii. The queue line was too narrow, making it difficult or impossible for Ms. Moeller to access the service counter (*id*. 75:21-24);

        iii. There was insufficient accessible seating and insufficient space between tables, making it difficult for Ms. Moeller to dine in the restaurant, especially when dining with other friends who use wheelchairs (*id*. 77:4-14); and

        iv. Drinks and condiments were placed out of range for Ms. Moeller to reach from her wheelchair (*id*. 81:8-9).

        v. Ms. Moeller is seeking minimum statutory damages for five visits to this restaurant that occurred between December 2001 and June

2003, and for one visit that occurred in 2010 or 2011 but prior to November 3, 2011.

    b. Restaurant 3948, on Farmer's Lane in Santa Rosa:

        i. The entry door was too heavy, making it difficult for Ms. Moeller to open the door from her wheelchair (*id*. 20:17-24);

        ii. The queue line was too narrow, making it difficult or impossible for Ms. Moeller to access the service counter (*id*. 20:19, 23:15-25);

        iii. There was insufficient clear floor space at the drink machine, making it difficult for Ms. Moeller to access drinks and condiments (*id*. 39:17 - 40:15); and

        iv. There was insufficient accessible seating and insufficient space between tables, making it difficult for Ms. Moeller to dine in the restaurant, especially when dining with other friends who use wheelchairs (*id*. 35:21 - 36:8).

        v. Ms. Moeller is seeking minimum statutory damages for four visits to this restaurant that occurred between December 2001 and June 2003, and 42 visits that occurred between June 2003 and approximately 2008.

    c. Restaurant 4211 on Mendocino Avenue in Santa Rosa:

        i. The access aisle at the accessible parking space was too narrow making it difficult for Ms. Moeller to park her van and use the aisle (*id*. 48:1-16);

        ii. The entry door was too heavy, making it difficult for Ms. Moeller to open the door from her wheelchair (*id*. 67:23 - 68:1); and

        iii. Drinks and condiments were placed out of range for Ms. Moeller to reach from her wheelchair (*id*. 60:13 - 61:2, 62:22-25).

    iv. Ms. Moeller is seeking minimum statutory damages for 6 visits from Dec. 2001 to June 2003, and for 1 visit in approximately 2007.

<u>Katherine Corbett</u>

29. Plaintiff Corbett has patronized the following Taco Bell Corporate restaurants and encountered the following barriers:

 a. Restaurant 4518 in San Pablo Towne Center in San Pablo:

  i. The access aisle at the accessible parking space was too narrow, making it difficult for Ms. Corbett to park her van and use the aisle (Findings of Fact and Conclusions of Law ("FFCL"), ECF 642, at 4);

  ii. The entry door was too heavy, making it difficult for Ms. Corbett to open the door from her wheelchair (*id*.);

  iii. The queue line was too narrow, making it difficult or impossible for Ms. Corbett to access the service counter (*id*.);

  iv. Drinks lids and straws were placed out of range for Ms. Corbett to reach from her wheelchair (*id*. at 5);

  v. The accessible seating had insufficient knee clearance making it difficult for Ms. Corbett to sit at the table in her wheelchair (*id*.);

  vi. The water closet in the women's restroom was too low, making it difficult for Ms. Corbett to transfer from her wheelchair (*id*.);

  vii. The pipes under the lavatory were not insulated, putting Ms. Corbett at risk for scalding and forcing her to use only cold water to wash her hands (*id*.); and

  viii. A loose trash can in the women's restroom obstructed Ms. Corbett's access (*id*.).

           ix.    Ms. Corbett is seeking minimum statutory damages for five visits to this restaurant that occurred from 2002 until 2007, including a visit that occurred on Oct. 30, 2002.

    b.    Restaurant 4558 on Redwood Drive in Rohnert Park:

           i.    The queue line was too narrow, making it difficult or impossible for Ms. Corbett to access the service counter (Corbett 2003 Dep. 75:22);

           ii.    There was insufficient interior accessible seating, making it difficult for Ms. Corbett to find seating to dine in the restaurant (*id*. 85:5 - 86:13);

           iii.    There was no exterior accessible seating, making it impossible for Ms. Corbett to dine in the outdoor seating area (*id*. 88:13-24); and

           iv.    The toilet seat cover dispenser was not reachable from Ms. Corbett's wheelchair (*id*. 87:1-3, 87:21 - 88:7).

           v.    Ms. Corbett is seeking minimum statutory damages for one visit to this restaurant that occurred on June 26, 2003.

<u>Ed Muegge</u>

    30.    Plaintiff Muegge has patronized the following Taco Bell Corporate restaurants and encountered the following barriers:

    a.    Restaurant 3948 on Farmer's Lane in Santa Rosa:

           i.    The queue line was too narrow, making it difficult or impossible for Mr. Muegge to access the service counter (Muegge 2003 Dep. 109:2-4);

           ii.    The men's restroom door was too heavy, making it difficult for Mr. Muegge to open the door from his wheelchair (*id*. 111:13-15); and

        iii. The pipes under the lavatory in the men's restroom were not insulated, putting Mr. Muegge at risk for scalding (*id*. 110:23 - 111:7).

        iv. Mr. Muegge is seeking minimum statutory damages for visits to this restaurant that occurred on the following dates: June 21, 2002, and Nov. 21, 2002.

    b. Restaurant 4211 on Mendocino Avenue in Santa Rosa:

        i. The maneuvering clearance at the men's restroom door was insufficient, causing Mr. Muegge difficulty in getting into the restroom (Muegge 2011 Dep. 48:12 - 49:4).

        ii. Mr. Muegge is seeking minimum statutory damages for visits to this restaurant that occurred on the following dates: Unknown day in June 2002; Apr. 22, 2005; July 1, 2010; Jan. 14, 2011 and Oct. 29, 2011.

    c. Restaurant 4558 on Redwood Drive in Rohnert Park:

        i. The entry door was too heavy, making it difficult for Mr. Muegge to open the door from his wheelchair (Muegge 2003 Dep. 82:17 - 18:8);

        ii. The queue line was too narrow, making it difficult or impossible for Mr. Muegge to access the service counter (*id.* 83:9-16);

        iii. There was insufficient interior accessible seating, and the seating provided had insufficient knee clearance, making it difficult for Mr. Muegge to find seating to dine in the restaurant (*id*. 89:2-19); and

        iv. Condiments were placed out of range for Mr. Muegge to reach from his wheelchair (*id*. 92:4-8).

        v.     Mr. Muegge is seeking minimum statutory damages for four visits to this restaurant that occurred between December 2001 and July 2003, including visits on Nov. 24 and Dec. 1, 2002.

   d.   Restaurant 4799 on East Cotati Avenue in Rohnert Park:

        i.     The access aisle at the accessible parking space was too narrow, making it difficult for Mr. Muegge to park his van and use the aisle (Muegge 2003 Dep. 97:25 - 98:18); and

        ii.    The queue line was too narrow, making it difficult or impossible for Mr. Muegge to access the service counter (*id*. 99:12-17).

        iii.   Mr. Muegge is seeking minimum statutory damages for a visit to this restaurant that occurred on December 2, 2002, and a visit that occurred in approximately April 2003.

   e.   Restaurant 18112 on Santa Rosa Avenue in Santa Rosa:

        i.     The queue line was too narrow, making it difficult or impossible for Mr. Muegge to access the service counter (*id*. 114:1-3);

        ii.    Condiments were placed out of range for Mr. Muegge to reach from his wheelchair (*id*. 114:16 - 115:1); and

        iii.   The accessible seating had insufficient knee clearance making it difficult for Mr. Muegge to sit at the table in his wheelchair (*id*. 115:10-19).

        iv.   Mr. Muegge is seeking minimum statutory damages for two visits to this restaurant that occurred between December 2001 and July 2003.

Craig Yates

   31.   Plaintiff Yates has patronized the following Taco Bell Corporate restaurants and encountered the following barriers:

   a.   Restaurant 4518 in San Pablo Towne Center in San Pablo: The men's restroom door was too heavy, making it difficult for Mr. Yates to open

the door from his wheelchair (Yates 2011 Dep. 53:7-8). Mr. Yates is seeking minimum statutory damages for one visit to this restaurant that occurred on October 14, 2010.

    b. Restaurant 4951 on Rowland Boulevard in Novato:

        i. The queue line was too narrow, making it difficult or impossible for Mr. Yates to access the service counter (Yates 2003 Dep. 27:16 - 28:20); and

        ii. The accessible seating had insufficient knee clearance making it difficult for Mr. Yates to sit at the table in his wheelchair (*id*. 30:12 - 31:3).

        iii. Mr. Yates is seeking minimum statutory damages for eight visits to this restaurant, all of which occurred between December 2001 and June 2003.

General Allegations

32. Each of the Taco Bell restaurants referred to in Paragraphs 28-31 above is or has been during the class period owned and/or operated by TBC.

33. Numerous other California Taco Bell restaurants that were designed or constructed by, or that are owned, operated, or leased by, or leased to, Defendant are and/or have been during the class period in violation of the ADA, the Unruh Act and the CDPA, including but not limited to the barriers documented in the Special Master's interim reports, ECF 216-240, Plaintiffs' expert reports, and photographs taken by both parties and their representatives.

34. Taco Bell restaurants are built according to one of a limited number of design prototypes. As such, on information and belief, the discriminatory design features encountered by Plaintiffs recur in Taco Bell restaurants throughout California.

35. Since January 26, 1992, some or all of the Taco Bell restaurants in California have undergone alterations, as that term is used in the ADA, that affected, or could have affected, the usability of part or all of those restaurants.

36. Since July 1, 1970, some or all of the Taco Bell restaurants in California have undergone alterations, structural repairs and/or additions, as those terms are used in California law, including without limitation Cal. Health & Safety Code § 19959.

37. All four Plaintiffs have patronized Taco Bell restaurants in California in the past and intend to continue to patronize those restaurants in the future.

**FIRST CLAIM FOR RELIEF**
**(Americans with Disabilities Act)**

38. Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

39. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

40. Defendant owns, operates, leases and/or leases to Taco Bell restaurants in California.

41. Defendant's Taco Bell restaurants are places of public accommodation. 42 U.S.C. § 12181(7)(B).

42. Defendants have discriminated against Plaintiffs and members of the proposed class on the basis of disability. Defendants' discriminatory conduct includes but is not limited to:

    a. Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

    b. Provision goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

    c. Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

d. Failing to design and/or construct restaurants built for first occupancy after January 26, 1993 so that they are readily accessible to and usable by individuals with disabilities;

e. Failing to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the restaurants are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs;

f. Failing to make alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities; and/or

g. Failing to remove barriers to individuals with disabilities where it would be readily achievable to do so.

43. As such, Defendant discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Plaintiffs and members of the class on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Taco Bell restaurants in California in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

44. Defendant's violations of the ADA have harmed and will continue to harm Plaintiffs and members of the class in the future.

45. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188, Plaintiffs pray for judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Unruh Civil Rights Act)**

46. Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

47. Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, § 51, et seq. ("the Unruh Act").

48. The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code, § 51, et seq.

49. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

50. Defendant has violated the Unruh Act by, inter alia, denying Plaintiffs and members of the proposed class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

51. Defendant has violated the Unruh Act by, inter alia, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its restaurants.

52. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

53. In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

### THIRD CLAIM FOR RELIEF
### (California Disabled Persons Act)

54. Plaintiffs reallege and incorporate by reference the remainder of the allegations set forth in this Complaint as if fully set forth herein.

55. Defendant operates, within the jurisdiction of the State of California, places of public accommodation and/or places to which the general public is invited and, as such, is obligated to comply with the provisions of the CDPA, Cal. Civ. Code, § 54, et seq.

56. The conduct alleged herein violates the CDPA, including without limitation Cal. Civ. Code, § 54.1, et seq. and relevant provisions of California building code regulations.

57. The CDPA guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities.

58. Defendant has violated the CDPA by, inter alia, denying Plaintiffs and members of the proposed class, as persons with disabilities, full and equal access, as other members of the general public, to accommodations, advantages, facilities offered by Defendant.

59. Defendant has violated the CDPA by, inter alia, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its restaurants.

60. Pursuant to the remedies, procedures, and rights set forth in California law, including Cal. Civ. Code §§ 54.3 and 55, Plaintiffs pray for judgment as set forth below.

61. In doing the acts and/or omissions alleged herein, Defendant wrongfully and unlawfully denied access to its restaurants and their facilities to individuals with disabilities and acted with knowledge of the effect its conduct was having on physically disabled persons.

## RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. That this Court assume jurisdiction.

2. That this Court certify the class identified in paragraph 20;

3. That this Court certify Plaintiffs Moeller, Corbett, Muegge and Yates as representatives of this class.

4. That this Court declare Defendant to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq. and the California Disabled Persons Act, Cal. Civ. Code, § 54, et seq.

5. That this Court issue an injunction ordering Defendant to comply with the statutes set forth herein.

6. That this Court award actual, compensatory, and/or statutory damages to Plaintiffs for violations of their civil rights under state and federal law.

7. That this Court award Plaintiffs' reasonable attorneys' fees and costs pursuant to federal and California law.

8. That this Court award such additional or alternative relief as may be just, proper and equitable.

                                                Respectfully submitted,

                                                CIVIL RIGHTS EDUCATION AND
                                                ENFORCEMENT CENTER

                                        By:    /s/ Timothy P. Fox
                                                   Timothy P. Fox

Dated: November 21, 2013            Attorneys for Plaintiffs