UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANCIE E. MOELLER, et al.,

    Plaintiffs,

v.

TACO BELL CORP.,

    Defendant.

_____/

No. C 02-5849 PJH

**ORDER**

Before the court is Taco Bell's "ex parte" application[1] for a ruling on its motion to dismiss prior to trial, and Taco Bell's administrative motion for "clarification" and request for a pretrial conference prior to trial, as well as plaintiffs' responses to each of these motions.

With regard to the ruling on the motion to dismiss, Taco Bell argues that under Federal Rule of Civil Procedure 12(I), the court is required to rule on the motion prior to the trial. Rule 12(I) provides that "[i]f a party so moves, any defense listed in Rule 12(b)(1)-(7) – whether made in a pleading or by motion – and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial." Fed. R. Civ. P. 12(I). The court has determined to defer the ruling until after the trial. Accordingly, Taco Bell's motion is DENIED.

As for the request for "clarification" and for a pretrial conference, the court notes that on numerous occasions, Taco Bell has argued that any ruling regarding injunctive relief would be improper in the absence of a trial, because it would constitute a denial of Taco

---

[1] An "ex parte" application or motion is one submitted to the court "without the advance knowledge or contemporaneous participation of all other parties." Civ. L.R. 1-5(d). Apart from motions filed at the outset of a case (before any defendant has been served with process), this court does not recognize "ex parte" motions unless they are authorized by a statute, Federal Rule, local rule, or Standing Order. See Civ. L.R. 7-10.

Bell's due process rights.  See, e.g., Taco Bell's Motion to Reconsider Imposition of Class-Wide Injunctive Relief (Doc. 681-1) at 1, 4-6; Joint Case Management Conference Statement (Doc. 750) at 12; Taco Bell's Opposition to Motion for Entry of Permanent Injunction (Doc. 759) at 23.  However, now that the court has set a trial date, Taco Bell argues that the trial itself will constitute a denial of its due process rights.

The court disagrees.  At the November 13, 2013 case management conference, both parties requested that the court address plaintiffs' entitlement to injunctive relief.  Thus, the court set the matter for a one-day evidentiary hearing regarding injunctive relief precisely because Taco Bell had insisted that it was entitled to a trial before an injunction could be awarded and because, in the court's view, an evidentiary hearing was the equivalent of a bench trial insofar as the only issue was one of injunctive relief.  The evidentiary hearing date was set for March 21, 2014.  The court directed the parties to file cross-motions on the issues pertaining to injunctive relief prior to the hearing.  Plaintiffs filed a motion for a permanent injunction, and Taco Bell filed a motion re injunctive relief, which was actually a motion to dismiss.

On March 4, 2014, two and a half weeks before the date set for the evidentiary hearing, the parties filed a joint statement indicating that neither side intended to call any witnesses, or seek admissions of any affidavits, declarations, or new exhibits not previously submitted.  (Doc. 762).  Based on this representation, the court vacated the date for the evidentiary hearing, and moved the date for the hearing on the parties' cross-motions to March 26, 2014, to the court's regular Wednesday law and motion calendar.

However, at that hearing Taco Bell continued to argue that any determination of entitlement to injunctive relief in the absence of a trial would violate its due process rights.  Accordingly, at the March 26, 2014 hearing, the court set a one-day bench trial for April 25, 2014.  Both parties agreed to this date, and no mention was made of any need for motions in limine or a pretrial conference.  On April 11, 2014, two weeks before the scheduled trial date, Taco Bell has suddenly requested a pretrial conference, and has also referred to the need for a ruling on motions in limine.

The request for a pretrial conference is DENIED.  The court cannot imagine what motions in limine could be necessary, and in any event, there is no time to file motions and have the court issue a ruling prior to the April 25, 2014 trial date.  Taco Bell asserts that it requires clarification as to "what disputed material facts will be at issue in the trial and which party bears the burden of proof as to those disputed material facts."  Taco Bell contends that it does not have reasonable notice of the facts to be tried, and that this constitutes "denial of due process."

As the court clearly indicated at the March 26, 2014 hearing, the issue to be tried is whether plaintiffs are entitled to injunctive relief – that is, whether an injunction is warranted on the facts, and also whether an injunction is warranted on the law (which was previously argued at the last hearing and need not be repeated).

Plaintiffs bear the burden of establishing that injunctive relief is warranted.  Any request for injunctive relief is clearly moot as to the stores that Taco Bell no longer owns, as enforcement of any injunction against Taco Bell would be impossible.  The question is whether injunctive relief is warranted as to the stores that Taco Bell still owns.

Following the trial, the court will issue findings on both injunctive relief and subject matter jurisdiction, which is the subject of Taco Bell's motion to dismiss.

**IT IS SO ORDERED.**

Dated:  April 15, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge