1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCIE E. MOELLER, *et al.*, | Case No.      C 02 5849 PJH NC |
| Plaintiffs, | <u>CLASS ACTION</u> |
| v. | [~~PROPOSED~~] **AMENDED ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT** |
| TACO BELL CORP., | |
| Defendant. | Date:   June 4, 2014<br>Time:  9 a.m.<br>Judge: Hon. Phyllis J. Hamilton |

Having reviewed the parties' Joint Motion for Preliminary Approval of Class Settlement, the proposed Settlement Agreement, the proposed Notice, the proposed Notice dissemination plan, and the arguments of counsel, along with the files and records of this case, the Court now FINDS, CONCLUDES, and ORDERS as follows:

**I.      PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT AGREEMENT**

The Court has reviewed the terms of the proposed Settlement Agreement attached as Exhibit A, including specifically the injunctive relief provisions. The Court also reviewed the Motion papers and the declaration of Timothy P. Fox, which describes the background of this case, and the settlement process.  Based on review of those papers, and the Court's familiarity with this case, the Court concludes that the Settlement Agreement is the result of extensive, arms' length negotiations between the parties after extensive and lengthy litigation. The Court

finds that the settlement process was noncollusive.  Based on the Court's review of papers submitted in support of preliminary approval, and the Court's familiarity with the issues in the case, the Court concludes that the proposed Settlement Agreement has no obvious defects and is within the range of possible settlement approval, such that notice to the Class is appropriate.

It is therefore ORDERED that the Settlement Agreement is hereby PRELIMINARILY APPROVED.  Final approval is subject to the hearing of any objections of members of the Class to the proposed settlement.

## II.      PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT

### A.      Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement and Settlement Agreement, including Class Counsel's application for attorneys' fees and costs, for September 24, 2014 at 9:00 am.

### B.      Deadline for Filing Objections to Settlement, Including Plaintiffs' Application for Attorneys' Fees and Costs

Any objection to the Settlement, including to Plaintiffs' application for attorneys' fees and costs, must be postmarked no later than August 15, 2014.

### C.      Deadline for the Parties to Respond to Any Objections.

The parties will respond to any timely-filed objections no later than September 5, 2014.

### D.      Deadline for Submitting Motion Seeking Final Approval

Plaintiffs shall file a Motion for Final Approval of the Settlement by September 5, 2014. That brief shall respond to any timely filed objections, including timely filed objections to Plaintiffs' application for attorneys' fees and costs.

### E.      Deadline for Submitting Application for Attorneys' Fees and Costs

Class Counsel shall file with this Court their application for attorneys' fees and costs by August 1, 2014.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.   APPROVAL OF THE FORM AND MANNER OF DISTRIBUTING CLASS NOTICE

A.      The Parties have also submitted for this Court's approval a proposed form Class Notice, which the Court has carefully reviewed. The Court finds and concludes as follows:

1.      The proposed Notice allows Class Members a full and fair opportunity to consider the proposed Settlement.  The proposed plan for distributing the Notice, which is described in the parties' Joint Motion for Preliminary Approval of Class Settlement, is a reasonable method to inform class members of the terms of the settlement, including Plaintiffs' forthcoming application for attorneys' fees and costs, and of Class Members' opportunity to comment on, or object to, these terms.  Under the proposed Notice plan, Plaintiffs will distribute notice by mail and email, respectively, to the last known street and email addresses of more than 1,000 potential class members in the potential Class Member database maintained by Plaintiffs.  Plaintiffs will also post the Notice on the website that they have established for this case.  Finally, Plaintiffs will also send the notice, as well as a link to the notice on the website, via email to disability rights organizations in California with a request that it be printed and posted and that the organizations put a link to the notice on their website.

2.      The Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) the nature of this litigation, the class bound by the agreement, the identity of Class Counsel, and the essential terms of the Settlement, including injunctive relief; (2) Class Counsel's forthcoming application for attorneys' fees and costs; (3) the Court's procedures for final approval of the Settlement Agreement; (4) class members' right to comment or object if they desire; and (5) how to obtain additional information regarding this litigation and the Settlement.

3.      The Court FINDS and CONCLUDES that the proposed plan for distributing the Notice satisfies the notice requirements of Rule 23, and satisfies all other legal and due process requirements.

4.      Accordingly, the Court hereby ORDERS as follows:

a.      The form of the Notice is approved.

1       b.  The manner of distributing the Notice is approved.

2       c.  Within 10 days of the entry of this Order, Plaintiffs shall

3          distribute the Notice as set forth above, as in the Notice attached

4          hereto as Exhibit B.

5

6

7 IT IS SO ORDERED.

8

9 DATED: _____June 4, 2014_____

10               The Honorable _____ Hamilton
                United States _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

## SETTLEMENT AGREEMENT

1    **Introduction**.

1.1    This Settlement Agreement ("Agreement") is entered into by and between Taco Bell Corp. ("TBC") and Francie E. Moeller, Edward Muegge, Katherine Corbett, and Craig Thomas Yates (collectively "Named Plaintiffs"), individually, and on behalf of themselves and a class of persons similarly situated (hereinafter referred to as the "Class" and defined below), for purposes of the remainder of the Agreement. TBC and the Named Plaintiffs (individually and on behalf of the Class), shall individually be referred to as a "Party" and jointly as the "Parties."

1.2    Each Named Plaintiff uses a wheelchair or scooter for mobility and each is a person with a disability, as that term is used in the Americans with Disabilities Act, who patronized restaurants in California owned and operated by TBC (such California restaurants owned and operated by Taco Bell, collectively "TBC Restaurants").

1.3    The Named Plaintiffs have brought suit in the United States District Court for the Northern District of California (the "Court"), Civil Action No. 02-cv-5849-PJH (the "Lawsuit"), in which they allege that TBC violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, the California Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* (the "CDPA"), and/or California's Unruh Civil Rights Act, id. § 51 *et seq.* ("Unruh") at TBC Restaurants. The ADA, CDPA, and Unruh will collectively be referred to as the "Accessibility Statutes."

1.4    On February 23, 2004, the Court certified a class of individuals who used wheelchairs or scooters who had allegedly encountered barriers at TBC Restaurants since December 17, 2001. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 613-14 (N.D. Cal. 2004). On July 26, 2012, the Court decertified the damages portion of this class action, but maintained the certification of the injunctive class. *Moeller v. Taco Bell Corp.*, 2012 WL 3070863, at \*4 (N.D. Cal. July 26, 2012).

1.5    TBC undertook a remediation program designed to bring the approximately 200 TBC Restaurants into compliance with the Accessibility Statutes. TBC thereafter divested itself of the majority of those restaurants, and now owns and operates 41 restaurants in California. The parties acknowledge that Taco Bell undertook to repair or otherwise remedy all structural and fixed barriers in its California Restaurants alleged in the complaint, and that those elements at TBC Restaurants are now in substantial compliance with the Accessibility Statutes. Both parties further believe that TBC has developed  policies and procedures that will constitute an effective system to identify and remedy any movable barriers or other maintenance-related barriers, such as door pull pressures. Finally, TBC acknowledges the important role that the Class and Class Counsel have played in promoting and ensuring the accessibility of TBC Restaurants.

1.6    The Parties now wish to completely resolve and settle all claims, disputes and

controversies relating to the allegations of Named Plaintiffs and the Class, and to resolve their differences and disputes by settling the Lawsuit.

1.7    This Agreement is binding on the Parties and their respective subsidiaries, successors, heirs, and assigns, provided, however, that the Parties acknowledge and agree that this Agreement does not apply to, and is not binding upon, any TBC franchisee or licensee.

1.8    The term of this Agreement is two (2) years from the date of the Final Approval of this Agreement.

2    **No Admission of Liability**. By agreeing to and voluntarily entering into this Agreement, there is no admission or concession by TBC, direct or indirect, express or implied, that TBC Restaurants were or are in any way inaccessible or that TBC has violated or is violating the Americans with Disabilities Act, or any other federal, state, or local law, building code, regulation, order, or rule.

3    **Conditions Precedent**. This Agreement shall be conditioned upon and shall be effective only upon, the occurrence of all of the following events:

3.1    Class Counsel and TBC move jointly by stipulation for an Order Granting Preliminary Approval of this Agreement and Issuance of Notice in accordance with this Agreement and such motion is granted by the Court.

3.2    Notice is provided to the Class in accordance with this Agreement.

3.3    A Fairness Hearing is held in accordance with this Agreement.

3.4    The Court grants Final Approval of this Agreement after a Fairness Hearing has been conducted in accordance with applicable legal requirements, the time to file any appeal of the Court's ruling has expired, and no such appeal has been filed. This Agreement, once finally approved by the Court, no longer subject to appeal or appealed, shall fully and finally resolve all issues raised in this proceeding.

4    **Maintaining Access At TBC Restaurants**. For two (2) years following the date of Final Approval of this Agreement, TBC will ensure that TBC Restaurants remain in compliance with the Accessibility Statutes as follows in this Section 4:

4.1    TBC shall instruct the managers at each TBC Restaurant to inspect the restaurant at least once each day for accessibility, so that:

4.1.1    All self-serve items are within required reach ranges; and

4.1.2    There are no trash cans, advertising signs, or other moveable barriers obstructing paths of travel within the restaurant and to and within the restrooms.

4.1.3    TBC shall instruct these managers to adjust reach ranges and relocate barriers as necessary to ensure access.

4.1.4  TBC shall implement such instructions by no later than 90 days following the Final Approval of this Agreement.

4.2   TBC shall require that a "Compliance Monitor" inspect once every six months each TBC Restaurant currently owned and operated by TBC and each TBC Restaurant subsequently acquired by TBC for compliance with the Accessibility Statutes and shall take or cause to be taken prompt corrective action with respect to any deviation from the Accessibility Statutes. The Parties acknowledge that TBC currently uses a Compliance Monitor to conduct inspections of TBC Restaurants owned and operated by TBC.

4.3   TBC shall require that a "Construction Monitor" inspect any new restaurant construction in California or any major alteration or major remodel of a TBC Restaurant in California, including any subsequently acquired TBC Restaurant, for compliance with the Accessibility Statutes and that TBC shall take, or cause to be taken, prompt corrective action with respect to any deviation from the Accessibility Statutes. The Parties acknowledge that TBC currently uses a Construction Monitor to conduct such inspections. Newly constructed TBC Restaurants and any subsequently acquired TBC Restaurant that has closed for a major alteration or major remodel must be in substantially full compliance with the Accessibility Statutes when they open for business; provided, however, that a Construction Monitor shall inspect any such restaurant within thirty (30) days of when it opens for business for compliance with the Accessibility Statutes and that TBC shall take, or cause to be taken, prompt corrective action with respect to any deviation from the Accessibility Statutes.

4.4   Should TBC acquire additional restaurants in California that Taco Bell intends shall continue to remain open to the public after such acquisition, where such subsequently acquired additional restaurants are not in compliance with the Accessibility Statutes at the time of acquisition, TBC shall take, or cause to be taken corrective action with respect to any deviation from the Accessibility Statutes within 120 days after acquisition.

4.5   On an annual basis, beginning with the date of the final approval of this Agreement and for two (2) years thereafter, TBC shall train its maintenance technicians, construction managers, facilities leaders, engineers, and architects regarding the requirements of the Accessibility Statutes and the correction of any condition that would present accessibility barriers to Class members. The Parties acknowledge that TBC currently provides such training. Additionally, within 90 days of the Final Approval of this Agreement, TBC shall develop and include in its training materials for restaurant employees a training segment concerning TBC's ADA compliance policy and hospitality for disabled customers.

4.6   TBC shall maintain records of the monitoring it conducts pursuant to paragraphs 4.2 and 4.3 for the shorter period of two (2) years after each inspection or the date TBC no longer owns the store for which the records are maintained.

5       **Subsequently Divested Restaurants**.

      5.1     Should TBC divest itself from ownership and operation of a TBC Restaurant, such restaurant shall cease to be subject to the terms of this Agreement as of the date of the closure of the sale or other transfer of such restaurant. Nothing herein will prohibit TB from selling, franchising, transferring, closing or otherwise terminating operations at any location.

6       **Plaintiffs' Damages and Attorneys' Fees and Costs.** Plaintiffs and their counsel have agreed to settle Plaintiffs' claims for damages and for attorneys' fees, litigation expenses, including experts' fees and costs under federal and state law, that the Named Plaintiffs, the Class or Class counsel have incurred in connection with this matter and all other sums recoverable in this matter, in the total amount of $5,375,000. Plaintiffs and their counsel have decided amongst themselves that this lump sum shall be allocated as set forth in Section 6.1. TBC will support Class Counsel's request for attorneys' fees and costs up to the amount set forth in Section 6.1.5.

      6.1     Within fifteen (15) business days after Final Approval of this Agreement, the expiration of any and all deadlines for the filing of any appeal of the court's Final Approval of this Agreement, and no such appeal being filed, TBC will deliver checks or wire transfer to plaintiffs' counsel in the following amounts to the following payees:

| | | |
|---|---|---|
| 6.1.1 | Francie Moeller: | $50,000 |
| 6.1.2 | Edward Muegge: | $50,000 |
| 6.1.3 | Katherine J. Corbett Special Needs Trust: | $50,000 |
| 6.1.4 | Craig Thomas Yates: | $50,000 |
| 6.1.5 | Fox & Robertson, P.C. | $5,175,000 |

      6.2     Such payments will be in full and complete satisfaction of any and all claims for attorneys' fees, litigation expenses, including expert fees, costs, and all other sums recoverable, except damages, under federal or state law that the Class or Class Counsel have incurred or otherwise could have incurred or recovered   in this Lawsuit up to and including the date of Final Approval of this Agreement and will be in full and complete satisfaction of any and all claims for damages, attorneys' fees, litigation expenses, including expert fees,  costs and all other sums recoverable under federal or state law that the Named Plaintiffs have incurred or otherwise could have incurred or recovered in connection with this Lawsuit up to and including the date of Final Approval of this Agreement.

      6.3     Class Counsel agree to defend and indemnify the TBC Parties, as defined below, from any and all claims for attorneys' fees, litigation expense, including expert fees, and costs and from any liens for attorneys' fees, litigation expense, including expert fees and costs incurred, related to, concerning, or arising from this Lawsuit and/or Agreement

incurred on behalf of the Class or the Named Plaintiffs and damages claims of the Named Plaintiffs prior to the date of Final Approval of this Agreement, provided, however, that such defense and indemnity obligations shall not apply to responding to any objection to this Agreement, any enforcement proceeding concerning this Agreement, any damages claims not settled by this Agreement, any collateral legal challenge to this Agreement, including its notice provisions, or any subsequent allegation of non-compliance with the Accessibility Statutes in state or federal court.

7       **Preliminary Approval, Objections and Fairness Hearing**.

7.1     Promptly after execution of this Agreement, the Parties shall jointly request that the Court schedule a joint conference call to discuss the terms of the settlement agreement and seek the court's initial reactions to the proposed settlement. Provided that the court does not indicate that it would disapprove the terms of the settlement, the parties shall then request a preliminary approval hearing within twenty-one (21) court days of the joint call to the Court, or as soon thereafter as the Court may set the hearing and that the Court preliminarily approve the Agreement and approve the proposed form of Notice and plan for providing notice submitted by the Parties.

7.2     Class Counsel and TBC shall ask the Court to schedule a fairness and final approval hearing for 95 days after the date set by the Court for issuance of the Notice (the "Notice Deadline"), or as soon thereafter as the Court may set the hearing.

7.3     Class Counsel and TBC shall ask the Court to order the following procedures for objections: Any Class Member may object to the proposed Agreement by filing, within sixty (60) days after the Notice Deadline set by the Court, written objections with the Clerk of the Court. Only such objecting Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing. Responses by TBC and Class Counsel to any timely-filed objections shall be made no less than seven (7) days before the Fairness Hearing.

8       **Notice:**

8.1     Notice of this Agreement (the "Notice") will be provided to the Class. Provided that the Notice plan described below is approved by the Court, such notice shall be at Class Counsel's expense.

8.2     The proposed Notice and the plan for providing notice must satisfy the requirements of Federal Rule of Civil Procedure 23 and applicable legal precedent, and must be approved by the Court. In their motion seeking preliminary approval of the Agreement, the Parties will propose that Notice be provided as described in the following paragraphs.

8.3     The Notice shall be in a form agreed to by the Parties for submission to the Court,

which agreement shall be reached in advance of submitting the proposed settlement to the Court for preliminary approval, or such other form as ordered by the Court, and shall inform Class Members of at least the following; (1) a general description of the terms of this Agreement; (2) their right to object to the Agreement.

8.4   Within ten (10) calendar days after Preliminary Approval, or on such other date as set by the Court, Notice shall be provided as follows and/or in such other manner as ordered by the Court:

8.4.1   The Notice shall be sent by email, or, if no email address is known and a street address is available, then by First Class Mail, to those individuals who have contacted Class Counsel to express interest in this lawsuit, at the last known address provided to Class Counsel.

8.4.2   The Notice shall be posted on the website (the "Website") established by Class Counsel for this case (www.tacobellclassaction.com).

8.4.3   The Notice and a link to the Notice on the Website shall be sent by email to disability rights organizations in California with a request that it be printed and posted and that the organizations put a link to the notice on their websites.

## 9   Judgment, Final Approval and Dismissal.

9.1   At the time of the Fairness Hearing, TBC and Class Counsel shall jointly request that the Court grant Final Approval of this Agreement. Among other things, the Final Approval shall attach this Agreement as an exhibit to its final approval.

9.2   This Lawsuit shall be dismissed with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, no later than thirty (30) days following Final Approval, provided that no Class Member appeals the final approval of the settlement.

## 10   Terms Not Confidential; Communication with the Press.

10.1   The terms of this Agreement shall not be confidential, but the negotiations concerning this Agreement shall remain confidential, provided that either Party may respond to requests from the Court or Class Members concerning such negotiations.

10.2   The parties have exchanged drafts of press releases ("Press Releases"), which are attached hereto as Exhibits 1 and 2, respectively, which the parties each agree will constitute their respective initial statements to the press. With respect to the preparation of such press release, the parties acknowledge that this Agreement was negotiated at arm's length in good faith and that both parties, as part of the settlement process, have worked diligently and in good faith to ensure adequate accessibility for people with disabilities at Taco Bell Restaurants.

10.3   Class Counsel, any Named Plaintiff, and TBC each agree that any public statement other than the above-referenced Press Releases will be consistent with the terms of this Agreement and the Press Releases.

11   **Releases**:

11.1   Release of Claims for Injunctive Relief

11.1.1   Effective on the date of Final Approval, Named Plaintiffs and all Class Members and each of their executors, successors, heirs, assigns, administrators, agents, lawyers, and representatives (collectively, the "Injunctive Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge TBC and its present and former parents and subsidiaries and each of their respective present, former or future officers, directors, employees, shareholders, administrators, executors, affiliates, successors and assigns (collectively, the "TBC Parties") from the Released Injunctive Claims as defined below.

11.1.2   Notwithstanding the provisions of Section 1542 of the California Civil Code, the "Released Injunctive Claims" are any and all claims, rights, demands, charges, complaints, actions, suits and causes of action, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for injunctive, declaratory or other non-monetary relief, however described, based on conduct preceding Final Approval of this Agreement, that were brought, could have been brought or could be brought now or in the future that relate in any way to the accessibility of TBC Restaurants to persons who use wheelchairs or scooters under:

11.1.2.1   Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.*, and all rules and regulations promulgated thereunder; and

11.1.2.2   Cal. Civil Code Sections 52, *et seq.*, and the Disabled Persons Act, and Unruh Act contained therein, and Cal. Code Regs., Title 24 and all rules and regulations promulgated thereunder, and any other provision of California law to the extent it grants a right of action for alleged violations of the foregoing.

11.1.2.3   Section 1542 of the California Civil Code provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY

AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

11.2   Release of Claims for Damages

11.2.1 Effective on the date of Final Approval, Named Plaintiffs (on behalf of themselves only and not the Class) and each of their executors, successors, heirs, assigns, administrators, agents, lawyers, and representatives (collectively, the "Damages Releasing Parties"), in consideration of the relief set forth herein, the sufficiency of which is expressly acknowledged, unconditionally and forever do fully and finally release, acquit, and discharge the TBC Parties from the Released Damages Claims as defined below.

11.2.2 The "Released Damages Claims" are any and all claims, rights, demands, charges, complaints, actions, suits, causes of action, and liabilities of any kind, whether known or unknown, suspected or unsuspected, accrued or unaccrued, for damages based on conduct preceding Final Approval of this Agreement that were brought, could have been brought or could be brought now or in the future that relate in any way to the accessibility of Covered Restaurants to persons who use wheelchairs or scooters.

11.2.3 RELEASE OF UNKNOWN CLAIMS As to the matters released herein, each of the Parties to this Agreement expressly waives, to the full extent permitted by law, all rights pursuant to section 1542 of the California Civil Code which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

TBC and the Named Plaintiffs each acknowledge to the other that they are aware that they or their attorneys may discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to settle and release fully, finally and forever, any and all disputes and differences, known and unknown, suspected and unsuspected, which now exist, may exist up to the date of the Final Approval of this Agreement or have existed, between them relating to the subject matter of this Agreement.

11.3   Named Plaintiffs each warrants and represents that he or she has not assigned or transferred, or purported to assign or transfer, voluntarily, involuntarily, or by operation of law, any matter released or assigned pursuant to this Agreement, and agrees to defend, indemnify, protect, and hold harmless each other against any claim, demand, damage, debt, liability, account, reckoning, obligation, cost,

expense, lien, action, or cause of action (including any right to payment of attorneys' fees and costs, whether or not litigation be commenced) based upon, in connection with, or arising out of any such assignment or transfer.

12    Dispute Resolution

12.1    For two (2) years following the Final Approval of this Agreement, as a condition precedent for the Named Plaintiffs, Class Counsel or any Class Member to file a claim in federal or state court to enforce any provision of this Agreement or to obtain injunctive relief alleging the existence of a barrier to access (as defined in Title III of the ADA, the CDPA, and/or Unruh) for individuals who use wheelchairs or scooters at a TBC-owned restaurant in California, the Named Plaintiffs, Class Counsel or the Class Member must first submit a Notice of Barrier to Class Counsel and to TBC to the names and addresses and in the manner set forth in Section 14 of this Agreement. A Notice of Enforcement alleging the breach of any provision of this Agreement shall include (1) the name, address and telephone number of the Named Plaintiff, Class Counsel or Class Member submitting the Notice of Enforcement; and (2) the provision of this Agreement specifically alleged to have been violated.   Each Notice of Enforcement shall include one, and only one, alleged violation of this Agreement. Multiple Notices of Enforcement may be submitted at the same time. A Notice of Barrier shall include (1) the name, address and telephone number of the Named Plaintiff, Class Counsel or Class Member submitting the Notice of Barrier; (2) the address of the store location where the alleged barrier was encountered; (3) identification with specificity of the nature of the alleged barrier encountered; and (4) the date and time when the alleged barrier was encountered. Each Notice of Barrier shall include one, and only one, alleged barrier.  Multiple Notices of Barrier may be submitted at the same time. A Notice of Enforcement or Barrier shall be deemed received five days following delivery by the means set forth in Section 14 of this Agreement.

12.2    Within ten days following receipt of a Notice of Enforcement or Barrier by TBC, TBC shall respond to the individual who submitted the Notice of Enforcement or Barrier to the address provided in the Notice (with a copy to Class Counsel) providing the following information: (1) a statement of whether TBC confirms or rejects the Notice of Enforcement or Barrier; and (2) if TBC confirms the Notice of Enforcement or Barrier a statement that the alleged violation or barrier has been remedied or removed, respectively, or a specific date within ten (10) days by which the alleged violation or barrier, respectively, will be remedied or removed. TBC shall have no further liability for any form of Injunctive Claims as described and defined in Section 11.1 of this Agreement arising out of or relating to the Notice of Enforcement or Barrier unless the Named Plaintiff, Class Counsel, or Class Member who submitted the Notice of Enforcement or Barrier disputes whether TBC remedied the alleged violation or removed the alleged barrier to access.  In the event of a dispute described in this Section 12.2, any party to the dispute (including, where applicable, the Named Plaintiff, Class Counsel, a Class Member, or TBC) shall have the right to submit the dispute to federal or state court for determination.

12.3    The provisions of this Section 12, including its subdivisions, shall remain in effect and apply to all alleged breaches of this Agreement and barriers to access described in Section 11.1, above, that are alleged to exist at any time during the period beginning from the date of the Final Approval of this Agreement and ending two (2) years following the date of the Final Approval of this Agreement.

12.4    If any Class Member or other individual should assert or file a claim that TBC believes is covered by Paragraph 12.1 above, TBC shall provide written notice to such individual including a copy of this Agreement, and request that such individual pursue the claim through the procedures established by this Paragraph 12.   TBC shall not take any legal action against such Class Member or other individual unless he or she files a complaint in state or federal court and refuses, after the notice described in the Paragraph, to withdraw such complaint.

12.5    Nothing in this Agreement obligates Class Counsel to represent any member of the Class in any dispute resolution or in any enforcement proceeding.

13    **Entire Agreement.** This Agreement contains all the agreements, conditions, promises and covenants among TBC, Named Plaintiffs, Class Counsel, and the Class, regarding matters set forth in it and supersedes all prior or contemporaneous agreements, drafts, representations or understandings, either written or oral, with respect to the subject matter of the present Agreement.

14    **Communications to TBC And Class Counsel**. All notices or communications required by this Agreement shall be in writing by email and U.S. Mail or overnight delivery service addressed as follows:

14.1    To Named Plaintiffs, Class Counsel or the Settlement Class:

Timothy P. Fox
Civil Rights Education and Enforcement Center
104 Broadway, Suite 400
Denver, CO 80203
303.757.7901
tfox@creeclaw.org

14.2    To TBC:

John A. Makarewich
Taco Bell Corp.
1 Glen Bell Way
Irvine, CA 92618
(949)863-4500
john.makarewich@yum.com

15    **Modification**. Prior to Final Approval, this Agreement can be amended only by written

agreement of the Parties hereto.

16     **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

17     **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

18     **Receipt of Advice of Counsel**. The Parties acknowledge and warrant to each other that they have fully read this Agreement, have received independent legal advice regarding the advisability of entering into this Agreement, and fully understand its effect.

19     **Power and Authority**. The Parties represent that they have the power and authority to execute and deliver this Agreement and to perform the obligations hereunder, and that each person executing this Agreement on each party's behalf has been authorized to sign on behalf of the respective party and to bind each to the terms of this Agreement.

20     **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel and TBC each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

21     **Governing Law and Jurisdiction**. This Agreement shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California.

22     **Counterparts**. This Agreement may be executed in any number of counterparts and/or by facsimile, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

AGREED

Francie Moeller        Edward Muegge        Katherine Corbett        Craig T. Yates

_____        _____        _____        _____

TACO BELL CORP.                                        Approved as to Form

_____

Its: Chief Financial Officer                              _____
                                                         Class Counsel

agreement of the Parties hereto.

16    **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all
      Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all
      Parties have contributed to the preparation of this Agreement, it shall not be construed
      more strictly against one Party than another.

17    **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the
      Parties hereto by facsimile and in separate counterparts, and all such counterparts taken
      together shall be deemed to constitute one and the same agreement.

18    **Receipt of Advice of Counsel**. The Parties acknowledge and warrant to each other that
      they have fully read this Agreement, have received independent legal advice regarding
      the advisability of entering into this Agreement, and fully understand its effect.

19    **Power and Authority**. The Parties represent that they have the power and authority to
      execute and deliver this Agreement and to perform the obligations hereunder, and that
      each person executing this Agreement on each party's behalf has been authorized to sign
      on behalf of the respective party and to bind each to the terms of this Agreement.

20    **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel and TBC
      each agree to abide by all of the terms of this Agreement in good faith and to support it
      fully, and shall use their best efforts to defend this Agreement from any legal challenge,
      whether by appeal or collateral attack.

21    **Governing Law and Jurisdiction**. This Agreement shall be subject to, governed by, and
      enforced and construed pursuant to the laws of the State of California.

22    **Counterparts**. This Agreement may be executed in any number of counterparts and/or
      by facsimile, each of which shall be deemed to be an original and all of which together
      shall be deemed to be one and the same instrument.

AGREED

Francie Moeller          Edward Muegge          Katherine Corbett          Craig T. Yates

_____     _____     _____     _____

TACO BELL CORP.                                    Approved as to Form

_____                                    _____
Its:                                               Class Counsel

agreement of the Parties hereto.

16      **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

17      **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

18      **Receipt of Advice of Counsel**. The Parties acknowledge and warrant to each other that they have fully read this Agreement, have received independent legal advice regarding the advisability of entering into this Agreement, and fully understand its effect.

19      **Power and Authority**. The Parties represent that they have the power and authority to execute and deliver this Agreement and to perform the obligations hereunder, and that each person executing this Agreement on each party's behalf has been authorized to sign on behalf of the respective party and to bind each to the terms of this Agreement.

20      **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel and TBC each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

21      **Governing Law and Jurisdiction**. This Agreement shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California.

22      **Counterparts**. This Agreement may be executed in any number of counterparts and/or by facsimile, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

AGREED

Francie Moeller        Edward Muegge        Katherine Corbett        Craig T. Yates

_____     _____     _____

TACO BELL CORP.                                  Approved as to Form

_____                       _____
Its:                                                 Class Counsel

agreement of the Parties hereto.

16    **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

17    **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

18    **Receipt of Advice of Counsel**. The Parties acknowledge and warrant to each other that they have fully read this Agreement, have received independent legal advice regarding the advisability of entering into this Agreement, and fully understand its effect.

19    **Power and Authority**. The Parties represent that they have the power and authority to execute and deliver this Agreement and to perform the obligations hereunder, and that each person executing this Agreement on each party's behalf has been authorized to sign on behalf of the respective party and to bind each to the terms of this Agreement.

20    **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel and TBC each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

21    **Governing Law and Jurisdiction**. This Agreement shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California.

22    **Counterparts**. This Agreement may be executed in any number of counterparts and/or by facsimile, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

AGREED

Francie Moeller        Edward Muegge        Katherine Corbett      Craig T. Yates

_____        _____        _____

TACO BELL CORP.                              Approved as to Form

_____                             _____
Its:                                         Class Counsel

agreement of the Parties hereto.

16      **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

17      **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

18      **Receipt of Advice of Counsel**. The Parties acknowledge and warrant to each other that they have fully read this Agreement, have received independent legal advice regarding the advisability of entering into this Agreement, and fully understand its effect.

19      **Power and Authority**. The Parties represent that they have the power and authority to execute and deliver this Agreement and to perform the obligations hereunder, and that each person executing this Agreement on each party's behalf has been authorized to sign on behalf of the respective party and to bind each to the terms of this Agreement.

20      **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel and TBC each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

21      **Governing Law and Jurisdiction**. This Agreement shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California.

22      **Counterparts**. This Agreement may be executed in any number of counterparts and/or by facsimile, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

AGREED

Francie Moeller        Edward Muegge        Katherine Corbett      Craig T. Yates

_____       _____      _____       _____

TACO BELL CORP.                             Approved as to Form

_____                            _____

Its: _____                        Class Counsel

agreement of the Parties hereto.

16    **Drafting of this Agreement**. This Agreement is deemed to have been drafted by all Parties hereto, as a result of arm's length negotiations among the Parties. Whereas all Parties have contributed to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

17    **Execution by Facsimile and in Counterparts**. This Agreement may be executed by the Parties hereto by facsimile and in separate counterparts, and all such counterparts taken together shall be deemed to constitute one and the same agreement.

18    **Receipt of Advice of Counsel**. The Parties acknowledge and warrant to each other that they have fully read this Agreement, have received independent legal advice regarding the advisability of entering into this Agreement, and fully understand its effect.

19    **Power and Authority**. The Parties represent that they have the power and authority to execute and deliver this Agreement and to perform the obligations hereunder, and that each person executing this Agreement on each party's behalf has been authorized to sign on behalf of the respective party and to bind each to the terms of this Agreement.

20    **Duty to Support and Defend Agreement**. Named Plaintiffs, Class Counsel and TBC each agree to abide by all of the terms of this Agreement in good faith and to support it fully, and shall use their best efforts to defend this Agreement from any legal challenge, whether by appeal or collateral attack.

21    **Governing Law and Jurisdiction**. This Agreement shall be subject to, governed by, and enforced and construed pursuant to the laws of the State of California.

22    **Counterparts**. This Agreement may be executed in any number of counterparts and/or by facsimile, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same instrument.

AGREED

Francis Moeller        Edward Muegge        Katherine Corbett        Craig T. Yates

_____       _____                               _____

TACO BELL CORP.                              Approved as to Form

Its: _____                         Class Counsel _____

**Exhibit 1**

For Immediate Release:                                        Contact: Tim Fox [Phone Number]

**Taco Bell Settles California Class Action for Customers Using Wheelchairs**

On the eve of a trial scheduled for this Friday in federal court in Oakland, the parties to a disability access class action lawsuit brought against Taco Bell in California have announced a settlement of the long-running case. The action, originally filed in 2002, was brought on behalf of customers who use wheelchairs and scooters; the suit claimed that Taco Bell restaurants did not provide accessible facilities as required by law. The settlement will ensure that Taco Bell restaurants are maintained in compliance with all legal requirements for accessibility.

The lawsuit challenged a variety of access barriers, including queue lines too narrow for wheelchairs, inadequate parking spaces, and doors too heavy to be opened by persons with limited mobility. After the lawsuit was filed, Taco Bell engaged in significant efforts to improve access at its California restaurants. The agreement ensures that access will be maintained by requiring daily surveys by managers, surveys every six months by compliance monitors, and training of Taco Bell managers and employees. It also ensures that restaurants that are subsequently acquired by Taco Bell are accessible.

One of the original four plaintiffs, Katherine Corbett, had encountered many of these barriers when she and her daughter would eat at Taco Bell restaurants near her home in Richmond. Ms. Corbett, who uses a scooter, remarked about the settlement: "I love the food at Taco Bell and I am delighted that I will be able to enjoy it without any barriers." Tim Fox, Executive Director of the Civil Rights Education and Enforcement Center and one of the attorneys for class, expressed his appreciation for Taco Bell's cooperation in resolving the matter. " We commend Taco Bell for the work it has performed  to improve the accessibility of its restaurants to people who use wheelchairs and scooters, and to make sure that that access is maintained in the future."

In addition to changes in Taco Bell's practices, the settlement provides compensation for the four plaintiffs as well as attorneys' fees for the lawyers representing the class. The settlement must still be approved by Judge Phyllis J. Hamilton.

## **Exhibit 2**

We are very pleased to announce that the parties were able to come together and resolve the <u>Moeller v. Taco Bell</u> lawsuit.  We worked hard with plaintiffs and their counsel to address their access concerns and ensure that all our California restaurants comply with all accessibility statutes.  Taco Bell put in place an industry-leading compliance program to ensure our restaurants remain accessible, and our access compliance team is led by our own, internal Certified Access Specialist (CASp), who is approved by the California State Architect.  This program includes contracts with third party vendors who inspect our restaurants regularly and ensure that new restaurant construction meets all accessibility requirements.  It also includes extensive annual training for all of our maintenance, construction managers, and architects concerning accessibility requirements.  We value all customers and want to ensure our restaurants are accessible to all.

# Exhibit B

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

**ATTENTION: PEOPLE WHO USE WHEELCHAIRS OR SCOOTERS FOR
MOBILITY AND WHO PATRONIZE OR HAVE PATRONIZED
TACO BELL RESTAURANTS IN CALIFORNIA**

**PLEASE READ THIS NOTICE CAREFULLY AS IT ADDRESSES A
LAWSUIT THAT MAY AFFECT YOUR RIGHTS**

## I.      INTRODUCTION

The purpose of this notice is to inform you of a proposed settlement in a pending class action lawsuit brought against Taco Bell Corp. ("Taco Bell") on behalf of people who use wheelchairs or scooters for mobility. The class action settlement, which must be approved by the Court, was reached in the matter of *Moeller v. Taco Bell Corp.*, Civil Action No. 4:02-cv-05849-PJH (the "Lawsuit"). The Lawsuit, originally filed in 2002 in the United States District Court for the Northern District of California and subsequently amended, alleged that there are architectural barriers at Taco Bell restaurants in California owned and operated by Taco Bell, which at the time the suit was filed totaled approximately 200 restaurants, that discriminate against a class of persons who use wheelchairs or scooters for mobility in violation of Title III of the Americans with Disabilities Act and California state law. The Lawsuit sought to require Taco Bell to bring these restaurants into compliance with state and federal accessibility regulations. Taco Bell has denied and continues to deny any liability or wrongdoing.

After the Lawsuit was filed, Taco Bell undertook a remediation program designed to bring its restaurants into compliance with accessibility requirements. Taco Bell subsequently sold the majority of those restaurants, and now owns and operates 41 restaurants in California ("California Corporate Restaurants"). A list of the 41 California Corporate Restaurants is set forth at the bottom of this Notice. The parties to the Lawsuit have now entered into a proposed agreement to settle the Lawsuit (the "Settlement Agreement").

If you use a wheelchair or scooter and you have patronized, or will patronize, a California Corporate Restaurant at any time between December 17, 2001 and the end of the term of the proposed settlement (approximately September 2016), you are included in this case.

A Final Approval Hearing will be held on September 24, 2014, at 9:00 am before Judge Phyllis J. Hamilton of the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 - 3rd Floor, 1301 Clay Street, Oakland, California 94612, to determine if the Settlement Agreement is fair, reasonable and adequate and should therefore be approved. **The date of the Final Approval Hearing may change without further notice to the class.** Class Members are advised to check the settlement website (http://www.tacobellclassaction.com/) or PACER (www.pacer.gov), as described in Section VIII below, to confirm that the date of the Final Approval Hearing has not been changed. The Court

will also determine whether to approve plaintiffs' counsels' application for attorneys' fees and costs, which Taco Bell has agreed to pay pursuant to the Settlement Agreement as explained herein.

THIS NOTICE SUMMARIZES THE PROPOSED SETTLEMENT AND ADVISES YOU OF:

THE STATUS OF THE LAWSUIT; and

THE OPPORTUNITY TO FILE WITH THE COURT AN OBJECTION TO THE SETTLEMENT OR TO APPEAR AT THE FINAL APPROVAL HEARING ADDRESSING THE APPROVAL OF THE SETTLEMENT.

## II.   REASONS FOR SETTLEMENT

This Settlement Agreement resolves all claims currently at issue in the Lawsuit.  After more than a decade of litigation and after negotiations that concluded on the eve of the second trial in this case, Class Counsel[1] have concluded that the terms and conditions of the settlement are fair, reasonable, and in the best interests of the Class. In reaching this conclusion, Class Counsel have analyzed the benefits of the settlement, the possible outcome of further litigation, and the expense and length of continued proceedings necessary to prosecute this Lawsuit through trial and possible appeals. By entering into this settlement, Taco Bell does not admit any fault or wrongdoing. Taco Bell denies any and all liability to the Named Plaintiffs and the Class and denies that it has violated any laws -- federal, state or local -- pertaining to access for people who use wheelchairs or scooters.  Plaintiffs and Taco Bell have agreed to a settlement to resolve all issues in the Lawsuit, which includes injunctive relief, monetary relief to the Named Plaintiffs, and attorneys' fees and costs. The Court has conditionally approved this settlement and must approve it after the Final Approval Hearing before it becomes final. The proposed settlement is summarized below.

## III.   DEFINITION OF THE CLASS

The Class, which was certified by the Court on February 23, 2004, and modified on July 26, 2012,[2] is defined as follows:

---

[1]      Timothy Fox, Esq. and Amy Robertson, Esq., previously of the law firm of Fox & Robertson, P.C. and currently of the Civil Rights Education and Enforcement Center; Mari Mayeda, Esq.; and Antonio M. Lawson, Esq. of the Lawson Law Offices.

[2]      On July 26, 2012, the Court decertified the damages portion of this class action, but maintained the certification of the injunctive class.  *Moeller v. Taco Bell Corp.*, No. C 02–5849 PJH, 2012 WL 3070863, at *4 (N.D. Cal. July 26, 2012).  As a result of this decision, class members are not able to recover damages through this class action.

All individuals with disabilities who use wheelchairs or electric scooters for mobility who, at any time on or after December 17, 2001, were denied, or are currently being denied, on the basis of disability, full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of California Taco Bell corporate restaurants.

The Court has appointed plaintiffs Francie E. Moeller, Edward Muegge, Katherine Corbett, and Craig Thomas Yates as representatives of this class.

Members of the Class cannot "opt out" of the class or the effect of the Class releases described in Section V below. Members of the Class may object to the Settlement Agreement as described in Section VIII below.

## IV.    SUMMARY OF PROPOSED SETTLEMENT

The following is a summary of certain provisions of the Settlement Agreement.  The complete Settlement Agreement is available as set forth below.

### A.    INJUNCTIVE RELIEF

The injunctive relief set forth in the Settlement Agreement includes the following:

- Taco Bell will instruct its restaurant managers to conduct inspections, on at least a daily basis, of specified architectural elements that are subject to frequent change to ensure that they are in compliance with accessibility regulations;

- Once every six months, Taco Bell will have a Compliance Monitor inspect each currently owned or subsequently acquired California restaurant for compliance with accessibility regulations, and shall take prompt corrective action with respect to any deviations from those regulations;

- A Construction Monitor will inspect any newly constructed California restaurant, and any major alterations or major remodels to California restaurants, for compliance with accessibility regulations;

- If Taco Bell acquires additional restaurants in California that it intends to remain open after such acquisition, it will bring those restaurants into compliance with accessibility regulations within 120 days of the acquisition.

The Settlement Agreement also establishes a Dispute Resolution process that, for two (2) years following final approval of the settlement, shall govern the filing any claim in federal or state court to enforce any provision of the Settlement Agreement or to obtain injunctive relief alleging the existence of a barrier to access at a California Corporate Restaurant.

**B.      NAMED PLAINTIFFS' DAMAGES, ATTORNEYS' FEES AND COSTS**

Taco Bell has agreed to pay monetary relief totaling $5,375,000.  Named Plaintiffs and class counsel have agreed that each named plaintiff will receive $50,000 as compensation for their damages claims (the named plaintiffs have not sought, and are not receiving, enhancement awards).  Class counsel will submit a motion seeking approval by the Court of an award of attorneys' fees and costs in the amount of $5,175,000.

## V.      BINDING EFFECT/RELEASES

The proposed Settlement Agreement, if finally approved by the Court, will bind all members of the Class.

As a result, each class member's claim for injunctive relief against Taco Bell concerning the California Corporate Restaurants based on conduct preceding final approval of the Settlement Agreement will be released.  This release applies to claims brought under:

(A)      Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and all rules and regulations promulgated thereunder; and

(B)      Cal. Civil Code Sections 52, *et seq.*, and the Disabled Persons Act, and Unruh Act contained therein, and Cal. Code Regs., Title 24 and all rules and regulations promulgated thereunder, and any other provision of California law to the extent it grants a right of action for alleged violations of the foregoing.

The Settlement Agreement, if approved, will not release claims for damages other than by the Named Plaintiffs (on behalf of themselves only and not the Class).  Thus, you do not have to object in order to be able to assert claims for damages in your own lawsuit, although you may not recover damages through this class action.  No Class member can "opt out" of the Settlement Agreement, but members of the Class may object to the Settlement Agreement as described in Section VII below.

## VI.      HEARING ON PROPOSED SETTLEMENT

The Court has scheduled a Final Approval Hearing for September 24, 2014 at 9:00 am in the Courtroom of the Honorable Phyllis J. Hamilton of the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 3 - 3rd Floor, 1301 Clay Street, Oakland, California 94612, to determine whether the proposed settlement is fair, reasonable and adequate and should be finally approved, to determine whether to approve Class counsels' application for attorneys' fees and costs, and to address any other matters related to the settlement of the Lawsuit.  **The date of the Final Approval Hearing may change without further notice to the class.**  Class Members are advised to check the settlement website (http://www.tacobellclassaction.com/) or PACER (www.pacer.gov), as explained in Section VIII

below, to confirm that the date of the Final Approval Hearing has not been changed.

It is not necessary for you to appear at the hearing. You may, however, choose to appear at the hearing, either in person or through an attorney.

Requests to be heard at the Final Approval Hearing filed by attorneys should be filed pursuant to the Electronic Case Filing Procedures for the Northern District of California, which are available online at http://www.cand.uscourts.gov/cm-ecf.

## VII.    OBJECTIONS TO THE SETTLEMENT AGREEMENT

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a larger settlement; the Court can only approve or deny the settlement.

You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for paying that attorney. Only Class members who have filed written objections shall have the right to present objections orally at the Final Approval Hearing, and they will only have the right to do so if they expressly seek it in their written objection.

All written objections and supporting papers must (a) clearly identify the case name and number (*Moeller v. Taco Bell Corp.*, Civil Action No. 4:02-cv-05849-PJH), (b) be submitted to the Court either by mailing them to Class Action Clerk, United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or received on or before August 15, 2014.

Unless otherwise ordered by the Court, any Class members who do not make his or her objections or opposition to the settlement in the manner described above shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the settlement and any other matters pertaining to the Lawsuit.

## VIII.   ADDITIONAL INFORMATION

This notice summarizes the proposed settlement. For the precise terms and conditions of the settlement, please see the settlement agreement available at http://www.tacobellclassaction.com and http://www.creeclaw.org, by contacting Class Counsel at 1-888-461-9191, by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Suite 400 S, Oakland, California 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S**

**OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

**California Corporate Restaurants**

| Restaurant Number | Address | City |
|---|---|---|
| 17435 | 2676 Mt Vernon Avenue | Bakersfield |
| 4168 | 6119 Niles Street | Bakersfield |
| 4356 | 7880 White Lane | Bakersfield |
| 4510 | "2300 ""H"" St" | Bakersfield |
| 4578 | 3315 Union Ave | Bakersfield |
| 3207 | 3799 Rosedale Highway | Bakersfield |
| 27634 | 139 South Oswell St. | Bakersfield |
| 15362 | 1877 White Lane | Bakersfield |
| 15455 | 3200 California Avenue | Bakersfield |
| 4054 | 4675 Ming Ave | Bakersfield |
| 15573 | 551 Weedpatch Hwy | Bakersfield |
| 22460 | 9640 Hageman Rd. | Bakersfield |
| 26836 | 3707 Coffee Rd. | Bakersfield |
| 20190 | 3300 Panama Lane | Bakersfield |
| 24402 | 3300 Buena Vista Rd - Bldg I | Bakersfield |
| 20578 | 15 South H Street | Bakersfield |
| 21226 | 2433 N. Chester Avenue | Bakersfield |
| 17751 | 5121 Olive Drive | Bakersfield |
| 16276 | 303 West Imperial Highway | Brea |
| 4342 | 4200 Chino Hills Pkwy | Chino Hills |
| 2700 | 131 E Orangethorpe Ave | Fullerton |
| 9489 | 3000 E. Yorba Linda Blvd | Fullerton |

| 3420 | 3317 W. Florida | Hemet |
| 27505 | 4101 Campus Dr. | Irvine |
| 3904 | 2222 Barranca | Irvine |
| 5636 | 15006 S La Mirada | La Mirada |
| 3196 | 23651 Rockfield | Lake Forest |
| 19532 | 30115 Antelope Road | Menifee |
| 2984 | 27770 Snta Margarita Pkwy | Mission Viejo |
| 5081 | 39557 Los Alamos Rd. | Murrieta |
| 22691 | 39056 Winchester Rd. | Murrieta |
| 26788 | 24660 Madison Avenue | Murrieta |
| 4704 | 4101 Jamboree Rd | Newport Beach |
| 3222 | 2246 S Grand  Tb-ph 2n1 | Santa Ana |
| 20310 | 2500 N. Main | Santa Ana |
| 19744 | 10551 Carmenita Rd | Santa Fe Springs |
| 17984 | 31677 Hwy. 79 South | Temecula |
| 19515 | 41005 Winchester Rd. | Temecula |
| 17471 | 14042 Red Hill | Tustin |
| 9414 | 3010 El Camino Real Tustin Mktpl | Tustin |
| 3555 | 22300 Old Canal Road | Yorba Linda |